**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

WSOU INVESTMENTS, LLC d/b/a BRAZOS
LICENSING AND DEVELOPMENT,

                Plaintiff,

     v.

DELL TECHNOLOGIES INC., DELL INC.,
AND EMC CORPORATION,

                Defendants.

Case No. 6:20-cv-00475-ADA

**JURY TRIAL DEMANDED**

## <u>DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ...............................................................................................1

II.    BACKGROUND ................................................................................................1

       A.    The '888 Patent .................................................................................. 1

       B.    Plaintiff's Infringement Allegations .................................................. 4

III.   LEGAL STANDARD..........................................................................................5

       A.    Direct Infringement............................................................................ 5

       B.    Induced and Contributory Infringement ............................................ 6

IV.    ARGUMENT ......................................................................................................7

       A.    Plaintiff Fails to State a Claim for Direct Infringement of the '888
             Patent................................................................................................. 7

             1.    Plaintiff Fails to Allege Actual Performance of the Claimed Method ........... 7

             2.    Plaintiff's Untethered Factual Allegations Provide No Basis to Infer
                   Practice of the Claimed Method.................................................. 8

       B.    Plaintiff Fails to State a Claim for Induced and Contributory
             Infringement.................................................................................... 11

             1.    Plaintiff's Indirect Infringement Claims Fail Without Direct
                   Infringement ................................................................................ 11

             2.    Plaintiff Fails to Allege the Requisite Knowledge for Indirect
                   Infringement ................................................................................ 11

             3.    Plaintiff Fails to Allege the Requisite Specific Intent for Induced
                   Infringement ................................................................................ 13

             4.    Plaintiff Fails to Allege the Requisite Lack of Substantial Non-
                   Infringing Uses for Contributory Infringement............................ 14

V.     CONCLUSION................................................................................................15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...................................................................6, 13

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..............6, 7, 13

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ......................11, 12

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ...................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................5, 6, 8

*Atlas IP, LLC v. S. Co.*,
No. 17-20273-CIV, 2017 WL 4993378 (S.D. Fla. June 28, 2017)...........................10

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
C 11–04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012)...........................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................5

*Bell v. Crawford Indep. Sch. Dist.*,
No. 6:19-CV-268-ADA, 2020 WL 5370592 (W.D. Tex. Feb. 13, 2020)................................9

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012)...........................................................12, 13

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ................................8

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)...........................................................................6, 11

*Data Engine Techs. LLC v. Google LLC*,
906 F.3d 999 (Fed. Cir. 2018)...................................................................3

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)...............................................6, 8

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018).......................................14

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006)..........................................................................13

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
  909 F.3d 398 (Fed. Cir. 2018)........................................................................6, 11

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014)............................................................................8

*Finjan, Inc. v. Secure Computing Corp.*,
  626 F.3d 1197 (Fed. Cir. 2010)............................................................................7

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010)............................................................................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)..............................................................................................6

*Hypermedia Navigation LLC v. Google LLC*,
  No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)................14

*Insuremax Ins. Agencies, Inc. v. AEA Ins. Agencies, Inc.*,
  No. SA-13-CA-317-FB, 2014 WL 12481353 (W.D. Tex. Nov. 6, 2014),
  *report and recommendation adopted*, 2014 WL 12481354 (W.D. Tex. Dec. 3,
  2014) ......................................................................................................................3

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
  870 F.3d 1320 (Fed. Cir. 2017)........................................................................6, 11

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993)..................................................................................8

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ...............................................................................6

*Ormco Corp. v. Align Tech., Inc.*,
  463 F.3d 1299 (Fed. Cir. 2006)............................................................................8

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).....................13, 14

iii

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Parus Holdings Inc. v. Apple Inc.*,
    No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex.
    Feb. 20, 2020) ..................................................................................................................12

*Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*,
    No. AU-16-CA-00687-SS, 2018 WL 3014421 (W.D. Tex. Apr. 6, 2018).............................7

*Proxyconn Inc. v. Microsoft Corp.*,
    No. SACV 11-1681-DOC-ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012)...................13

