**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | Case No. 6:20-cv-00475-ADA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND ....................................................................................................1

       A.    The '888 Patent ..........................................................................................1

       B.    Plaintiff's Infringement Allegations...........................................................4

III.   LEGAL STANDARD.............................................................................................5

       A.    Direct Infringement ....................................................................................5

       B.    Induced and Contributory Infringement .....................................................6

IV.    ARGUMENT ..........................................................................................................7

       A.    Plaintiff Fails to State a Claim for Direct Infringement of the '888 Patent .............7

             1.    Plaintiff Fails to Allege Actual Performance of the Claimed Method..............7

             2.    Plaintiff's Untethered Factual Allegations Provide No Basis to Infer Practice of the Claimed Method ...........................................................8

       B.    Plaintiff Fails to State a Claim for Induced and Contributory Infringement...........11

             1.    Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement....11

             2.    Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement .12

             3.    Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement..................................................................................14

             4.    Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement .......................................................15

V.     CONCLUSION.......................................................................................................16

i

## TABLE OF AUTHORITIES

Page(s)

CASES

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...................................................................6, 15

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .............................6, 7, 15

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ............................12

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ...................................................................15, 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................5, 8, 9

*Atlas IP, LLC v. S. Co.*,
No. 17-20273-CIV, 2017 WL 4993378 (S.D. Fla. June 28, 2017).................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................5, 8

*Bell v. Crawford Indep. Sch. Dist.*,
No. 6:19-CV-268-ADA, 2020 WL 5370592 (W.D. Tex. Feb. 13, 2020)..............................9

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012) .........................................................14

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ..........................8

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)...............................................................................6, 12

*Data Engine Techs. LLC v. Google LLC*,
906 F.3d 999 (Fed. Cir. 2018)........................................................................3

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)...................................................6, 8

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018)..............................15

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)................................................................................14

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
   C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020)....................13

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
   909 F.3d 398 (Fed. Cir. 2018)..........................................................................6, 11

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014)..............................................................................8

*Finjan, Inc. v. Secure Computing Corp.*,
   626 F.3d 1197 (Fed. Cir. 2010)..............................................................................7

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)..............................................................................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)................................................................................................6

*Golden v. Apple Inc.*,
   819 F. App'x 930 (Fed. Cir. 2020) ........................................................................8

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)..................15

*Insuremax Ins. Agencies, Inc. v. AEA Ins. Agencies, Inc.*,
   No. SA-13-CA-317-FB, 2014 WL 12481353 (W.D. Tex. Nov. 6, 2014),
   *report and recommendation adopted*, 2014 WL 12481354 (W.D. Tex. Dec. 3,
   2014) ......................................................................................................................3

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017)........................................................................6, 11

*Joy Techs., Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993)....................................................................................7

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) .................................................................................5

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
   No. 6:14-CV-1017-ORL-22, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015)........13

*Ormco Corp. v. Align Tech., Inc.*,
   463 F.3d 1299 (Fed. Cir. 2006)..............................................................................8

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ..................... 14, 15

*Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*,
    No. AU-16-CA-00687-SS, 2018 WL 3014421 (W.D. Tex. Apr. 6, 2018) ............................... 7

*Proxyconn Inc. v. Microsoft Corp.*,
    No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ................... 13

*Redding v. Swanton*,
    No. 1-16-CV-01153-ADA, 2020 WL 4572696 (W.D. Tex. Aug. 7, 2020) ............................ 9

*Simplivity Corp. v. Springpath, Inc.*,
    No. CV 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016) ............................... 14

*VLSI Tech. LLC v. Intel Corp.*,
    C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ....................................... 12

**RULES**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................................... 5

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '888 patent | U.S. Patent No. 7,453,888 |
| Accused Products | Force 10 Networks' MXL switches |
| Amended Complaint or Am. Compl. | First Amended Complaint For Patent Infringement (D.I. 34) |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| Gai | U.S. Patent No. 6,678,241 |
| Original Complaint or Original Compl. | Original Complaint For Patent Infringement (D.I. 1) |
| PVST | Per-VLAN Spanning Tree |
| VLAN | Virtual Local Area Networks |
| VLAN Identifier | VLAN ID |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

## I.     INTRODUCTION

Plaintiff has not plausibly alleged—and cannot plausibly allege—infringement in this case, under any theory.  At the outset, the Amended Complaint does not plausibly allege that the steps of the claimed method have ever been performed by anyone at any time, instead alleging in the most conclusory terms that "upon information and belief" the method has been performed.

