IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>Defendants. | Case No. 6:20-cv-00475-ADA<br><br>**JURY TRIAL DEMANDED** |

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE EVIDENCE ACT OF ONTARIO AND THE CANADA EVIDENCE ACT**

GREETINGS:

| 1. | Sender | The Honorable Judge Alan D Albright, District Judge<br>United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue Room 301<br>Waco, Texas 76701<br>USA |
|---|---|---|
| 2. | Authority to Whom the Request is Made | **The Ontario Superior Court of Justice**<br>393 University Avenue, 10th Floor<br>Toronto, Ontario M5G 1E6<br>Canada<br>Tel: 416-326-4230<br>Attention: Presiding Judge |

In conformity with the *Evidence Act* of Ontario, the Canada *Evidence Act*, the Federal Rule of Civil Procedure 28(b), and 28 U.S.C.A. 1781(b), the undersigned authority respectfully has the honor to submit the following request to the Ontario Superior Court of Justice, and hereby requests that the Ontario Superior Court of Justice summon the witness to whom this request is directed to

attend at such place and time as that Court shall appoint and to produce the documents in his possession, custody, or control, as set out below.

This Letter of Request is in issue from a court of competent jurisdiction, i.e., the United States District Court for the Western District of Texas ("this Court"). This Court properly has jurisdiction over these proceedings, is a competent court of law and equity, and has the power to compel the attendance of witnesses and the production of documents by individuals and corporations in its jurisdiction. The testimony and documents sought in this request pertain specifically and solely to the action, case number 6:20-cv-00475-ADA, pending before this Court. This Court issuing this Letter of Request undertakes that it is ready and willing to issue orders compelling production of materials and attendance of witnesses analogous to those requested herein for an issuing Canadian Court if such circumstance manifests.

The Ontario Superior Court of Justice properly has jurisdiction over the party to which this Letter of Request is directed as Moise Gaspard is a subject of the Ontario Superior Court of Justice by way of his residence in this jurisdiction. The Ontario Superior Court of Justice, being a competent court of law and equity, has the power to compel the attendance of witnesses and the production of documents by individuals and corporations inside of its jurisdiction. *See Evidence Act*, R.S.O. 1990, c.E.23, s. 60 and *Canada Evidence Act*, R.S.C., 1985, c. C-5, s. 46.

The evidence sought here is critical and necessary to defenses afforded to Defendants under United States patent law, is necessary to enable this Court to resolve the dispute between the parties, and without which justice cannot be served between the parties. The documents and depositions identified herein pertain directly to quantifying any alleged damages and to defenses, such as, non-infringement, invalidity (including, obviousness, secondary considerations regarding obviousness, anticipation, patent-eligibility, written description, indefiniteness, and enablement),

inequitable conduct, improper inventorship, derivation, license exhaustion, non-infringing alternatives, and failure to mark, among others. The relevance of the discovery sought is detailed with specificity in the attached Document and Oral Examination Requests. *See* Exhibit V1 and V2.

The evidence sought here is not otherwise obtainable via document or oral discovery in the United States because Plaintiff is a non-practicing patent acquisition entity that only recently acquired U.S. Patent No. 7,453,888 ("the '888 patent") in 2017. Therefore, Plaintiff does not possess any of the knowledge or documents traditionally necessary for Defendants to muster a wholesome defense to claims asserted against it by Plaintiff. For example, Plaintiff does not have knowledge of or documents relating to the research and development that led to the '888 patent; the prosecution of the '888 patent; prior uses, sales, and/or publications of the processes recited in the claims of the '888 patent; any commercial embodiments of the '888 patent; the state of the art at the time of the alleged invention of the '888 patent; the assignments and licensing of the '888 patent; and any valuations of the '888 patent. In contrast, Moise Gaspard, as an inventor of a patent application related to the '888 patent is likely to have this knowledge and/or possession, custody, or control of these highly relevant documents. As previously stated, this evidence is both relevant and necessary to Defendant's defenses and quantifying damages.

This Letter of Request seeks only evidence otherwise unobtainable via document or oral discovery within the United States and does not ask for the production of privileged evidence. This Court is cognizant of the potential burdens placed upon the third-party who may appear for testimony or produce evidence in response to this request, and thus this request seeks only evidence that is critical to Defendants' defenses under U.S. law. This Letter of Request is limited to specific materials or classes of materials that are the most likely to produce important and relevant evidence

to defenses in this matter. Documents and deposition topics have been identified with as much specificity as possible, while still ensuring Defendants are capable of acquiring materials relevant to put forth a wholesome defense on every issue in question. If any part of this Letter of Request cannot be enforced under the laws of Ontario, it is requested that the remaining part be enforced.

