

| | |
|---|---|
| **From:** | Sabanoglu, Kyanna |
| **To:** | Chung, Jaysen S.; Ryan Loveless |
| **Cc:** | *** GDC-Dell_WSOU; Barry Shelton; IPTeam; mark_waltfairpllc.com |
| **Subject:** | RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions |
| **Date:** | Wednesday, January 27, 2021 10:49:21 AM |
| **Attachments:** | image001.jpg |

Ryan,

As discussed on our call, the parties have identified the following terms on which we may be able to reach agreement. We also provided the citations for the '888 patent that we mentioned on the call.

478; U.S. Patent No. 7,126,921

- "computing means for control of the nodes" (claim 1) / "computing means for controlling the node" (claims 9 & 17)
    - WSOU to advise whether it is willing to include the control plane in the structure.
- "data plane means for forwarding packets between the nodes" / "data plane means for forwarding packets to other nodes in the network"
    - WSOU to advise whether it is willing to include the data plane in the structure.
- "means for fast propagation of node related information between the data plane means in each node and forwarding the information to the computing means in the network" / "means for fast propagation of node related information to and from the data plane means in other nodes in the network and forwarding the information to the computing means"
    - WSOU to advise whether the specifications citations are necessary and will propose modifications to Defendant's proposal if needed.
- "means for fast propagation of link state information"
    - WSOU to advise whether the specifications citations are necessary and will propose modifications to Defendant's proposal if needed.
- "the data, plane means"
    - The parties agreed on the construction for "the data, plane means" to mean "the data plane means.

474; U.S. Patent No. 7,212,536

- "bridge"
    - WSOU to advise whether the plain meaning requires something other than Defendants' proposed construction.
- "means for reading priorities of data frames directed by the bridge to at least a first one of the bridge ports" / "means for determining a number of the service interfaces associated with active channels in the connection-based network" / "means for establishing a mapping between user priorities read by the means for reading priorities of data frames and the service interfaces associated with active channels in the connection-based network based at least in part on a number of the service interfaces associated with active channels in the connection-based network" / "means for assigning frames to the service interfaces based upon the user priorities and the mapping"
    - Defendants to advise if we can reach agreement on any of these terms.

482; U.S. Patent No. 7,424,020

- "removing, at the network node, the protocol data of a portion of protocol layers from the received data stream" / "removes protocol data from a portion of protocol layers from a data stream"
    - WSOU to advise how much of the protocol layer they believe must be removed to meet this limitation.

475; U.S. Patent No. 7,453,888

- "stackable trunk port"
    - WSOU to advise whether they can agree to Defendants' construction given the definitions provided during prosecution and in the specification.
    - Exemplary Citations: 6/9/08 Applicant Arguments at 11; '888 Patent at 8:19-27 & 5:49-62.
- "backbone VLAN Identifier (ID)"
    - WSOU to advise whether they can agree to Defendants' construction given the definitions provided during prosecution and in the specification.
    - Exemplary Citations: 6/9/08 Applicant Arguments at 11; '888 Patent at 8:10-27; 10/19/07 Applicant

- Arguments at 12.
- "backbone VLAN trunk"
  - WSOU to advise whether they can agree to Defendants' construction given the definitions provided during prosecution and in the specification.
  - Exemplary Citations: 10/19/07 Applicant Remarks at 11-12; 4/8/08 Applicant Remarks at 11; '888 Patent at 8:20-27 & 8:61-9:3.

476; U.S. Patent No. 7,565,435

- "setting the IPPC of one of the ports of one of said bridges within the MSTI to a lower IPPC when said port is part of the VLAN member set"
  - WSOU to advise on whether the plain meaning requires that the setting of the IPPC to a lower IPPC must occur after the creation and configuration of the Multiple Spanning Tree Instances step and after the creation of the VLAN member sets step.
- "processing unit for setting the Internal Port Path Cost (IPPC) of one of the ports of one of said bridges within the MSTI to a high IPPC when said port is not part of the VLAN member set" / "processing unit for setting the IPPC of one of the ports of one of said bridges within the MSTI to a lower IPPC when said port is part of the VLAN member set"
  - WSOU to advise if we can count this as one term.
  - Defendants to advise if this is a place where we can narrow the dispute.

479; U.S. Patent No. 8,402,129

- "initiating a poll of resources in the nodes of the network by the management station in response to reporting from the node or a time interval being exceeded"
  - WSOU to advise whether the plain meaning requires both events to initiate a poll, or whether the claim would be met if either (but not both) events initiate a poll.

