# EXHIBIT 20

| | |
|---|---|
| **From:** | Ryan Loveless |
| **To:** | *** GDC-Dell_WSOU; bshelton@sheltoncoburn.com |
| **Cc:** | IPTeam; mark waltfairpllc.com |
| **Subject:** | RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions |
| **Date:** | Monday, February 1, 2021 10:44:09 PM |
| **Attachments:** | WSOU v. Dell.docx |
| | WSOU v. Dell Claim Construction Summaries.xlsx |

[External Email]

Counsel:

Attached are a couple of further edits due to your edits. We also will attach the spreadsheet reflecting WSOU's accounting on the claim terms.

You have our permission to submit both files as-is.

With our deadlines quickly approaching, time is of essence. If you can't get this submitted by 11am CT in the morning, we will do so.

Best regards,

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

**From:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Sent:** Monday, February 1, 2021 5:23 PM
**To:** Ryan Loveless <ryan@etheridgelaw.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; bshelton@sheltoncoburn.com
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Thanks Ryan, we noticed the same. In addition, we will send this as an attachment (as we have done before in this case) so that the formatting doesn't mess up. We created the attached, which leaves your portion unchanged, and made some changes to ours. Please confirm that we may send to the court today. Thanks.


Brian A. Rosenthal

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Monday, February 1, 2021 6:04 PM
**To:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; bshelton@sheltoncoburn.com
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

[External Email]
Counsel:

As an update to the below, I believe we will be sending this to Robby – not Hannah.

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

**From:** Ryan Loveless
**Sent:** Monday, February 1, 2021 3:09 PM
**To:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; bshelton@sheltoncoburn.com
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Counsel:

As I'm sure you know from the prior disputes between the parties, the Court expects a chart like the below to be emailed to the Clerk of the court – not a filing. We have included our additions with a very short introduction.  Please provide any additional edits that you may have prior to submission to the Court.

We disagree with your statements in the email, which is contradicted by Dell's indications in the meet and confer that the discussions were helpful.  It is wholly inappropriate to characterize legitimate disagreements on constructions as a refusal to "meaningfully engage."  The parties did "meaningfully engage," but are simply in disagreement as to the proper construction and the number of terms.

--------------

Hannah:

The parties have a dispute concerning the number of claim terms for briefing and outline their positions below.

| Issue | Relief Sought |
|---|---|
| **Defendants State**:  Defendants respectfully request relief from the Court's "presumed limit" for the maximum number of terms for claim construction for Group 1 given Plaintiff asserts *all 111 claims* of these four unrelated patents, and there are 16 "means for" claims presumed to be governed by section 112, ¶ 6 for which WSOU has failed to adequately identify any corresponding structure.<br><br>Unlike the more selective identification of asserted claims in the other three groups (Groups 2 through 4), WSOU asserts every single one of the **111** claims across the four **unrelated** patents in Group 1.  As a result of WSOU's scattershot approach, there is more claim language that requires clarification for the jury.<br><br>Importantly, among these 111 claims are 16 different terms with "means for" language that are presumed to be governed by section 112, ¶ 6.  Although Defendants have met and conferred in good faith and attempted to narrow the number of disputes, WSOU's positions on these terms have effectively foreclosed even a *possibility* of an agreed construction.  The number of terms at issue in Group 1 is a direct result of WSOU's refusal to narrow the asserted claims to a reasonable number, combined with its refusal to actually identify corresponding structure for these means-plus-function claims.<br><br>For the 13 "means for" terms of the '360 patent, WSOU has inexplicably taken the position that, *for all 13 of these terms*, the presumption that section 112, ¶ 6 applies is overcome, and the terms should be given their plain meaning.  WSOU has refused even to identify any alternative function or corresponding structure if | **Defendants request that the Court**:<br><br>1. For the purposes of the disputed term limit for Group 1, the 13 terms in the '360 patent that include "means for" count as a single term;<br>2. Increase the total term limit to 15 for Group 1;<br>3. 5 additional pages per party for Opening and Response *Markman* briefs and 3 additional pages for Reply and Sur-Reply *Markman* briefs for the Group 1 briefing. |