*Redding v. Swanton*,
    No. 1-16-CV-01153-ADA, 2020 WL 4572696 (W.D. Tex. Aug. 7, 2020) ............................9

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010)........................................................................................12

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| '888 patent | U.S. Patent No. 7,453,888 |
| Accused Products | Force 10 Networks' MXL switches |
| Complaint or Compl. | Complaint (D.I. 1). |
| Defendants | Dell Technologies Inc., Dell Inc. and EMC Corporation |
| Gai | U.S. Patent No. 6,678,241 |
| PVST | Per-VLAN Spanning Tree |
| VLAN | Virtual Local Area Networks |
| VLAN Identifier | VLAN ID |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

## I.      INTRODUCTION

Plaintiff has not plausibly alleged—and cannot plausibly allege—infringement in this case, under any theory.  At the outset, the Complaint does not even allege that the steps of the claimed method have ever been performed by anyone, at any time, instead alleging only that the Accused Products **may** be configured in an allegedly infringing manner.  That is fatal to the Complaint.

The direct infringement allegations also fail because they do not allege even potential performance of several key limitations of the claims, including those relied on to distinguish prior art during prosecution.  Plaintiff has not alleged, and cannot allege, performance of these limitations because the Accused Products simply do not work in the claimed manner.

The indirect infringement claims fare no better.  They are based on knowledge of the patent only as of the date of the Complaint, which this Court has repeatedly held is insufficient to sustain a claim of indirect infringement.  They also completely fail to allege numerous other elements of induced and contributory infringement.

The deficiencies in Plaintiff's Complaint go far beyond mere failure to plead sufficient facts.  Not only has Plaintiff failed to even properly allege infringement, but its own allegations preclude its claim.  As such, this case should be dismissed.

## II.     BACKGROUND

### A.      The '888 Patent

The '888 patent describes a method of provisioning backbone VLANS by associating "backbone VLAN IDs" with "stackable trunk ports."  *See* '888 patent, Abstract, 10:1–12.  This is depicted in Figure 3 (red annotations added):



**FIG. 3**

Plaintiff identifies claim 1, in the Complaint (*see* Compl. at ¶ 18):

1. A method of provisioning a backbone Virtual Local Area Network (VLAN) comprising:

    a. obtaining at least one backbone VLAN Identifier (ID);

    b. selecting a plurality of backbone VLAN trunks; and

    c. associating each of the backbone VLAN ID with each one of the plurality of backbone VLAN trunks by:

    c1. determining a plurality of stackable trunk ports corresponding to the plurality of backbone VLAN trunks; and

    c2. associating the backbone VLAN ID with each one of the plurality of stackable trunk ports;

[d.] wherein the selection and association of at least one backbone VLAN ID with each one of the corresponding plurality of backbone VLAN trunks is undertaken irrespective of one of an in-use and a stand-by designation of each one of the plurality of backbone VLAN trunks and each one of the plurality of stackable trunk ports.

'888 patent, Cl. 1 (bracketed reference letter added).

2

As shown above, each data switching node may have "trunk ports" that connect to "trunks" that exist "between the data switching nodes." *Id.*, 3:54–56. Data switching nodes may also have "access ports" that connect to the edge of the network, such as a computer. *Id.* Certain algorithms, called "spanning tree algorithms," are used to prevent loops in the backbone VLAN, and result in certain trunks (and trunk ports) being designated as "in-use" (shown as solid lines) and other trunks (and trunk ports) being designated as "stand-by" (shown as dashed lines). *Id.*, 2:47–55. The patent explains that the association of a backbone VLAN ID with a particular trunk port is done "regardless of the in-use/stand-by designation thereof resulting from the execution of spanning-tree algorithm(s)." *Id.*, 10:9–12. The patent also explains that "backbone VLAN identifiers" are "extended VLAN identifiers" that are distinct from standard VLAN IDs and managed by a service provider. *Id.*, 8:11–13 ("standard VLAN identifiers may be assigned by/to VLAN customers, while extended VLAN identifiers are managed by service providers"); *see id.*, 8:22–27.