The direct infringement allegations also fail because they do not allege even ***potential*** performance of several key limitations of the claims, including those relied on to distinguish prior art during prosecution.  Plaintiff has not alleged, and cannot allege, performance of these limitations because the Accused Products simply do not work in the claimed manner.

The indirect infringement allegations fare no better.  Plaintiff's Original Complaint alleged knowledge of the patent only as of the date of the Complaint, which this Court has repeatedly held is insufficient to sustain a claim of indirect infringement.  The Amended Complaint tries—and fails—to circumvent that clear rule by alleging knowledge based on a complaint Plaintiff earlier filed and dismissed before filing the present case.  Neither basis is sufficient; Plaintiff still has not adequately alleged pre-suit knowledge of the patent.  The indirect allegations also fail to allege other requisite elements of induced and contributory infringement.

The deficiencies in Plaintiff's Amended Complaint go far beyond mere failure to plead sufficient facts.  Not only has Plaintiff failed to even properly allege infringement, but its own allegations preclude its claim.  As such, Defendants respectfully request that this case be dismissed.

## II.    BACKGROUND

### A.     The '888 Patent

The '888 patent describes a method of provisioning backbone VLANS by associating "backbone VLAN IDs" with "stackable trunk ports."  *See* '888 patent, Abstract, 10:1–12.  This is depicted in Figure 3 (red annotations added):



FIG. 3

Plaintiff identifies claim 1, in the Amended Complaint (¶ 18):

1. A method of provisioning a backbone Virtual Local Area Network (VLAN) comprising:

a. obtaining at least one backbone VLAN Identifier (ID);

b. selecting a plurality of backbone VLAN trunks; and

c. associating each of the backbone VLAN ID with each one of the plurality of backbone VLAN trunks by:

c1. determining a plurality of stackable trunk ports corresponding to the plurality of backbone VLAN trunks; and

c2. associating the backbone VLAN ID with each one of the plurality of stackable trunk ports;

[d.] wherein the selection and association of at least one backbone VLAN ID with each one of the corresponding plurality of backbone VLAN trunks is undertaken irrespective of one of an in-use and a stand-by designation of each one of the plurality of backbone VLAN trunks and each one of the plurality of stackable trunk ports.

'888 patent, Cl. 1 (bracketed reference letter added).

2

As shown above, each data switching node may have "trunk ports" that connect to "trunks" that exist "between the data switching nodes." *Id.*, 3:54–56. Data switching nodes may also have "access ports" that connect to the edge of the network, such as a computer. *Id.* Certain algorithms, called "spanning tree algorithms," are used to prevent loops in the backbone VLAN, and result in certain trunks (and trunk ports) being designated as "in-use" (shown as solid lines) and other trunks (and trunk ports) being designated as "stand-by" (shown as dashed lines). *Id.*, 2:47–55. The patent explains that the association of a backbone VLAN ID with a particular trunk port is done "regardless of the in-use/stand-by designation thereof resulting from the execution of spanning-tree algorithm(s)." *Id.*, 10:9–12. The patent also explains that "backbone VLAN identifiers" are "extended VLAN identifiers" that are distinct from standard VLAN IDs and managed by a service provider. *Id.*, 8:11–13 ("standard VLAN identifiers may be assigned by/to VLAN customers, while extended VLAN identifiers are managed by service providers"); *see id.*, 8:22–27.

During prosecution, the applicant emphasized and narrowed the requirement that the association of VLAN IDs with trunks must be performed "irrespective of . . . an in-use and a stand-by designation . . . of the plurality of backbone VLAN trunks and . . . of the plurality of stackable trunk ports." *Id.*, Cl. 1. Specifically, the claims were rejected over Gai. *See* Rosenthal Decl., Ex. A (1/8/08 Final Rejection) at 4–5.[1] The examiner explained that Gai disclosed the "irrespective" limitation in Figure 5C where "the trunk ports of physical VLANs associated with RED VLAN are undertaken irrespective of a one of an in-use or stand-by designation" (*id.*):