Defendants offer an undertaking that the evidence sought by this Letter of Request will not be used for any purpose other than in the instant proceeding named in this Letter of Request unless leave is otherwise granted by the Ontario Superior Court of Justice.

| 5. | a. Requesting Judicial Authority (Article 3, a) | The Honorable Judge Alan D Albright, District Judge United States District Court for the Western District of Texas, Waco Division 800 Franklin Avenue Room 301 Waco, Texas 76701 USA |
|---|---|---|
| | b. To the competent Authority of (Article 3, a) | **The Ontario Superior Court of Justice** 393 University Avenue, 10th Floor Toronto, Ontario M5G 1E6 Canada Tel: 416-326-4230 |
| | c. Names of the case and any identifying number | *WSOU Investments LLC v. Dell Technologies Inc.* Case No. 6:20-cv-00475-ADA, United States District Court for the Western District of Texas |
| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) | |
| | a. Plaintiffs | WSOU Investments LLC |
| | Representatives | WSOU is represented by: **Brett Aaron Mangrum** Etheridge Law Group 2600 East Southlake Blvd., Suite 120-324 Southlake, TX 76092 |

|  |  |
|---|---|
|  | 469-401-2659<br>Fax: 817-887-5950<br>Email: brett@etheridgelaw.com<br><br>**Jeffrey Huang**<br>Etheridge Law Group PLLC<br>2600 East Southlake Blvd<br>Suite 120-324<br>Southlake, TX 76092<br>408-797-9059<br>Fax: 817-887-5950<br>Email: jhuang@etheridgelaw.com<br><br>**Ryan Scott Loveless**<br>Etheridge Law Group PLLC<br>2600 E Southlake Blvd<br>Suite 120-324<br>Southlake, TX 76092<br>972-292-8303<br>Fax: 817-887-5950<br>Email: ryan@etheridgelaw.com<br><br>**James L. Etheridge**<br>Etheridge Law Group, PLLC<br>2600 E. Southlake Blvd., Suite 120-324<br>Southlake, TX 76092<br>817-470-7249<br>Fax: 817-887-5950<br>Email: jim@etheridgelaw.com |
| b. Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation (collectively "Defendants") |
| Representatives | Dell Technologies Inc., Dell Inc., and EMC Corporation are represented by:<br><br>Shelton Coburn LLP:<br><br>**Barry K. Shelton**<br>Shelton Coburn LLP<br>311 RR 620 S<br>Suite 205<br>Austin, TX 78734-4775<br>512-263-2165 |

|  | Fax: 512-263-2166<br>Email: bshelton@sheltoncoburn.com<br><br>Gibson, Dunn & Crutcher LLP:<br><br>**Benjamin Hershkowitz**<br>**Brian A. Rosenthal**<br>**Allen Kathir**<br>**Kyanna Sabanoglu**<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 20036-5306<br>Telephone: (212) 351-2410<br>Email:   BHershkowitz@gibsondunn.com<br>           BRosenthal@gibsondunn.com<br>           AKathir@gibsondunn.com<br>           KSabanoglu@gibsondunn.com<br><br>**Y. Ernest Hsin**<br>**Jaysen S. Chung**<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission St., Ste. 3000<br>San Francisco, CA 94105-0921<br>Telephone: (415) 393-8200<br>Email:   EHsin@gibsondunn.com<br>           JSChung@gibsondunn.com<br><br>**Ryan K. Iwahashi**<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Rd.<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Email:   RIwahashi@gibsondunn.com<br><br>The Defendant has appointed legal counsel in Canada to pursue and assist with the commission to take evidence. The details of the Defendant's legal counsel in Canada are:<br><br>**Melanie Baird**<br>Blake, Cassels & Graydon LLP<br>199 Bay Street<br>Suite 4000<br>Toronto ON<br>M5L 1A9 Canada<br>Tel: +1 416-863-5262 | Fax: +1 416-863-2653 |

| | |
|---|---|
| | Email: melanie.baird@blakes.com |
| c. Other parties | N/A |
| Representatives | N/A |
| 7. a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c) | Civil action alleging patent infringement under the patent laws of the United States. |
| b. Summary of complaint | Discovery sought in this Letter of Request is relevant in Case No. 6:20-cv-00475-ADA: In WSOU's complaint against Defendants, WSOU alleges that Defendants infringe the '888 patent. |
| c. Summary of defense and counterclaim | In defense against WSOU's claims of patent infringement of the '888 patent, Defendants assert, *inter alia*, that they do not infringe any of claims of the '888 patent and that the '888 patent is invalid.<br><br>Moise Gaspard has knowledge of the facts relevant to Defendants' defenses. Moise Gaspard is relevant to the action by virtue of being an inventor of a patent application related to the '888 patent. Moise Gaspard holds critical facts to this case, including facts relevant to a number of defenses raised by Defendants and any potential damages, including information related to the prosecution of the '888 patent; prior uses and/or sales or products and services incorporating the '888 patent, publications related to the concepts claimed in the '888 patent; commercialization, production and/or commercial embodiments related to the '888 patent; the state of the art at the time of the alleged invention and/or filing of the applications related to the '888 patent; the ownership and financial interests in the '888 patent; conception, diligence and/or reduction to practice of the concepts claimed in the '888 patent; and the disclosure of the claimed invention of the asserted patent. As well as licensing of and/or agreements covering the '888 patent. And, financial knowledge including valuation and royalties associated with the |