Regards,
**Kyanna Sabanoglu**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3380 • Fax +1 212.716.0880
KSabanoglu@gibsondunn.com • www.gibsondunn.com

---

**From:** Chung, Jaysen S.
**Sent:** Tuesday, January 26, 2021 6:56 PM
**To:** Ryan Loveless <ryan@etheridgelaw.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Ryan,

Thank you for the call today.  For the follow-up call on the remaining four patents, we are available at the following times:

Wednesday 1/27:  after 4pm ET
Thursday 1/28:  4-5:30pm ET, and after 6pm ET
Friday 1/29:  3-5pm ET

Please let us know what works for you, and we can circulate an invite.

Best,
**Jaysen S. Chung**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8271 • Fax +1 415.374.8405
JSChung@gibsondunn.com • www.gibsondunn.com

---

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Tuesday, January 26, 2021 12:09 PM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

[External Email]
Brian:

As to quick answer on your questions, please see below:

- On the '133 Patent, as noted in our disclosures, the phrase should be accorded its plain and ordinary meaning.
- On the '360 Patent, as indicated in our note below, we disagree that these terms are subject to the means-plus-function constructions. Happy to discuss this on the call.

On the '476 Patents, perhaps you can explain on the call the "entirety of the claims" being indefinite under IPXL.

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

**From:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Sent:** Tuesday, January 26, 2021 11:40 AM
**To:** Ryan Loveless <ryan@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Ryan, looking forward to discussing later today.

To answer your inquiry in your earlier email, WSOU did not provide proposed constructions for the following terms:

- **'133 patent:**
    - "such that packets associated with egress nodes for which the congestion condition does not exist have a different queuing priority within the load balancing network than packets associated with egress nodes for which the congestion condition exists"
- **'360 patent:**
    - "computer generated model" — Defendants previously identified this term before our exchange in our 1/19/21 letter to WSOU, but I understand that you did not previously provide a construction; do you have one to provide or will you be proposing plain meaning as with the others?
    - There are 13 means plus functions terms that WSOU did not provide a proposed construction (*e.g.*, "means for requesting said scheduler model to pass the status of said element to said monitor"). You don't address those below. It would be helpful to know in advance of the call what your proposed constructions are for these. Or if you are arguing that these terms are not subject to 112(6) despite the use of "means for" language, please confirm that.

In addition to providing your positions on the above issues, in our meet and confer we would like to understand what you believe the plain meaning is for those terms for which you are urging plain meaning, so that we can identify where there is no real disagreement.  Also, for those terms you agree are subject to 112(6), there are several circumstances in which your identification of "structure" is no more than a long listing of specification citations, in some cases spanning the bulk of the patent.  Please be prepared to identify what actual structure you believe corresponds to the claimed function so we can see if there is room for agreement (as I expect there to be for many of these terms).

As for expert testimony, there is nothing more to our proposal than what I wrote in my earlier email, nor are we envisioning a stipulation of any kind.  We will agree to not rely on expert testimony at this claim construction process if you will agree to the same.  Please let us know if you are agreeable.  We are trying to streamline the disclosures; if you intend to rely on expert testimony, we will likely do the same.

For your more specific questions, we answer those inline with your two emails below.  Look forward to having a productive working conversation later today to try to narrow the disputes.

**Brian A. Rosenthal**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

---

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Tuesday, January 26, 2021 11:10 AM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

[External Email]
Brian

As another item concerning the '360 Patent, we see the following.  Are these alternative constructions being presented by Dell?



These are not alternative constructions.  The function is recited, but we are seeking to construe the function as recited.  The structure is indefinite.

Thanks,

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

**From:** Ryan Loveless
**Sent:** Monday, January 25, 2021 11:13 PM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam

<IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Brian:

We have reviewed your email and look forward to working with Dell. Although it is not clear what you might specifically be referring to, WSOU believes it has identified a position for each of the terms/elements. On one (which you may or may not be referring to), the parties are in agreement. That is noted below. On another, Dell first identified a claim term with its construction; accordingly, WSOU would not have a proposed construction for such a term. Also, on certain terms, the parties disagree as whether such terms/phrases are subject to 35 U.S.C. § 112, ¶ 6.

We also have some questions on Dell's positions, which are noted by case below.

On the issue of experts, can you put together a stipulation on your thinking so that we may consider?

As a method of getting within the agreed number of terms, please consider the number of terms Dell alleges are indefinite. The OGP provides for 36 terms across the cases. We count 32 terms that Dell alleges are indefinite.

**Group 1**

480; U.S. Patent No. 7,539,133
- In the original disclosure, Dell listed "determining, for each packet, whether a congestion condition exists [on/for] the egress node"; however, the phrase was switched to ""whether a congestion condition exists [on/for] the egress node" when a construction was listed. Please clarify.

We are construing only the shorter piece of the phrase.