| | |
|---|---|
| the presumption is not rebutted.<br><br>For the 3 means-plus-function terms of the '133 patent, WSOU has not identified **any** corresponding structure.  Instead, WSOU provides broad cites to the specification (citing every single patent figure—most of which depict many structures across the network—and hundreds of lines from the specification), and has advised that it will identify in its opening brief what it actually believes to be the corresponding structure.  For example, WSOU identified for one term: "claim 5 and corresponding written description; Figs. 1–7; 3:7–21; 5:24–38; 6:13–65; 7:26–30; 8:15–25; 8:64–9:22; 9:51–10:29; 10:43–11:8; 13:48–14:12; 14:24–65; 15:45–16:20."  Nowhere is there actually an identification of structure, as is required by 112, ¶ 6, and as WSOU did for "means for" claims in the other three groups.  WSOU's approach deprives Defendants of the ability to seek a compromise and narrow the disputes.<br><br>During the parties' meet-and-confer call on January 28, 2021, Defendants made clear that, although their position on many of the terms is that there is no corresponding structure, it would be willing to consider reasonable articulations of the corresponding structures as a potential compromise.  WSOU has refused to propose any reasonable structures to which it would agree for any of the 16 terms.  Although WSOU is free to take this approach, WSOU's refusal to identify any corresponding structure for the 16 "means for" terms has effectively hijacked the claim construction process for Group 1, as the Court will need to address all 16 of these terms, which is well beyond the presumptive limit of 10 for the entire group. Not to mention the other disputed terms that should be construed beyond those "means for" terms.<br><br>As a result, Defendants have no choice but to request relief from the Court in advance of the briefing process.  Given the overlapping nature of the section 112, ¶ 6 issues, Defendants believe that the 13 presumptively means-plus-function claims of the '360 patent can reasonably be briefed as a single group because there will be substantial overlap in the argument—which essentially involves whether section 112, ¶ 6 applies to them.  WSOU has argued that all 13 terms overcome the means-plus-function presumption and proposed no alternative construction.  Thus, the only issue the Court needs to address for those terms is whether WSOU can overcome the heavy presumption that these "means for" terms are governed by section 112, ¶ 6.  If the court determines these "means for" terms are subject to section 112, ¶ 6, only Defendants have provided the corresponding structure or noted the lack thereof.<br><br>Defendants therefore request that, for the purposes of the term limit, the Court count the presumptively means-plus-function claims of the '360 patent as a single term.<br><br>In addition, Defendants request a modest increase to the term limit (5 additional terms) and a small number of additional pages (5 for opening/response, 3 for reply/surreply) for the *Markman* briefs.  These additions are required so that the parties can address the very narrowly-selected important terms for construction across all 111 claims of these unrelated four patents. | |
| **Plaintiff WSOU States**:  Plaintiff WSOU requests that the Dell Defendants be ordered to comply with the party's stipulation (and OGP 3.2) concerning *Markman* briefing. There is no good reason to modify the agreed limit of 36 terms, and ignore OGP 3.2, to double that amount to 72 terms.<br><br>Plaintiff WSOU disclosed its infringement contentions on October 14, 2020.  Three | **Plaintiff Requests that the Court:**<br><br>Order Defendant to comply with the party's stipulation concerning Markman briefing. |

weeks later, on November 4, 2020, the parties submitted a stipulation agreeing to the "presumed *Markman* claim term limits and other Markman restrictions." OGP 3.2 prescribes that amount at 36 terms.  The agreement also noted that a party "may seek leave to modify these limits."

In the meet and confers, the Dell Defendants requested 72 terms (or 36 terms over the agreed amount).  Of those terms, both parties have requested 11 terms. The Dell Defendants have requested an additional 61 terms and, also, alleged that 31 terms are indefinite.  These amounts are shown in the chart below – broken down by same groups the parties previously agreed to.

|  | Dell | WSOU | Both | Total | Indefinite | OGP 3.2 |
|---|---|---|---|---|---|---|
| Group 1 (4 patents) | 28 | 0 | 3 | 31 | 11 | 10 |
| Group 2 (2 patents) | 5 | 0 | 4 | 9 | 3 | 8 |
| Group 3 (2 patents) | 7 | 0 | 0 | 7 | 6 | 8 |
| Group 4 (4 patents) | 21 | 0 | 4 | 25 | 11 | 10 |
| Total | 61 | 0 | 11 | 72 | 31 | 36 |

Plaintiff WSOU has informed the Dell Defendants that it is flexible and would not oppose shifting of terms/pages from one group to another – provided the total number of agreed terms/pages were not exceeded (e.g., 36 terms across the cases).