During prosecution, the applicant emphasized and narrowed the requirement that the association of VLAN IDs with trunks must be performed "irrespective of . . . an in-use and a stand-by designation . . . of the plurality of backbone VLAN trunks and . . . of the plurality of stackable trunk ports." *Id.*, Cl. 1. Specifically, the claims were rejected over Gai. *See* Rosenthal Decl., Ex. A (1/8/08 Final Rejection) at 4–5.[1] The examiner explained that Gai disclosed the "irrespective" limitation in Figure 5C where "the trunk ports of physical VLANs associated with RED VLAN are undertaken irrespective of a one of an in-use or stand-by designation" (*id.*):

---

[1] On a motion to dismiss, the Court may "consider 'documents either attached to or incorporated in the complaint' and may 'take judicial notice of matters of public record' that are 'directly relevant to the issue at hand.'" *Insuremax Ins. Agencies, Inc. v. AEA Ins. Agencies, Inc.*, No. SA-13-CA-317-FB, 2014 WL 12481353, at *8 (W.D. Tex. Nov. 6, 2014), *report and recommendation adopted*, 2014 WL 12481354 (W.D. Tex. Dec. 3, 2014). "Prosecution histories constitute public records." *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018).

| | | | 510 |
|---|---|---|---|
| 512 | 514 | 516 | |
| LOGICAL VLAN | PHYSICAL VLAN | STATE | |
| 1 (RED) | 10 (VIOLET) | UNUSABLE | |
| | 11 (PURPLE) | ACTIVE → UNUSABLE | ~518 |
| | 12 (MAGENTA) | STAND-BY | |
| | 13 (ORANGE) | STAND-BY → ACTIVE | ~520 |
| 2 (BLUE) | 14 (BROWN) | ACTIVE | |
| | 15 (ROSE) | STAND-BY | |
| | 16 (GRAY) | STAND-BY | |
| 3 (YELLOW) | 17 (CYAN) | STAND-BY | |
| | 18 (CRIMSON) | UNUSABLE | |
| | 19 (SILVER) | STAND-BY | |
| | 20 (SEA GREEN) | ACTIVE | |
| 4 (GREEN) | 21 (TURQUOISE) | STAND-BY | |
| | 22 (WHITE) | ACTIVE | |
| | 23 (OLIVE) | STAND-BY | |

FIG. 5C

(Rosenthal Decl., Ex. B, Gai, Fig. 5C).  The applicant distinguished Gai stating that:

> [T]he association of a backbone VLAN ID with a corresponding plurality of backbone VLAN trunks is carried out <u>without any consideration</u> of whether the backbone VLAN trunks are designated as in-use or standby.  The backbone VLAN trunks may each already have a designation of in-use or standby, but the provisioning methods of the present claims ignore those designations when associating the backbone VLAN IDs with the backbone VLAN trunks.  ***This is completely contrary to the backup method taught by Gai, which during association of VLANs with trunks explicitly designates one of the physical VLANs associated with a logical VLAN as in-use and explicitly designates one or more other physical VLANs associated with the logical VLAN as back-up.***

Rosenthal Decl., Ex. C (6/9/08 Applicant Remarks) at 11 (underlining in original) (bolding and italics emphasis added).  Thus, the applicant explained that the "irrespective" limitation requires not only that all trunk ports (whether in-use or standby) must be associated with backbone VLAN IDs, but also that the selection of *which* VLAN ID is associated with a particular trunk port is done without considering whether the trunk port is in-use or standby.  *See id.*

**B.    Plaintiff's Infringement Allegations**

Plaintiff accuses Defendants of direct infringement of claim 1 of the '888 patent based on allegedly making, using, or selling networking switches, including the Force 10 MXL switches.  *See* Compl. at ¶¶ 13, 19.