---

[1] On a motion to dismiss, the Court may "consider 'documents either attached to or incorporated in the complaint' and may 'take judicial notice of matters of public record' that are 'directly relevant to the issue at hand.'" *Insuremax Ins. Agencies, Inc. v. AEA Ins. Agencies, Inc.*, No. SA-13-CA-317-FB, 2014 WL 12481353, at *8 (W.D. Tex. Nov. 6, 2014), *report and recommendation adopted*, 2014 WL 12481354 (W.D. Tex. Dec. 3, 2014). "Prosecution histories constitute public records." *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018).

| LOGICAL VLAN (512) | PHYSICAL VLAN (514) | STATE (516) |
|---|---|---|
| 1 (RED) | 10 (VIOLET) | UNUSABLE |
|  | 11 (PURPLE) | ACTIVE → UNUSABLE |
|  | 12 (MAGENTA) | STAND-BY |
|  | 13 (ORANGE) | STAND-BY → ACTIVE |
| 2 (BLUE) | 14 (BROWN) | ACTIVE |
|  | 15 (ROSE) | STAND-BY |
|  | 16 (GRAY) | STAND-BY |
| 3 (YELLOW) | 17 (CYAN) | STAND-BY |
|  | 18 (CRIMSON) | UNUSABLE |
|  | 19 (SILVER) | STAND-BY |
|  | 20 (SEA GREEN) | ACTIVE |
| 4 (GREEN) | 21 (TURQUOISE) | STAND-BY |
|  | 22 (WHITE) | ACTIVE |
|  | 23 (OLIVE) | STAND-BY |

FIG. 5C

(Rosenthal Decl., Ex. B, Gai, Fig. 5C). The applicant distinguished Gai stating that:

> [T]he association of a backbone VLAN ID with a corresponding plurality of backbone VLAN trunks is carried out <u>without any consideration</u> of whether the backbone VLAN trunks are designated as in-use or standby. The backbone VLAN trunks may each already have a designation of in-use or standby, but the provisioning methods of the present claims ignore those designations when associating the backbone VLAN IDs with the backbone VLAN trunks. ***This is completely contrary to the backup method taught by Gai, which during association of VLANs with trunks explicitly designates one of the physical VLANs associated with a logical VLAN as in-use and explicitly designates one or more other physical VLANs associated with the logical VLAN as back-up.***

Rosenthal Decl., Ex. C (6/9/08 Applicant Remarks) at 11 (underlining in original) (bolding and italics added). Thus, the applicant explained that the "irrespective" limitation requires not only that all trunk ports (whether in-use or standby) must be associated with backbone VLAN IDs, but also that the selection of *which* VLAN ID is associated with a particular trunk port is done without considering whether the trunk port is in-use or standby. *See id.*

## B. Plaintiff's Infringement Allegations

Plaintiff accuses Defendants of direct infringement of claim 1 of the '888 patent based on allegedly making, using, or selling networking switches, including the Force 10 MXL switches.

*See* Am. Compl. at ¶¶ 13, 18.[2]

Plaintiff's indirect infringement allegations in its Original Complaint amounted to three sentences that parrot the legal elements and two website links that fail to support Plaintiff's claims. *See* Original Compl. at ¶¶ 20–22. Those allegations completely failed to allege that Defendants had knowledge of the patent and knowledge of the infringement ***before*** Plaintiff filed suit. *See id.*

Plaintiff's Amended Complaint fails to fix the deficiencies in the Original Complaint. Plaintiff now alleges knowledge of the patent based on the filing, and dismissal, of an earlier complaint—which was not served—asserting the same patent. *See* Am. Compl. at ¶ 20.

## III.   LEGAL STANDARD

### A.   Direct Infringement

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th

---

[2]   Plaintiff's direct infringement allegations in its Amended Complaint are nearly identical to its Original Complaint. The only difference is an addition of a conclusory sentence that "upon information and belief, each and every element of at least claim 1 of the '888 Patent is performed or practiced by Defendants at least through Defendants' own use and configuration of its own Accused Products, and/or through Defendants' own testing and configuration of its own Accused Products, and/or through Defendants' providing services for its Accused Products, including but not limited to providing installation, deployment, support, and configuration of its Accused Products." Am. Compl. at ¶ 18; *see* Rosenthal Decl., Ex. D (Redline comparison of Original and Amended Complaint).

Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."). For a claim of patent infringement, the complaint must—at a minimum—plead facts that describe how the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

## B.   Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both induced and contributory infringement, plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no

6

substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## IV.   ARGUMENT

### A.   Plaintiff Fails to State a Claim for Direct Infringement of the '888 Patent

Plaintiff has not stated, and cannot state, a claim of direct infringement for the '888 patent for two fundamental reasons:  (1) Plaintiff wholly fails to allege that anyone has actually performed the claimed method; and (2) Plaintiff's Amended Complaint lacks any factual basis to allege that the Accused Products can perform key claim elements.

#### 1.   Plaintiff Fails to Allege Actual Performance of the Claimed Method

Plaintiff's Amended Complaint should be dismissed because it does not plausibly allege that anyone has actually performed each and every limitation of claim 1 of the '888 patent. Plaintiff alleges only that:  (1) "[t]he Accused Products *may configure* a trunk port so that a numbered tag is inserted in each ethernet frame to keep the traffic of different VLANs from mixing"; (2) "[t]he Accused Products *may configure* all the trunk ports participating in VLANs when the port is in a standby state"; and (3) "[t]he configured trunk port *may be enabled* to begin forwarding traffic as soon as its link is active."  Am. Compl. at ¶¶ 15, 17 (emphasis added).  The law is clear:  "To infringe a method or process claim, a person *must have practiced all steps* of the claimed method."  *Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*, No. AU-16-CA-00687-SS, 2018 WL 3014421, at *3 (W.D. Tex. Apr. 6, 2018) (emphasis added); *see also Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1206 (Fed. Cir. 2010) (same).  Allegations that a product *may* be configured in a certain way do not support an inference that Defendants actually practice the claimed method. *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774–75 (Fed. Cir. 1993) ("[A] method claim is not directly infringed by the sale of an apparatus *even though it is capable of performing*

*only the patented method*.  The sale of the apparatus is not a sale of the method.  A ***method claim is directly infringed only by one practicing the patented method***.") (emphasis added); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014).

Moreover, Plaintiff's conclusory statement that "upon information and belief, each and every element of at least claim 1 of the '888 Patent is performed or practiced by Defendants" does not cure this failure.  Am. Compl. at ¶ 18.  As the Federal Circuit has held, "a court must dismiss a complaint if it fails to allege 'enough facts to state a claim to relief that is plausible on its face'"; this "'facial plausibility'" requires "'more than labels and conclusions.'"  *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020) (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's allegations are precisely the "conclusory formulaic recitations" the law does not allow.  *Id.* (affirming dismissal where the complaint "merely states that 'at least one of the defendants named in this complaint has infringed . . . the '287 patent,'" and fails to point "to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant").

## 2.   Plaintiff's Untethered Factual Allegations Provide No Basis to Infer Practice of the Claimed Method

Plaintiff's allegations are insufficient to plead direct infringement because they merely consist of a number of untethered allegations about potential configurations of the Accused Products, followed by conclusory allegations of infringement.  *See De La Vega*, 2020 WL 3528411, at *2 ("Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Iqbal*, 556 U.S. at 678); *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (holding that conclusory statements without accompanying factual allegations are insufficient to pass the *Iqbal/Twombly*

standard).

In its disconnected allegations about the Accused Products, the Amended Complaint fails to allege that the Accused Products can—even if properly configured—meet multiple limitations of the claims. For example, Plaintiff fails to plausibly assert that a backbone VLAN ID is obtained or associated with a selected plurality of backbone VLAN trunks. *See* '888 patent, Cl. 1 (limitations 1a, 1b, and 1c). Plaintiff's conclusory allegations only generally state that "[t]he Accused Products **may** configure a trunk port so that a ***numbered tag*** is inserted in each ethernet frame to keep the traffic of different VLANs from mixing." Am. Compl. at ¶ 15 (emphasis added). And there is no allegation that this "numbered tag" is even a VLAN ID, let alone the required backbone VLAN ID—i.e., an extended VLAN identifier that is managed by a service provider and is independent of a standard VLAN ID. *See supra* § II.A; '888 patent at 8:22–27. Plaintiff also fails to allege that a backbone VLAN ID is associated "with each one of the plurality of backbone VLAN trunks by: [] determining a plurality of stackable trunk ports corresponding to the plurality of backbone VLAN trunks . . . and . . . associating the" numbered tag with "each one of the plurality of stackable trunk ports." '888 patent, Cl. 1 (limitations c1 and c2). Instead, Plaintiff asserts only that "Accused Products running Per-VLAN Spanning Tree (PVST) configure their trunk ports appropriately." Am. Compl. at ¶ 15. These general conclusory allegations are speculative and plainly insufficient. *See Redding v. Swanton*, No. 1-16-CV-01153-ADA, 2020 WL 4572696, at *4 (W.D. Tex. Aug. 7, 2020) ("The Supreme Court is no-nonsense about pleading specificity requirements. . . . Plaintiffs cannot satisfy the requirement in *Iqbal* to plead facts rising above the speculative level. . . ."); *Bell v. Crawford Indep. Sch. Dist.*, No. 6:19-CV-268-ADA, 2020 WL 5370592, at *5 (W.D. Tex. Feb. 13, 2020) (dismissing claim for failing to allege "right to relief above the speculative level as required by *Twombly*").