| | | |
|---|---|---|
| | | '888 patent or any license and/or agreement covering the '888 patent; and other financial interests (including revenue, costs, expenses and profits) as well as financial interests and information related to the '888 patent. |
| | d. Other necessary information or documents | Moise Gaspard's current address is:<br>214-91 Valley Stream Dr.,<br>Nepean, Ontario, K2H 9GB<br>Canada |
| 8. | a. Evidence to be obtained or other judicial act to be performed (Article 3d), | In order to present its defenses that the '888 patent is not infringed, invalid, and unenforceable and to determine any alleged damages, Defendants seek certain documents from Moise Gaspard. Attached as Exhibit V1 is a request of production of certain documents that Defendants believe are likely to be in the possession, custody, or control of Moise Gaspard.<br><br>To further clarify the evidence sought, attached as Exhibit V2 is an outline of the topics and issues about which counsel for Defendants intend to inquire of Moise Gaspard. |
| | b. Purpose of the evidence or judicial act sought | With respect to the '888 patent, Moise Gaspard has information and knowledge relating to the prosecution of the '888 patent; prior uses and/or sales or products and services incorporating the '888 patent, publications related to the concepts claimed in the '888 patent; commercialization, production and/or commercial embodiments related to the '888 patent; the state of the art at the time of the alleged invention and/or filing of the applications related to the '888 patent; the ownership and financial interests in the '888 patent; conception, diligence and/or reduction to practice of the concepts claimed in the '888 patent; and the disclosure of the claimed invention of the asserted patent. As well as licensing of and/or agreements covering the '888 patent. And, financial knowledge including valuation and royalties associated with the '888 patent or any license and/or agreement covering the '888 patent; and other financial interests (including revenue, costs, expenses |

| | | |
|---|---|---|
| | | and profits) as well as financial interests and information related to the '888 patent.<br><br>This evidence is directly relevant to Defendants' claims that the '888 patent is not infringed, invalid, and unenforceable and to determine any alleged damages under United States patent law. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Moise Gaspard<br>214-91 Valley Stream Dr.,<br>Nepean, Ontario, K2H 9GB<br>Canada |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | *See* Exhibit V2 |
| 11. | Documents or other property to be inspected (Article 3, g) | *See* Exhibit V1 |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We respectfully request that the testimony be taken under oath under the supervision of a person who is authorized to administer oaths by the Ontario Superior Court of Justice. |
| 13. | Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Court respectfully requests that the Ontario Superior Court of Justice direct the witness to appear on or before June 1, 2021.<br><br>This Court respectfully requests that attorneys of the Defendant be permitted to examine and cross-examine the witness, and that the witness be directed to answer such questions, relating to matters outlined in attached Exhibit V2.<br><br>This Court respectfully requests that the examination be permitted to be conducted in accordance with the Federal Rules of Evidence, the United States Federal Rules of Civil Procedure, and the laws of Ontario, with the laws of Ontario to prevail in the event of a conflict. |

|  |  |
|---|---|
|  | This Court respectfully requests that the examination be (partially) conducted via video conference to allow U.S. counsel to join the hearing.<br><br>This Court respectfully requests that the testimony be video recorded and also transcribed verbatim.<br><br>This Court respectfully requests that the testimony be taken in English language if the examined person(s) agree, and that, if need be, simultaneous translation be provided.<br><br>Costs incurred in relation to the deposition examination (court reporter, video recorder, simultaneous translation) shall be at Defendants' expense. |
| 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that the Ontario Superior Court of Justice notify this Court; the representatives of the parties as indicated above; and the witness from whom evidence is requested as indicated above. |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No judicial personnel of the requesting authority will attend or participate. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Defendants believe that Moise Gaspard does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty. |
| 17. The fees and costs incurred will be borne by | Defendants will bear the reimbursable costs associated with this request, including costs for production of documents and the time for the witness to prepare for or attend the examination. |

So ORDERED and SIGNED this 9th day of NOVEMBER, 2020.

_____
The Honorable Alan D Albright
U.S. District Court Judge