- In the original disclosure, Dell listed "means for determining an egress node associated with each of a plurality of packets of a traffic flow received at an ingress node adapted for splitting the traffic flow into a plurality of traffic flow portions independent of the egress"; however, the phrase was switched to ""means for determining an egress node associated with each of a plurality of packets of a traffic flow received at an ingress node." Please clarify.

We thought the "adapted" language was unnecessary to include in the phrase; we can discuss and I'm sure we can agree on whether to include it or not.

- In the original disclosure, Dell listed "means for determining an egress node associated with each of a plurality of packets of a traffic flow received at an ingress node adapted for splitting the traffic flow into a plurality of traffic flow portions independent of the egress node by which each packet is assigned to exit the load- balancing network"; however, the phrase was switched to ""means for determining, for each packet, whether a congestion condition exists on the egress node"." Please clarify.

I don't follow this question; these are different limitations

481; U.S. Patent No. 9,164,800
- We understand Dell is not seeking a construction of ""obtaining a set of compute cliques" as no construction was provided.

Yes, as set forth in our Jan 18 letter

- Likewise, WSOU is not seeking construction of "maximize."

485; U.S. Patent No. 7,636,309
- As no construction were provided, we understand Dell is no longer seeking construction of:
    - "combining [at least one of/ones of] the sub-flows of each of [at least two of] the plurality of traffic flows"
    - "variance associated with at least one of the traffic flows"

Yes to both, as set forth in our Jan 18 letter

- As no construction was provided, WSOU is no longer seeking construction of:
    - "node"
    - "trafffic flow"
    - "path"

486; U.S. Patent No. 7,092,360
- "Computer generated model" was not included in Dell's original disclosure of claim terms.  Accordingly, WSOU could not provide a construction.  Is this a term Dell seeks to construe?

Yes, as set forth in our Jan 18 letter.  Please advise if you will seek plain and ordinary meaning of this term, as you are for the rest.

- On the "expected"/"predetermined" terms, Dell removed the following with its construction:
    - "expected value for the or each [further] parameter"
    - "expected states for said parameter"

Yes, as set forth in our Jan 18 letter

- Dell identified several terms as both subject to both 35 U.S.C. § 112, ¶ 6 and indefinite.  WSOU does not believe such terms are subject to 35 U.S.C. § 112, ¶ 6.
- Dell also identified other terms, alleging they are subject to 35 U.S.C. § 112, ¶ 6, but alleged they were definite.  WSOU does not believe such terms are subject to 35 U.S.C. § 112, ¶ 6.  If they are not subject to 35 U.S.C. § 112, ¶ 6, does Dell still seek construction?

I am not sure which terms you are talking about; are you referring to the 13 terms that contain "means for" language for which you provided no construction?  We will have to discuss to understand what your question is.

**Group 2**

473; U.S. Patent No. 9,137,144
- Two of the four terms are alleged to be indefinite.
- Is Dell willing to drop "V is a group identifier . . . "?

We will discuss these on our call, along with the other terms for which you identified plain and ordinary meaning, to understand what you are arguing the plain meaning is, so we can see where we can reach agreement.

478; U.S. Patent No. 7,126,921
- Willing to consider any of the structure and function WSOU identified?

Yes, we expect there will be some agreements here after our call.

- Agreed on construction for "the data, plane means" to mean "the data plane means"

Assumed so; we can put this on the list of agreed terms.

**Group 3**

477; U.S. Patent No. 8,913,489
- Dell alleges all of the claim terms it identified are infinite, correct?

Yes, indefinite.

482; U.S. Patent No. 7,424,020
- Dell alleges three of four claim terms it identified are indefinite, correct?

Confused about your counting, but the chart identifies which terms we believe are indefinite.  The "remov[es/ing] protocol data of a portion of protocol layers" terms present the same issue, and are indefinite.  The control unit term is indefinite.  We are not arguing that the bus term is indefinite.

- Confused by alternative construction on one; say term is indefinite or in the alternative that subject to  35 U.S.C. § 112, ¶ 6 and provide structure; seems internally inconsistent.

The term is indefinite under IPXL.  In the alternative it is subject to 112(6) and has the structure identified.

**Group 4**

474; U.S. Patent No. 7,212,536
- Dell originally identified both "bridge" and "bridge port." Now, it is only "bridge," right?

Yes, per our Jan 18 letter

- Willing to consider any of the structure and function WSOU identified?

Very likely yes, but we need clarity on what specific structures you are identifying, which we will discuss on the call.

- WSOU doesn't believe one of the phrases is subject to 35 U.S.C. § 112, ¶ 6. If it is not, does Dell still seek its construction?

We have not proposed an alternative construction if the Court determines it is not subject to 112(6), other than to the extent language within the phrase otherwise appears on our list.

475; U.S. Patent No. 7,453,888
- Dell no longer pursuing "tracking previously obtained backbone VLAN IDs?" as no construction provided?