The Dell Defendants argue that Plaintiff WSOU is driving up the terms. Not so. Plaintiff WSOU has only requested 11 of the terms (as identified above). In contrast, the Dell Defendants requested 61 terms, which is 25 terms above the agreed amount.

The Dell Defendants argue for the 11 terms both parties agreed needed to be construed that WSOU's disagreement with Dell's construction is nefarious. However, Plaintiff WSOU already explained why it could not agree with these constructions – leaving the issue ripe for Court to determine.  In particular, WSOU disputes it provided no structure as alleged by the Dell Defendants.

For the Group 1 terms, the Dell Defendants argue that Plaintiff WSOU has chosen to exclude certain terms the Dell Defendants says are subject to a "means-plus-function" analysis. However, Plaintiff WSOU has already explained why such terms are NOT subject to such an analysis. And, even if  Plaintiff WSOU agreed with the Dell Defendants that such terms are subject to such an analysis, many of those same terms would still be disputed because the Dell Defendants have provided no structure (contrary to their allegation) and instead alleged they are indefinite. Plaintiff WSOU also disagrees with the Dell Defendants' suggestion (first introduced today) to only allowing the parties to brief whether such claims are subject to a means-plus-function analysis and not also brief indefiniteness/structural support (which is the effect of the Dell Defendant's proposal). The parties should instead include all issues in the brief in wants the Court to decide.

The Dell Defendants further argument that there are a lot of claims and means-

plus-function terms should also be rejected. The number of asserted claims does not directly correlate to number of terms or pages required for briefing. And, Dell had all the claims being asserted for three weeks when it agreed to the presumed *Markman* parameters on November 4. There are no changed circumstances since then. Further, the Dell Defendant chose to allege indefiniteness arguments (at least 31) – inhibiting any potential agreement being reached on such terms and consuming most of the 36 terms.

To the extent Dell argue that it is no longer pursuing all 72 terms it identified in the parties meet and confers, Dell has not removed any from the list it maintained just a couple of days ago.

This issue of forcing a Defendant to comply the presumed OGP limits is not unique. The identical issue was addressed in *WSOU v. Huawei* cases where the Court ordered Huawei to reduces its claim count to 36 in accordance with the OGP 3.2 and the party's stipulation. *See* e.g., Case No. 6:20-cv-533, Dkt. 42. Likewise, in the *WSOU v. Google* cases, the Defendant was able to narrow it selection of terms to come within the presumptive limit, namely 47 terms for a set of cases involving 15 patents. There is no good reason why Dell cannot also comply with the presumptive limit of 36 terms in a set of cases involving 12 patents.

---

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

**From:** Iwahashi, Ryan K. <RIwahashi@gibsondunn.com>
**Sent:** Monday, February 1, 2021 12:05 PM
**To:** Ryan Loveless <ryan@etheridgelaw.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; bshelton@sheltoncoburn.com
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Counsel,

We have reviewed the responses to our email and are disappointed that you have refused to meaningfully engage in any discussion about what you believe the claims mean. This has stymied the claim construction process and is contrary to what the Court requires in a meet and confer.

Here is the draft of the joint submission to the Court on claim construction term limits. Please insert your position into the table in the relevant section as soon as possible so we can send to the court today.

Best,
Ryan

**Ryan Iwahashi**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5367 • Fax +1 650.849.5067
RIwahashi@gibsondunn.com • www.gibsondunn.com

---

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Sunday, January 31, 2021 7:03 PM
**To:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; bshelton@sheltoncoburn.com
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** FW: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

[External Email]
Counsel:

Below in red are responses to each of your items.  We also understood that you would be providing Friday any a narrowing from Dell's current list.  Please provide those asap.  By our count, below is the current listing.  The current terms are 36 terms over the amount in OGP 3.2.

|         | Dell | WSOU | Both | Total | Indefinite | OGP 3.2 |
|---------|------|------|------|-------|------------|---------|
| Group 1 | 28   | 0    | 3    | 31    | 11         | 10      |
| Group 2 | 5    | 0    | 4    | 9     | 3          | 8       |
| Group 3 | 7    | 0    | 0    | 7     | 6          | 8       |
| Group 4 | 21   | 0    | 4    | 25    | 11         | 10      |
| Total   | 61   | 0    | 11   | 72    | 31         | 36      |

We also discussed that we would be submitting competing positions in a chart to the Court on Monday for Dell's proposed relief to extend beyond the 36 terms.  Please circulate your papers asap. We would appreciate the opportunity to see the finalized list before submitting to the Court.