4

Plaintiff's indirect infringement allegations amount to three sentences that parrot the legal elements and two website links that fail to support Plaintiff's claims. *See id.* at ¶¶ 20–22. These allegations lack any factual basis and fail to even allege that Defendants had knowledge of the patent and knowledge of the infringement ***before*** Plaintiff filed suit. *See id.* To make matters worse, the two website links that Plaintiff attempts to use to support the induced infringement claim do not even address the Accused Products. The first website redirects to a website discussing Dell's EqualLogic PS-M4110 Blade Storage product[2] (not the Accused Products) and the second web address yields a 404 error.[3] *See id.* at ¶ 21.

## III. LEGAL STANDARD

### A. Direct Infringement

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[2]  The Complaint cites http://bladesmadesimple.com/wpcontent/uploads/2017/05/Deploying the Dell Force10 MXL on a Cisco Nexus Network v 1 1.pdf which redirects to http://www.bladesmadesimple.com/2012/08/deploying-the-dell-equallogic-ps-m4110-blade-storage/ when opened. (last accessed on October 4, 2020). If one copies the cited address into a web browser, the website notes that the resource cannot be found.

[3]  The Complaint cites https://i.dell.com/sites/csdocuments/Shared-Content_data-Sheets_Documents/en/SS804_Dell_ForceIO_MXL.pdf, which generates an error when opened. (last accessed on October 4, 2020)

statements, do not suffice." *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."). For a claim of patent infringement, the complaint must—at a minimum— plead facts that describe how the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

### B. Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both induced and contributory infringement, plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## IV.    ARGUMENT

### A.    Plaintiff Fails to State a Claim for Direct Infringement of the '888 Patent

Plaintiff has not stated, and cannot state, a claim of direct infringement for the '888 patent for two fundamental reasons:  (1) Plaintiff wholly fails to even allege that anyone has actually performed the claimed method; and (2) Plaintiff's Complaint lacks any factual basis to allege that the Accused Products can perform key claim elements.

#### 1.    Plaintiff Fails to Allege Actual Performance of the Claimed Method

Plaintiff's Complaint should be dismissed because it does not allege—let alone plausibly allege—that anyone has actually performed each and every limitation of Cl. 1 of the '888 patent. Plaintiff alleges only that:  (1) "[t]he Accused Products ***may configure*** a trunk port so that a numbered tag is inserted in each ethernet frame to keep the traffic of different VLANs from mixing"; (2) "[t]he Accused Products ***may configure*** all the trunk ports participating in VLANs when the port is in a standby state"; and (3) "[t]he configured trunk port ***may be enabled*** to begin forwarding traffic as soon as its link is active."  Compl. at ¶¶ 15, 17 (emphasis added).  The law is clear:  "To infringe a method or process claim, a person ***must have practiced all steps*** of the claimed method."  *Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*, No. AU-16-CA-00687-SS, 2018 WL 3014421, at *3 (W.D. Tex. Apr. 6, 2018) (emphasis added); *see also Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1206 (Fed. Cir. 2010) (same).  Allegations that a product ***may*** be configured in a certain way do not support an inference that Defendants actually practice the

claimed method. *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774–75 (Fed. Cir. 1993) ("[A] method claim is not directly infringed by the sale of an apparatus ***even though it is capable of performing only the patented method***.  The sale of the apparatus is not a sale of the method.  A ***method claim is directly infringed only by one practicing the patented method***.") (emphasis added); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014).

## 2.    Plaintiff's Untethered Factual Allegations Provide No Basis to Infer Practice of the Claimed Method

Plaintiff's allegations are insufficient to plead direct infringement because they merely consist of a number of untethered allegations about potential configurations of the Accused Products, followed by conclusory allegations of infringement.  *See De La Vega*, 2020 WL 3528411, at *2 ("Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Iqbal*, 556 U.S. at 678); *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (holding that conclusory statements without accompanying factual allegations are insufficient to pass the *Iqbal/Twombly* standard).