Likewise, Plaintiff fails to even allege that the Accused Products can be configured to select and associate a "backbone VLAN ID with each one of the corresponding plurality of backbone VLAN trunks . . . ***irrespective of one of an in-use and a stand-by designation*** of each one of the plurality of backbone VLAN trunks and each one of the plurality of stackable trunk ports." '888 patent, Cl. 1 (limitation 1[d]) (emphasis added).  Plaintiff's allegations that "[t]he Accused Products may configure all the trunk ports participating in VLANs when the port is in a standby state" and that "[t]he configured trunk port may be enabled to begin forwarding traffic as soon as its link is active" are not enough to meet this limitation for two reasons.  Am. Compl. at ¶ 17.

*First*, Plaintiff's allegations imply—at most—that both in-use and standby trunk ports are provisioned.  But the applicant argued that merely provisioning both in-use and standby ports is not enough to meet the "irrespective" claim limitation.  *See supra* § II.A.  Instead, the claims require that the selection of ***which*** backbone VLAN ID is associated with a particular trunk port be done without consideration of whether the trunk port is in-use or standby.  *Id.*  There is no allegation whatsoever in the Amended Complaint that the Accused Products assign VLAN IDs without consideration to whether a trunk port is in-use or standby.  Plaintiff has not made such an allegation because it cannot—the Accused Products simply do not work that way.

*Second*, Plaintiff's own allegations demonstrate non-infringement.  In alleging that "[t]he configured trunk port may be enabled to begin forwarding traffic as soon as its link is active," the Amended Complaint relies on the "spanning-tree pvst edge-port command."  Am. Compl. at ¶ 17. But Plaintiff's own citation makes clear that this command ***cannot*** be used on trunk ports:  "The 'spanning-tree pvst edge-port' command should only be run on ports that will connect to servers or other end nodes ***and never on ports that will connect to other switches***."  *Id.* (emphasis added). The patent defines trunk ports to be those that ***connect switching nodes to each other***, and

distinguishes them from access ports.  *See* '888 patent, 3:54–56 ("The access ports are connected via access links to the customer LANs and the trunk ports are connected to the data transport trunks between the data switching nodes.") (numerical figure references omitted).  Thus, Plaintiff's allegations should also be dismissed because they contradict the requirement of claim 1 that the provision method be performed on "trunk ports" and as a result fail to plausibly allege that the Accused Products can be configured to meet the "irrespective" limitation.  *See Atlas IP, LLC v. S. Co.*, No. 17-20273-CIV, 2017 WL 4993378, at *8 (S.D. Fla. June 28, 2017) (dismissing complaint where plaintiffs' own allegations contradicted a claim limitation because "[a]s Plaintiff has described the Accused Products, they are either dysfunctional or incapable of practicing the [claim limitation]").

### B.      Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are deficient and should be dismissed.  As an initial matter, Plaintiff's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement.  Beyond that failing, Plaintiff has further failed to adequately plead any pre-suit knowledge by Defendants of the patent, or pre-suit knowledge by Defendants of alleged infringement.  Plaintiff also fails to plead a specific intent to induce infringement.  And Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses.  Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

### 1.      Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement

Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement.  *See supra* § IV.A.  It is axiomatic that "'[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement.'"  *Enplas*, 909 F.3d at 407 (citation omitted); *see also Intellectual Ventures*, 870

F.3d at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement. . . ."). As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement, and these claims should be dismissed.