Yes, per our Jan 18 letter

476; U.S. Patent No. 7,565,435
- Dell no longer pursuing as no construction provided?
  - "an appropriate one of the MSTIs"
  - ""VLAN member sets"

Yes per our Jan 18 letter

- Allege ordering for one element

Yes.

- Allege the rest of the identified elements (8) are indefinite.

We don't understand your counting, but the remainder of the terms in the 435 patnet ,other than the first one on our list, are indefinite.

- The phrase "entirety of the claims" is unclear

We believe all the identified claims are invalid under IPXL and present the same issue.

479; U.S. Patent No. 8,402,129
- "rate of change" – agree to plain and ordinary meaning?

We will discuss this on our call, along with the other terms for which you identified plain and ordinary meaning, to understand what you are arguing the plain meaning is, so we can see where we can reach agreement.

---

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX 76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

**From:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Sent:** Monday, January 25, 2021 6:04 PM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** Ryan Loveless <ryan@etheridgelaw.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** Re: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Mark, we can meet at 3 ct tomorrow.  Please send an invite.  And so that we can effectively meet and confer, and address any possible agreements we can reach, please address the issues in my below email before our discussion.  Thanks.

**Brian A. Rosenthal**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

Sent from my mobile device...please excuse typos


On Jan 25, 2021, at 6:05 PM, mark waltfairpllc.com <mark@waltfairpllc.com> wrote:

 [External Email]
Brian,

We suggest a meet and confer tomorrow afternoon. We are available at 1, 2, 3, or 4:00pm CST. Please let us know which time is acceptable and I will circulate a dial in number.

Concerning the *Markman* briefing, we are concerned about the number of terms Dell is still seeking to construe. As you know, the parties reached an agreement, which was approved by the Court, where the OGP controls the number of claim terms to be construed. By our count, here are the number of terms to be construed by group:

Group 1:  Case Nos. -480, -481, -485, -486

| Dell | WSOU | Both | Total | OGP Limit |
|---|---|---|---|---|
| 30 | 3 | 3 | 36 | 10 |

Group 2:  Case Nos. -473, -478

| Dell | WSOU | Both | Total | OGP Limit |
|---|---|---|---|---|
| 6 | 0 | 4 | 10 | 8 |

Group 3:  Case Nos. -477, -482

| Dell | WSOU | Both | Total | OGP Limit |
|---|---|---|---|---|
| 7 | 0 | 0 | 7 | 8 |

Group 4:  Case Nos. -474, -475, -476, -479

| Dell | WSOU | Both | Total | OGP Limit |
|---|---|---|---|---|
| 24 | 0 | 4 | 28 | 10 |

As you can see, Dell is proposing the majority of the terms to be construed. We ask that you take a hard look at the terms you have identified and look to drop claim terms to be in compliance with the parties agreement and the Court's OGP. We will also look for terms in which we can reach agreement.

Please let me know what time works for Dell.

Sincerely,

Mark

---

**From:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Sent:** Monday, January 25, 2021 3:45 PM
**To:** Ryan Loveless <ryan@etheridgelaw.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Ryan,

Just following up on this.  Could you please let us know when you are able to address these issues.  Also, please let us know some times this week that you are available to meet and confer.  Thanks.

**Brian A. Rosenthal**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

---

**From:** Rosenthal, Brian A.
**Sent:** Friday, January 22, 2021 2:05 PM
**To:** 'Ryan Loveless' <ryan@etheridgelaw.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Ryan:

We are going through your constructions, and we should schedule a meet and confer to discuss them soon.  In the meantime, we notice that you failed to provide constructions for a) the non-means plus function terms you identified in your disclosure of terms; b) many means-plus-function limitations; and c) several terms we identified.  We aren't sure if this is an oversight or intentional.  Please advise.  As you know, the Court must construe any means-plus-function terms, so we need to have a proposed construction from you.  If you intended to provide additional constructions, please let us have those by today so we can prepare for a useful meet and confer.

Thanks.

**Brian A. Rosenthal**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Wednesday, January 20, 2021 7:59 PM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

[External Email]
Counsel:

In furtherance of the below, please see the attached.

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

**From:** Ryan Loveless
**Sent:** Wednesday, January 20, 2021 10:26 AM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Thanks Brian.

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

**From:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Sent:** Wednesday, January 20, 2021 10:18 AM
**To:** Ryan Loveless <ryan@etheridgelaw.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Works for us. Thanks.

**Brian A. Rosenthal**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Wednesday, January 20, 2021 10:46 AM
**To:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

[External Email]
Counsel:

For our exchange of claim constructions today, we propose a simultaneous exchange at 7:00 p.m. CT.

Please confirm whether this time works.

Thanks,

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.