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

**From:** Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>
**Sent:** Friday, January 29, 2021 5:04 PM
**To:** Chung, Jaysen S. <JSChung@gibsondunn.com>; Ryan Loveless <ryan@etheridgelaw.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Ryan,

We are looking forward to seeing your response today regarding the terms mentioned in our January 27th email.  Based on our call yesterday we also identified the below term for possible agreement.  We are looking forward to seeing your response on this term as well.

486; U.S. Patent 7,092,360
- "said element comprises: an element for recording whether a queue is empty or occupied, an element for recording the [number of data cells/quantity of data] contained in a queue, an element identifying a queue from which data is to be output, and an element identifying a group of queues from which data is to be output"
    - WSOU will advise if the plain meaning requires all of these items, or if instead it is satisfied by only one of the items.
        - [WSOU Response: WSOU is still reviewing this term to see if agreement can be reached.]

Regards,
**Kyanna Sabanoglu**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3880 • Fax +1 212.716.0880
KSabanoglu@gibsondunn.com • www.gibsondunn.com

---

**From:** Sabanoglu, Kyanna
**Sent:** Wednesday, January 27, 2021 10:49 AM
**To:** Chung, Jaysen S. <JSChung@gibsondunn.com>; Ryan Loveless <ryan@etheridgelaw.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Ryan,

As discussed on our call, the parties have identified the following terms on which we may be able to reach agreement. We also provided the citations for the '888 patent that we mentioned on the call.

478; U.S. Patent No. 7,126,921
- "computing means for control of the nodes" (claim 1) / "computing means for controlling the node" (claims 9 & 17)
    - WSOU to advise whether it is willing to include the control plane in the structure.
        - [WSOU Response: The parties remain at an impasse. Please let us know if you agree with our proposed structure.]
- "data plane means for forwarding packets between the nodes" / "data plane means for forwarding packets to other nodes in the network"
    - WSOU to advise whether it is willing to include the data plane in the structure.
        - [WSOU Response: The parties remain at an impasse. Please let us know if you agree with our proposed structure.]
- "means for fast propagation of node related information between the data plane means in each node and forwarding the information to the computing means in the network" / "means for fast propagation of node related information to and from the data plane means in other nodes in the network and forwarding the information to the computing means"
    - WSOU to advise whether the specifications citations are necessary and will propose modifications to Defendant's proposal if needed.
        - [WSOU Response: The parties remain at an impasse. Please let us know if you agree with our proposed structure.]
- "means for fast propagation of link state information"
    - WSOU to advise whether the specifications citations are necessary and will propose modifications to Defendant's proposal if needed.
        - [WSOU Response: The parties remain at an impasse. Please let us know if you agree with our proposed structure.]
- "the data, plane means"
    - The parties agreed on the construction for "the data, plane means" to mean "the data plane means.
        - [WSOU Response: Agreed.]

474; U.S. Patent No. 7,212,536
- "bridge"
    - WSOU to advise whether the plain meaning requires something other than Defendants' proposed construction.
        - [WSOU Response: The parties remain at an impasse. WSOU does not believe it is necessary to rephrase the claim language.]

- "means for reading priorities of data frames directed by the bridge to at least a first one of the bridge ports" / "means for determining a number of the service interfaces associated with active channels in the connection-based network" / "means for establishing a mapping between user priorities read by the means for reading priorities of data frames and the service interfaces associated with active channels in the connection-based network based at least in part on a number of the service interfaces associated with active channels in the connection-based network" / "means for assigning frames to the service interfaces based upon the user priorities and the mapping"
    - **Defendants to advise** if we can reach agreement on any of these terms.

482; U.S. Patent No. 7,424,020

- "removing, at the network node, the protocol data of a portion of protocol layers from the received data stream" / "removes protocol data from a portion of protocol layers from a data stream"
    - WSOU to advise how much of the protocol layer they believe must be removed to meet this limitation.
        - [WSOU Response: The parties remain at an impasse. The claim language is clear by its plain and ordinary meaning.]