In its disconnected allegations about the Accused Products, the Complaint fails even to allege that the Accused Products can—even if properly configured—meet multiple limitations of the claims.  For example, Plaintiff fails to plausibly assert that a backbone VLAN ID is obtained or associated with a selected plurality of backbone VLAN trunks.  *See* '888 patent, Cl. 1 (limitations 1a, 1b, and 1c).  Plaintiff's conclusory allegations only generally state that "[t]he Accused Products ***may*** configure a trunk port so that a ***numbered tag*** is inserted in each ethernet frame to keep the traffic of different VLANs from mixing."  Compl. at ¶ 15 (emphasis added).

And there is no allegation that this "numbered tag" is even a VLAN ID, let alone the required backbone VLAN ID—i.e., an extended VLAN identifier that is managed by a service provider and is independent of a standard VLAN ID. *See supra* § II.A; '888 patent at 8:22–27. Plaintiff also fails to allege that a backbone VLAN ID is associated "with each one of the plurality of backbone VLAN trunks by: [] determining a plurality of stackable trunk ports corresponding to the plurality of backbone VLAN trunks . . . and . . . associating the" numbered tag with "each one of the plurality of stackable trunk ports." '888 patent, Cl. 1 (limitations c1 and c2). Instead, Plaintiff asserts only that "Accused Products running Per-VLAN Spanning Tree (PVST) configure their trunk ports appropriately." Compl. at ¶ 15. These general conclusory allegations are speculative and plainly insufficient. *See Redding v. Swanton*, No. 1-16-CV-01153-ADA, 2020 WL 4572696, at *4 (W.D. Tex. Aug. 7, 2020) ("The Supreme Court is no-nonsense about pleading specificity requirements. . . . Plaintiffs cannot satisfy the requirement in *Iqbal* to plead facts rising above the speculative level . . . ."); *Bell v. Crawford Indep. Sch. Dist.*, No. 6:19-CV-268-ADA, 2020 WL 5370592, at *5 (W.D. Tex. Feb. 13, 2020) (dismissing claim for failing to allege "right to relief above the speculative level as required by *Twombly*").

Likewise, Plaintiff fails to even allege that the Accused Products can be configured to select and associate a "backbone VLAN ID with each one of the corresponding plurality of backbone VLAN trunks . . . ***irrespective of one of an in-use and a stand-by designation*** of each one of the plurality of backbone VLAN trunks and each one of the plurality of stackable trunk ports." '888 patent, Cl. 1 (limitation 1[d]) (emphasis added). Plaintiff's allegations that "[t]he Accused Products may configure all the trunk ports participating in VLANs when the port is in a standby state" and that "[t]he configured trunk port may be enabled to begin forwarding traffic as soon as its link is active" are not enough to meet this limitation for two reasons. Compl. at ¶ 17.

*First*, Plaintiff's allegations imply—at most—that both in-use and standby trunk ports are provisioned.  But the applicant argued that merely provisioning both in-use and standby ports is not enough to meet the "irrespective" claim limitation.  *See supra* § II.A.  Instead, the claims require that the selection of **which** backbone VLAN ID is associated with a particular trunk port be done without consideration of whether the trunk port is in-use or standby.  *Id.*  There is no allegation whatsoever in the Complaint that the Accused Products assign VLAN IDs without consideration to whether a trunk port is in-use or standby.  Plaintiff has not made such an allegation because it cannot; the Accused Products simply do not work that way.

*Second*, Plaintiff's own allegations demonstrate non-infringement.  In alleging that "[t]he configured trunk port may be enabled to begin forwarding traffic as soon as its link is active," the Complaint relies on the "spanning-tree pvst edge port command."  Compl. at ¶ 17.  But Plaintiff's own citation makes clear that this command **cannot** be used on trunk ports:  "The 'spanning-tree pvst edge-port' command should only be run on ports that will connect to servers or other end nodes **and never on ports that will connect to other switches**."  *Id.* (emphasis added).  The patent defines trunk ports to be those that connect switching nodes to each other, and distinguishes them from access ports.  *See* '888 patent, 3:54–56 ("The access ports are connected to access links to the customer LANs and the trunk ports are connected to the data transport trunks [] between the data switching nodes.") (numerical figure references omitted).  Thus, Plaintiff's allegations should also be dismissed because they contradict the requirement of claim 1 that the provision method be performed on "trunk ports" and thus fail to plausibly allege that the Accused Products can be configured to meet the "irrespective" limitation.  *See Atlas IP, LLC v. S. Co.*, No. 17-20273-CIV, 2017 WL 4993378, at *8 (S.D. Fla. June 28, 2017) (dismissing complaint where plaintiffs' own allegations contradicted a claim limitation because "[a]s Plaintiff has described the Accused

Products, they are either dysfunctional or incapable of practicing the [claim limitation]").