### 2. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement claims fail because they do not adequately plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA*, 135 S. Ct. at 1926. As courts in this District have held, the knowledge requirements for indirect infringement require ***pre-suit*** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement"). Moreover, this Court has held—earlier this year—that allegations of knowledge based on a prior filed complaint are not enough to overcome a motion to dismiss. *See Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (dismissing indirect infringement claims where plaintiff's only allegation of knowledge were that "Defendant Apple has had knowledge of the '431 Patent since ***at least the filing of the original complaint***" and "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement") (quoting D.I. 28 (Am. Compl.) at ¶ 44 (emphasis added)).

The Amended Complaint includes an erroneous footnote that attempts to distinguish *Aguirre* by asserting that "Delaware courts have since rejected this rule." Am. Compl. at ¶ 20, n.1. Plaintiff's statement that Delaware has rejected the pre-suit knowledge requirement is incorrect. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("[T]he complaint itself cannot serve as the basis for a defendant's actionable

knowledge."); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020) ("'The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim.  For that reason, the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement.'" (citation omitted)). In any event, *this* Court has expressly adopted the pre-suit knowledge requirement, and continues to do so.  *See, e.g., Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54.

Despite this clear precedent, Plaintiff's only allegations of knowledge are based on the filing of its prior complaint asserting the same patent, which it inexplicably dismissed:

> **In May 2020, Plaintiff filed a suit against Defendants asserting infringement of the same patent and by the same accused products** that are asserted in this case.  Plaintiff dismissed the prior suit before filing this suit.  **As a result of the prior suit, Defendants had notice and actual or constructive knowledge of their infringement of the patent-in-suit since at least May 2020, before the filing of this case**. Further, Defendants had knowledge of their infringement of the patent-in-suit before the filing of this Amended Complaint.

Am. Compl. at ¶ 20 (emphasis added).  Like the allegations in *Parus*, WSOU's allegations of knowledge are limited to references to a prior filed complaint and thus fail to state a claim for indirect infringement.  *See id.; Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54.[3]  To make matters worse, Plaintiff's May 19, 2020 complaint was **never served**, so it cannot form the basis for Defendants' knowledge.  *See* Rosenthal Decl., Ex. E (Docket for *WSOU v. Dell Inc., et al.*, No. 6-20-cv-00406) (showing dismissal prior to service of the complaint).

---

[3]  *See also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[A] complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself *or previous complaints in the same lawsuit establish the defendant's knowledge of the patent*" (emphasis added)); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-CV-1017-ORL-22, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) ("'Prior to suit' does not mean prior to the current iteration of the Complaint.").

Allowing Plaintiff to avoid the pre-suit knowledge requirement by filing a complaint, voluntarily dismissing that complaint, and refiling the same complaint two weeks later, would be at odds with the knowledge requirement itself.[4]  And, it would elevate form over substance and encourage litigants to use such a tactic to essentially eviscerate the pre-suit knowledge requirement.

Plaintiff's failure to raise a plausible inference of pre-suit knowledge of the patent and knowledge of infringement is fatal to its indirect infringement claims, and as such these claims should be dismissed.

### 3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'"  *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).  Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and two website citations.  *See* Am. Compl. at ¶ 21.  Such conclusory allegations fail to present facts that demonstrate:  (1) Defendants knew that the alleged

---

[4]  *See, e.g.*, *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("[B]ecause notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement."); *Simplicity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951, at *8 (D. Mass. July 15, 2016) ("The suggested 'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit.").

acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding Plaintiff's "generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient"). To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[5]

Plaintiff's inducement claim should be dismissed because the Amended Complaint is entirely silent on a key requirement of induced infringement.

### 4.   Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Am. Compl. at ¶ 22. As the Federal Circuit held in *Artrip*, conclusory allegations are not enough.

---

[5] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint." (emphasis in original)); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [defendant] was aware of the patents or facts to suggest that the [accused product] it supplied had no substantial noninfringing use"). Furthermore, Plaintiff cannot plead facts to support these elements because the Accused Products may be configured to not use spanning tree protocols or VLAN tagging at all, both of which are central to Plaintiff's infringement allegations.  In fact, both these features are disabled by default. Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

## V.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Amended Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend.  Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

Dated:  October 30, 2020       By:  */s/ Barry K. Shelton*
                                          Barry K. Shelton
                                          Texas State Bar No. 24055029
                                          bshelton@sheltoncoburn.com
                                          **SHELTON COBURN LLP**
                                          311 RR 620, Suite 205
                                          Austin, TX  78734-4775
                                          Telephone:  512.263.2165
                                          Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

17

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 30, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*
Barry K. Shelton