475; U.S. Patent No. 7,453,888

- "stackable trunk port"
    - WSOU to advise whether they can agree to Defendants' construction given the definitions provided during prosecution and in the specification.
    - Exemplary Citations: 6/9/08 Applicant Arguments at 11; '888 Patent at 8:19-27 & 5:49-62.
        - [WSOU Response: The parties remain at an impasse. WSOU disagrees there is anything limiting in the intrinsic evidence.]
- "backbone VLAN Identifier (ID)"
    - WSOU to advise whether they can agree to Defendants' construction given the definitions provided during prosecution and in the specification.
    - Exemplary Citations: 6/9/08 Applicant Arguments at 11; '888 Patent at 8:10-27; 10/19/07 Applicant Arguments at 12.
        - [WSOU Response: The parties remain at an impasse. WSOU disagrees there is anything limiting in the intrinsic evidence.]
- "backbone VLAN trunk"
    - WSOU to advise whether they can agree to Defendants' construction given the definitions provided during prosecution and in the specification.
    - Exemplary Citations: 10/19/07 Applicant Remarks at 11-12; 4/8/08 Applicant Remarks at 11; '888 Patent at 8:20-27 & 8:61-9:3.
        - [WSOU Response: The parties remain at an impasse. WSOU disagrees there is anything limiting in the intrinsic evidence.]

476; U.S. Patent No. 7,565,435

- "setting the IPPC of one of the ports of one of said bridges within the MSTI to a lower IPPC when said port is part of the VLAN member set"
    - WSOU to advise on whether the plain meaning requires that the setting of the IPPC to a lower IPPC must occur after the creation and configuration of the Multiple Spanning Tree Instances step and after the creation of the VLAN member sets step.
        - [WSOU Response: The parties remain at an impasse. The plain language of the claim should control.]
- "processing unit for setting the Internal Port Path Cost (IPPC) of one of the ports of one of said bridges within the MSTI to a high IPPC when said port is not part of the VLAN member set" / "processing unit for setting the IPPC of one of the ports of one of said bridges within the MSTI to a lower IPPC when said port is part of the VLAN member set"
    - WSOU to advise if we can count this as one term.
    - **Defendants to advise** if this is a place where we can narrow the dispute.
        - [WSOU Response: The parties remain at an impasse. Because the terms recite different functions WSOU contends these terms should be counted separately]

479; U.S. Patent No. 8,402,129

- "initiating a poll of resources in the nodes of the network by the management station in response to reporting from the node or a time interval being exceeded"
    - WSOU to advise whether the plain meaning requires both events to initiate a poll, or whether the claim

> > > would be met if either (but not both) events initiate a poll.
> > > - [WSOU Response: : The parties remain at an impasse. The claim language is clear by its plain and ordinary meaning.]

Regards,
**Kyanna Sabanoglu**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3880 • Fax +1 212.716.0880
KSabanoglu@gibsondunn.com • www.gibsondunn.com

---

**From:** Chung, Jaysen S.
**Sent:** Tuesday, January 26, 2021 6:56 PM
**To:** Ryan Loveless <ryan@etheridgelaw.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Ryan,

Thank you for the call today.  For the follow-up call on the remaining four patents, we are available at the following times:

Wednesday 1/27:  after 4pm ET
Thursday 1/28:  4-5:30pm ET, and after 6pm ET
Friday 1/29:  3-5pm ET

Please let us know what works for you, and we can circulate an invite.

Best,
**Jaysen S. Chung**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8271 • Fax +1 415.374.8405
JSChung@gibsondunn.com • www.gibsondunn.com

---

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Tuesday, January 26, 2021 12:09 PM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

[External Email]
Brian:

As to quick answer on your questions, please see below:

- On the '133 Patent,  as noted in our disclosures, the phrase should be accorded its plain and ordinary meaning.
- On the '360 Patent, as indicated in our note below, we disagree that these terms are subject to the means-plus-function constructions.  Happy to discuss this on the call.

On the '476 Patents, perhaps you can explain on the call the "entirety of the claims" being indefinite under IPXL.

**Ryan Loveless** | Etheridge Law Group

2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092

ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

**From:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Sent:** Tuesday, January 26, 2021 11:40 AM
**To:** Ryan Loveless <ryan@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Ryan, looking forward to discussing later today.

To answer your inquiry in your earlier email, WSOU did not provide proposed constructions for the following terms:

- **'133 patent:**
    - "such that packets associated with egress nodes for which the congestion condition does not exist have a different queuing priority within the load balancing network than packets associated with egress nodes for which the congestion condition exists"
- **'360 patent:**
    - "computer generated model" — Defendants previously identified this term before our exchange in our 1/19/21 letter to WSOU, but I understand that you did not previously provide a construction; do you have one to provide or will you be proposing plain meaning as with the others?
    - There are 13 means plus functions terms that WSOU did not provide a proposed construction (*e.g.*, "means for requesting said scheduler model to pass the status of said element to said monitor"). You don't address those below.  It would be helpful to know in advance of the call what your proposed constructions are for these.  Or if you are arguing that these terms are not subject to 112(6) despite the use of "means for" language, please confirm that.