       **B.**    **Plaintiff Fails to State a Claim for Induced and Contributory Infringement**

       Plaintiff's indirect infringement claims are deficient and should be dismissed.  As an initial matter, Plaintiff's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement.  Beyond that failing, Plaintiff has failed to plead any knowledge by Defendants of the patent, or knowledge by Defendants of alleged infringement, ***prior*** to the filing of this action.  Plaintiff also fails to plead a specific intent to induce infringement.  And Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses.  Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

            **1.**    **Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement**

       Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement.  *See supra* § IV.A.  It is axiomatic that "[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement . . . ."  *Enplas*, 909 F.3d at 407 (citations omitted); *see also Intellectual Ventures*, 870 F.3d at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement . . . .").  As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement, and these claims should be dismissed.

             **2.**    **Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement**

       Plaintiff's indirect infringement claims fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement."  *Commil*, 135 S. Ct. at 1926.  As courts in this District have held, the knowledge requirements for indirect infringement require ***pre-suit*** knowledge.  *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of

[plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, Plaintiff's sole allegation of knowledge of the patent is a conclusory statement that "Defendants have received notice and actual or constructive knowledge of the '888 patent *since at least the date of service of this Complaint*." Compl. at ¶ 20 (emphasis added).[4] This Court has rejected identical allegations of knowledge. For example, in *Parus*, this Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent *since at least the filing of the original complaint*." *Parus*, No. 6:19-cv-432, at D.I. 28 (Amended Compl.) at ¶ 44 (emphasis added); *see id.* at Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims). Like the allegations in *Parus*, Plaintiff fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *Aguirre*, 2011 WL 2471299, at *3; *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("Also, because notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in Global–Tech that an allegation of knowledge of the patent is required to state a claim for induced infringement.").[5]

_____

[4] Plaintiff's allegation of knowledge of infringement is likewise deficient as it alleges such knowledge only "[s]ince at least the date of service of this Complaint." Compl. at ¶ 22; *see, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent" (D.I. 28 (Amended Compl.), ¶ 44)).

[5] Other courts similarly have held that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Avocet Sports Tech., Inc. v.*

###### 3.    Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities***.'"  *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)) (emphasis added).  Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and two website citations.[6]  *See* Compl. at ¶ 21.  Such conclusory allegations fail to present facts that demonstrate:  (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent.  *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient").  To support specific intent, Plaintiff must include specific

---

*Garmin Int'l, Inc.*, C 11–04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC-ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012); *Brandywine*, 912 F. Supp. 2d at 1345 ("The weight of authority addressing the knowledge required for indirect infringement . . . requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit.").

[6]  As addressed above, Plaintiff's cited websites do not even address the Accused Product.  *See supra* § II.B.

allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[7]

Plaintiff's inducement claim should be dismissed because the Complaint is entirely silent on a key requirement of induced infringement.

### 4.  Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citations omitted). Plaintiff has pled a lack of substantial non-infringing uses because it and cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Compl. at ¶ 22. As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Furthermore, Plaintiff cannot plead facts to support these elements because the Accused Products may be configured to not use spanning tree protocols or VLAN tagging at all, both of which are central to Plaintiff's infringement allegations. In fact, both these features are disabled by default.

---

[7] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint.") (emphasis in original); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

## V.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend.  Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

Dated:  October 5, 2020          By:  */s/ Barry K. Shelton* _____

Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX  78734-4775
Telephone:  512.263.2165
Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

16

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 5th day of October 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*

Barry K. Shelton