In addition to providing your positions on the above issues, in our meet and confer we would like to understand what you believe the plain meaning is for those terms for which you are urging plain meaning, so that we can identify where there is no real disagreement.  Also, for those terms you agree are subject to 112(6), there are several circumstances in which your identification of "structure" is no more than a long listing of specification citations, in some cases spanning the bulk of the patent.  Please be prepared to identify what actual structure you believe corresponds to the claimed function so we can see if there is room for agreement (as I expect there to be for many of these terms).

As for expert testimony, there is nothing more to our proposal than what I wrote in my earlier email, nor are we envisioning a stipulation of any kind.  We will agree to not rely on expert testimony at this claim construction process if you will agree to the same.  Please let us know if you are agreeable.  We are trying to streamline the disclosures; if you intend to rely on expert testimony, we will likely do the same.

For your more specific questions, we answer those inline with your two emails below.  Look forward to having a productive working conversation later today to try to narrow the disputes.

Brian A. Rosenthal

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

---

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Tuesday, January 26, 2021 11:10 AM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>

**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

[External Email]
Brian

As another item concerning the '360 Patent, we see the following.  Are these alternative constructions being presented by Dell?

| "an element [identifying/indicating] a group of queues from which data is to be output" | 1, 5, 9, 14–15, 20, 26, 30, 33, 35, and 38 | * * *<br><br>**Function:** [identifying/indicating] a group of queues, from which data is to be output<br><br>**Construction:** [identifying/indicating] a group of queues, i.e., high or low priority, from which data is to be output<br><br>**Structure:** Indefinite |
|---|---|---|

These are not alternative constructions.  The function is recited, but we are seeking to construe the function as recited.  The structure is indefinite.

Thanks,

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

**From:** Ryan Loveless
**Sent:** Monday, January 25, 2021 11:13 PM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Brian:

> We have reviewed your email and look forward to working with Dell.  Although it is not clear what you might specifically be referring to, WSOU believes it has identified a position for each of the terms/elements.  On one (which you may or may not be referring to), the parties are in agreement. That is noted below.  On another, Dell first identified a claim term with its construction; accordingly, WSOU would not have a proposed construction for such a term.  Also, on certain terms, the parties disagree as whether such terms/phrases are subject to 35 U.S.C. § 112, ¶ 6.

> We also have some questions on Dell's positions, which are noted by case below.

> On the issue of experts, can you put together a stipulation on your thinking so that we may consider?

> As a method of getting within the agreed number of terms, please consider the number of terms Dell alleges are indefinite.  The OGP provides for 36 terms across the cases.   We count 32 terms that Dell alleges are indefinite.

**Group 1**
480; U.S. Patent No. 7,539,133
- In the original disclosure, Dell listed "determining, for each packet, whether a congestion condition exists [on/for] the egress node"; however, the phrase was switched to ""whether a congestion condition exists [on/for] the egress node" when a construction was listed.  Please clarify.

We are construing only the shorter piece of the phrase.

- In the original disclosure, Dell listed "means for determining an egress node associated with each of a plurality of packets of a traffic flow received at an ingress node adapted for splitting the traffic flow into a plurality of traffic flow portions independent of the egress"; however, the phrase was switched to ""means for determining an egress node associated with each of a plurality of packets of a traffic flow received at an ingress node." Please clarify.

We thought the "adapted" language was unnecessary to include in the phrase; we can discuss and I'm sure we can agree on whether to include it or not.

- In the original disclosure, Dell listed "means for determining an egress node associated with each of a plurality of packets of a traffic flow received at an ingress node adapted for splitting the traffic flow into a plurality of traffic flow portions independent of the egress node by which each packet is assigned to exit the load- balancing network"; however, the phrase was switched to ""means for determining, for each packet, whether a congestion condition exists on the egress node"." Please clarify.

I don't follow this question; these are different limitations

481; U.S. Patent No. 9,164,800
- We understand Dell is not seeking a construction of ""obtaining a set of compute cliques" as no construction was provided.

Yes, as set forth in our Jan 18 letter

- Likewise, WSOU is not seeking construction of "maximize."

485; U.S. Patent No. 7,636,309
- As no construction were provided, we understand Dell is no longer seeking construction of:
  - "combining [at least one of/ones of] the sub-flows of each of [at least two of] the plurality of traffic flows"
  - "variance associated with at least one of the traffic flows"

Yes to both, as set forth in our Jan 18 letter

- As no construction was provided, WSOU is no longer seeking construction of:
  - "node"
  - "trafffic flow"
  - "path"

486; U.S. Patent No. 7,092,360
- "Computer generated model" was not included in Dell's original disclosure of claim terms.  Accordingly, WSOU could not provide a construction.  Is this a term Dell seeks to construe?

Yes, as set forth in our Jan 18 letter.  Please advise if you will seek plain and ordinary meaning of this term, as you are for the rest.

- On the "expected"/"predetermined" terms, Dell removed the following with its construction:
  - "expected value for the or each [further] parameter"
  - "expected states for said parameter"

Yes, as set forth in our Jan 18 letter

- Dell identified several terms as both subject to both 35 U.S.C. § 112, ¶ 6 and indefinite.  WSOU does not believe such terms are subject to 35 U.S.C. § 112, ¶ 6.
- Dell also identified other terms, alleging they are subject to 35 U.S.C. § 112, ¶ 6, but alleged they were definite.  WSOU does not believe such terms are subject to 35 U.S.C. § 112, ¶ 6.  If they are not subject to 35 U.S.C. § 112, ¶ 6, does Dell still seek construction?

I am not sure which terms you are talking about; are you referring to the 13 terms that contain "means for" language for which you provided no construction?  We will have to discuss to understand what your question is.

**Group 2**

473; U.S. Patent No. 9,137,144

- Two of the four terms are alleged to be indefinite.
- Is Dell willing to drop "V is a group identifier . . . "?

We will discuss these on our call, along with the other terms for which you identified plain and ordinary meaning, to understand what you are arguing the plain meaning is, so we can see where we can reach agreement.

478; U.S. Patent No. 7,126,921
- Willing to consider any of the structure and function WSOU identified?

Yes, we expect there will be some agreements here after our call.

- Agreed on construction for "the data, plane means" to mean "the data plane means"

Assumed so; we can put this on the list of agreed terms.

**Group 3**

477; U.S. Patent No. 8,913,489
- Dell alleges all of the claim terms it identified are infinite, correct?

Yes, indefinite.

482; U.S. Patent No. 7,424,020
- Dell alleges three of four claim terms it identified are indefinite, correct?

Confused about your counting, but the chart identifies which terms we believe are indefinite.  The "remov[es/ing] protocol data of a portion of protocol layers" terms present the same issue, and are indefinite.  The control unit term is indefinite.  We are not arguing that the bus term is indefinite.

- Confused by alternative construction on one; say term is indefinite or in the alternative that subject to   35 U.S.C. § 112, ¶ 6 and provide structure; seems internally inconsistent.

The term is indefinite under IPXL.  In the alternative it is subject to 112(6) and has the structure identified.

**Group 4**

474; U.S. Patent No. 7,212,536
- Dell originally identified both "bridge" and "bridge port."  Now, it is only "bridge," right?

Yes, per our Jan 18 letter

- Willing to consider any of the structure and function WSOU identified?

Very likely yes, but we need clarity on what specific structures you are identifying, which we will discuss on the call.

- WSOU doesn't believe one of the phrases is subject to 35 U.S.C. § 112, ¶ 6.  If it is not, does Dell still seek its construction?

We have not proposed an alternative construction if the Court determines it is not subject to 112(6), other than to the extent language within the phrase otherwise appears on our list.

475; U.S. Patent No. 7,453,888
- Dell no longer pursuing "tracking previously obtained backbone VLAN IDs?" as no construction provided?

Yes, per our Jan 18 letter

476; U.S. Patent No. 7,565,435
- Dell no longer pursuing as no construction provided?
    - "an appropriate one of the MSTIs"
    - ""VLAN member sets"

Yes per our Jan 18 letter

- Allege ordering for one element

Yes.

- Allege the rest of the identified elements (8) are indefinite.

We don't understand your counting, but the remainder of the terms in the 435 patnet ,other than the first one on our list, are indefinite.

- The phrase "entirety of the claims" is unclear

We believe all the identified claims are invalid under IPXL and present the same issue.

479; U.S. Patent No. 8,402,129
- "rate of change" – agree to plain and ordinary meaning?

We will discuss this on our call, along with the other terms for which you identified plain and ordinary meaning, to understand what you are arguing the plain meaning is, so we can see where we can reach agreement.

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX 76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

**From:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Sent:** Monday, January 25, 2021 6:04 PM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** Ryan Loveless <ryan@etheridgelaw.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** Re: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Mark, we can meet at 3 ct tomorrow.  Please send an invite.  And so that we can effectively meet and confer, and address any possible agreements we can reach, please address the issues in my below email before our discussion.  Thanks.

**Brian A. Rosenthal**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

Sent from my mobile device...please excuse typos

> On Jan 25, 2021, at 6:05 PM, mark waltfairpllc.com <mark@waltfairpllc.com> wrote:
>
>  [External Email]
> Brian,

We suggest a meet and confer tomorrow afternoon. We are available at 1, 2, 3, or 4:00pm CST. Please let us know which time is acceptable and I will circulate a dial in number.

Concerning the *Markman* briefing, we are concerned about the number of terms Dell is still seeking to construe. As you know, the parties reached an agreement, which was approved by the Court, where the OGP controls the number of claim terms to be construed. By our count, here are the number of terms to be construed by group:

Group 1: Case Nos. -480, -481, -485, -486

| Dell | WSOU | Both | Total | OGP Limit |
|---|---|---|---|---|
| 30 | 3 | 3 | 36 | 10 |

Group 2: Case Nos. -473, -478

| Dell | WSOU | Both | Total | OGP Limit |
|---|---|---|---|---|
| 6 | 0 | 4 | 10 | 8 |

Group 3: Case Nos. -477, -482

| Dell | WSOU | Both | Total | OGP Limit |
|---|---|---|---|---|
| 7 | 0 | 0 | 7 | 8 |

Group 4: Case Nos. -474, -475, -476, -479

| Dell | WSOU | Both | Total | OGP Limit |
|---|---|---|---|---|
| 24 | 0 | 4 | 28 | 10 |

As you can see, Dell is proposing the majority of the terms to be construed. We ask that you take a hard look at the terms you have identified and look to drop claim terms to be in compliance with the parties agreement and the Court's OGP. We will also look for terms in which we can reach agreement.

Please let me know what time works for Dell.

Sincerely,

Mark

---

**From:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Sent:** Monday, January 25, 2021 3:45 PM
**To:** Ryan Loveless <ryan@etheridgelaw.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Ryan,

Just following up on this. Could you please let us know when you are able to address these issues. Also, please let us know some times this week that you are available to meet and confer. Thanks.

**Brian A. Rosenthal**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

---

**From:** Rosenthal, Brian A.
**Sent:** Friday, January 22, 2021 2:05 PM
**To:** 'Ryan Loveless' <ryan@etheridgelaw.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Ryan:

We are going through your constructions, and we should schedule a meet and confer to discuss them soon. In the meantime, we notice that you failed to provide constructions for a) the non-means plus function terms you identified in your disclosure of terms; b) many means-plus-function limitations; and c) several terms we identified. We aren't sure if this is an oversight or intentional. Please advise. As you know, the Court must construe any means-plus-function terms, so we need to have a proposed construction from you. If you intended to provide additional constructions, please let us have those by today so we can prepare for a useful meet and confer.

Thanks.

Brian A. Rosenthal

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

---

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Wednesday, January 20, 2021 7:59 PM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

[External Email]
Counsel:

In furtherance of the below, please see the attached.

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

**From:** Ryan Loveless
**Sent:** Wednesday, January 20, 2021 10:26 AM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>

**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Thanks Brian.

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX 76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

**From:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>
**Sent:** Wednesday, January 20, 2021 10:18 AM
**To:** Ryan Loveless <ryan@etheridgelaw.com>; *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

Works for us. Thanks.

**Brian A. Rosenthal**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2339 • Mobile +1 703.989.7879
BRosenthal@gibsondunn.com • www.gibsondunn.com

---

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Wednesday, January 20, 2021 10:46 AM
**To:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** WSOU v. Dell et al., Case Nos. 6:20-CV-00473-486; Exchange of Constructions

[External Email]
Counsel:

For our exchange of claim constructions today, we propose a simultaneous exchange at 7:00 p.m. CT.

Please confirm whether this time works.

Thanks,

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient.

Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.