| | |
|---|---|
| **From:** | Blythe, Andrew Philip |
| **To:** | Jim Etheridge; mark waltfairpllc.com; IPTeam; Ryan Loveless |
| **Cc:** | *** GDC-Dell_WSOU; Chung, Jaysen S. |
| **Subject:** | RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486 |
| **Date:** | Monday, May 10, 2021 4:20:38 PM |
| **Attachments:** | WSOU Dell Proposed PO CLEAN (5-10-21).docx |
| | REDLINE - Dell Proposed PO (5.10.21) against WSOU Proposed PO (4.25.21).pdf |

Jim,

We have considered WSOU's proposals, accepted what we can, and otherwise proposed a compromise or reverted.  Attached is a clean copy and a redline against the clean version you sent below on April 25th.

If WSOU is unable to agree with this version, please identify the specific provisions you dispute so that we can discuss and bring them to the Court's attention as necessary.

Best,
**Andrew Blythe**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3926 • Fax +1 949.475.4630
ABlythe@gibsondunn.com • www.gibsondunn.com

---

**From:** Jim Etheridge <jim@etheridgelaw.com>
**Sent:** Sunday, April 25, 2021 11:31 AM
**To:** Blythe, Andrew Philip <ABlythe@gibsondunn.com>; mark waltfairpllc.com <mark@waltfairpllc.com>; IPTeam <IPTeam@etheridgelaw.com>; Ryan Loveless <ryan@etheridgelaw.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Chung, Jaysen S. <JSChung@gibsondunn.com>; Jim Etheridge <jim@etheridgelaw.com>
**Subject:** Re: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

[External Email]

Andrew,

We accepted numerous of your proposed hybrid modifications.  Attached is WSOU's proposal and a redline to your last (4-15) proposal.
After you have had a chance to review.  Let's set up a meet and confer and see what might be resolved and what we need to take to the Court.

Cordially,

1

JIm

---

**From:** Jim Etheridge <jim@etheridgelaw.com>
**Sent:** Friday, April 23, 2021 4:34 PM
**To:** Blythe, Andrew Philip <ABlythe@gibsondunn.com>; mark waltfairpllc.com <mark@waltfairpllc.com>; IPTeam <IPTeam@etheridgelaw.com>; Ryan Loveless <ryan@etheridgelaw.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Chung, Jaysen S. <JSChung@gibsondunn.com>
**Subject:** Re: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Andrew,

We are working on getting you comments to your latest. In all fairness, we proposed an order back in Oct based on EDTX's order, but Dell choose to use a WDTX order for common commercial cases.  It's been a moving target since then with Dell proposing varying combinations of EDTX, WDTX and importing language from other cases. We have worked with Benjamin, and the Jaysen and now Andrew.  Fortunately, we now have an WDTX default order, and we have the court's rulings on similar issues raised by Microsoft.
We will get you comments by Monday.  We can meet and confer next week and that which cannot be resolved we can submit to the court.
Jim

---

**From:** Blythe, Andrew Philip <ABlythe@gibsondunn.com>
**Sent:** Friday, April 23, 2021 4:03 PM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>; IPTeam <IPTeam@etheridgelaw.com>; Ryan Loveless <ryan@etheridgelaw.com>; Jim Etheridge <jim@etheridgelaw.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; Chung, Jaysen S. <JSChung@gibsondunn.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Counsel,

We are following up on our below proposal for the protective order.  Defendants have been trying resolve this for months without response, and with discovery opening in two weeks on May 7, it is critical that you engage on this so that we can resolve this shortly.  Please get back to us early next week with WSOU's position.

Best,

**Andrew Blythe**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3926 • Fax +1 949.475.4630
ABlythe@gibsondunn.com • www.gibsondunn.com

---

**From:** Chung, Jaysen S.
**Sent:** Thursday, April 15, 2021 6:49 AM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>; IPTeam <IPTeam@etheridgelaw.com>; Ryan Loveless <ryan@etheridgelaw.com>; Jim Etheridge <jim@etheridgelaw.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Counsel,

Since our last proposal for the protective order on January 26, to which WSOU never responded, Judge Albright has issued a default protective order for patent cases and has also entered a protective order in *WSOU v. Microsoft* (C.A. No. 6:20-00454-65).  In light of those developments, we attach a revised proposed protective order that better aligns to Judge Albright's default and includes provisions from the protective order entered in *WSOU v. Microsoft*.

If WSOU does not agree to jointly submit the attached protective order, please provide any proposed edits along with a time to meet and confer next week so that the parties can resolve any disputes before fact discovery opens on May 3rd.

Best,

**Jaysen S. Chung**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8271 • Fax +1 415.374.8405
JSChung@gibsondunn.com • www.gibsondunn.com

---

**From:** Chung, Jaysen S.
**Sent:** Monday, February 22, 2021 2:00 PM
**To:** 'mark waltfairpllc.com' <mark@waltfairpllc.com>
**Cc:** 'Ryan Loveless' <ryan@etheridgelaw.com>; 'Jim Etheridge' <jim@etheridgelaw.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Hi Mark,

Following up on the below, just wanted to check in on your status with regard to the protective order, and when we can expect to see any further comments from WSOU.

Thank you,

**Jaysen S. Chung**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8271 • Fax +1 415.374.8405
JSChung@gibsondunn.com • www.gibsondunn.com

---

**From:** Chung, Jaysen S.
**Sent:** Tuesday, January 26, 2021 7:44 AM
**To:** 'mark waltfairpllc.com' <mark@waltfairpllc.com>
**Cc:** Ryan Loveless <ryan@etheridgelaw.com>; Jim Etheridge <jim@etheridgelaw.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Mark,

Thank you for sending over these comments to the protective order.  We have been working with our clients on issues raised in WSOU's comments, including options for source code review location.

We note that although we were able to read WSOU's comment bubbles, it was difficult at times to follow all of WSOU's proposed changes because some were in redline while others were not.  Thus, it would be helpful to have a call so that we can better understand WSOU's thinking on these issues.

In any event, to the extent we were able to understand WSOU's proposals and accept them in advance of any further discussion, we did.  Please see the attached clean Word document, along with a redline comparison to the clean document we sent on November 25, 2020.  We look forward to further discussing this with you.  If a call on Monday, February 1 at 1:30pm ET works for you, please let us know.

Best,

**Jaysen S. Chung**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8271 • Fax +1 415.374.8405

4

JSChung@gibsondunn.com • www.gibsondunn.com

---

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Wednesday, December 16, 2020 6:50 AM
**To:** Chung, Jaysen S. <JSChung@gibsondunn.com>
**Cc:** Ryan Loveless <ryan@etheridgelaw.com>; Jim Etheridge <jim@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

[External Email]
Hi Jaysen,

Attached are WSOU's comments to the draft protective order. We would like to set up a meet and confer to discuss and hopefully resolve some of the disputes in the PO. We are available tomorrow afternoon and Friday, as well as December 22nd for a meet and confer. Please let me know if any of those times are workable for your team.

Sincerely,

Mark

---

**From:** Chung, Jaysen S. <JSChung@gibsondunn.com>
**Sent:** Wednesday, November 25, 2020 9:33 AM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** Ryan Loveless <ryan@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Hi Mark,

We took WSOU's proposal (the Word document from your November 17 email) and worked from that as a base. Attached is a clean version of the updated proposed protective order, with a redline comparison to the original. Our clients are still reviewing, but we wanted to send you this updated version in the meantime. We look forward to further discussing this with you.

Best,

**Jaysen S. Chung**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8271 • Fax +1 415.374.8405
JSChung@gibsondunn.com • www.gibsondunn.com

---

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Friday, November 20, 2020 2:42 PM
**To:** Chung, Jaysen S. <JSChung@gibsondunn.com>
**Cc:** Ryan Loveless <ryan@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

[External Email]
Jaysen,

Thanks for reaching out. We have absolutely no problem engaging in a good-faith discussion about the substantive terms of a protective order. Please include the provisions you would like us to consider in WSOU's proposal (based off the EDTX default order) and we will be more than happy to take a look. As we have stated from the beginning, starting from a common default order, and modifying it accordingly, is the easiest and most efficient means to reach an agreement – or at the very least, provide the Court with an easy means of resolving any dispute between the parties.

If Dell's isn't agreeable to porting over the substantive concepts from Dell's draft, we are more than happy to take the issue before Court, and have each side submit its proposal.

Have a good weekend and we look forward to receiving your edits/additions.

Thanks,

Mark

---

**From:** Chung, Jaysen S. <JSChung@gibsondunn.com>
**Sent:** Friday, November 20, 2020 11:38 AM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Cc:** Ryan Loveless <ryan@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Mark,

Thanks for your message.  To date, we understand that WSOU has insisted on using the E.D. Tex. order as a base, before the below guidance was provided.  We had disagreed with WSOU's approach for reasons we previously stated.  But in view of the new guidance, we suggest moving forward so that the parties can submit an agreed-upon proposed protective order if possible.

To that end, hopefully we can agree that what is most important is the substance of the protective order.  With that as a foundation, we first would like to be clear on the process going forward— namely, that the parties will engage in a good-faith discussion about the substantive terms of the proposed order, regardless of the particular format.  For instance, we can use WSOU's proposal as a base and port over the relevant substantive concepts from our current draft.  However, if WSOU will not agree to substantively discuss Defendants' proposed provisions, and insists that Defendants

6

largely accept the E.D. Tex. order as it stands—including its limited source code provisions, which Defendants do not believe are adequate—that is not acceptable to Defendants and we may be at an impasse.

We reiterate that Defendants care about the substance of the protections, not the format of the document, and are willing to work with WSOU provided it is willing to work with Defendants.  Our goal is to work to submit an agreed-upon proposed protective order with the necessary protections in place, ideally without taking up the Court's time.  Please let me know your thoughts on the above.

Best,

**Jaysen S. Chung**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8271 • Fax +1 415.374.8405
JSChung@gibsondunn.com • www.gibsondunn.com

---

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Friday, November 20, 2020 7:20 AM
**To:** Chung, Jaysen S. <JSChung@gibsondunn.com>
**Cc:** Ryan Loveless <ryan@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

[External Email]
Jaysen,


Just following up on this email. Are we still going to discuss the PO this afternoon? Also, yesterday Judge Albright updated his Patent FAQ section on the Court's website https://www.txwd.uscourts.gov/for-attorneys/judge-albright-courtroom-faq/. He provided the following guidance for Protective Orders:


**November 2020: Starting Point for a Protective Order / Interim Protective Order**
**Q.** Until the Court provides a default protective order, what should the parties use as a starting point and/or as an interim protective order?

**A.** The Court recommends using the default EDTX protective order as both a starting point and/or as an interim protective order. The Court hopes to publish its default protective order soon.


Sincerely,

7

Mark

**From:** mark waltfairpllc.com
**Sent:** Tuesday, November 17, 2020 11:12 AM
**To:** Chung, Jaysen S. <JSChung@gibsondunn.com>
**Cc:** Ryan Loveless <ryan@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Hi Jaysen,

We have thoroughly reviewed the order you provided. Again, we believe using a protective order designed for a non-patent civil case is not the best starting point. It does not address patent specific issues, such as source code, prosecution bars, etc.  Moreover, we sent you a draft PO several days before Dell responded with default PO from the WDTX. The majority of cases in Judge Albright's court use the EDTX default order with slight modifications. As you may know, Judge Albright's working group has been circulating a default PO based on the EDTX order with very minor changes. In short, we believe it is a better use of our time to start from these default PO's, that way we have a baseline. One can easily do a redline to see how one party or the other deviates from the standard. The Court can also gauge how far one party deviates from a base PO. This approach will save both sides, as well as the court, valuable time.

We have identified several areas of your proposal that especially concerns us. First, the prosecution bar is overbroad, has no time limits, and is unilateral – all of which are not in line with the EDTX standard order. Additionally, the bar applies to individuals reviewing financial information, but not technical information. Thus, by its terms, one who reviews financial data is forever prohibited from being involved in prosecution concerning the "subject matter." We believe such an outcome is unreasonable.

Secondly, Dell's proposal includes an acquisition bar, which have uniformly been rejected by courts.  By the terms of Dell's proposal, counsel of record for WSOU could not be involved with litigation of any patent in the same "subject matter" area in the future. Such a overbroad restriction is unreasonable.

Third, the source code definition is lacking, as compared to WSOU's proposal and contains unreasonable limitations on source code. We believe the limitations on the amount and procedures for use of source code are unreasonable and not conducive for the needs of the case. Again, we believe following the EDTX standard (which is only slightly modified in WSOU's proposal) is more reasonable.

Finally, we believe a three-page section on challenging designations only further invites disputes between the parties. We believe the simple approach outline in our proposal is more than adequate.

Attached you will find our proposal and Judge Albright's working group redline of the EDTX standard order. We are available to meet and confer with you the afternoon of November 19th or November 20th.

Sincerely,

Mark

---

**From:** Chung, Jaysen S. <JSChung@gibsondunn.com>
**Sent:** Monday, November 16, 2020 1:33 PM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** FW: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Hi Mark,

Following up on the protective order issue, I wanted to touch base and see if we can work out the substance of the proposed order.  Once you have had a chance to review our proposal, I am available to hop on a call to discuss any provisions in our proposal with you.

To reiterate, our clients are not wedded to any particular form, but want to make sure that there are appropriate protections in place, including for any relevant, highly sensitive source code.  To that end, our proposal contains appropriate protections, beyond what is set forth in the standard WDTX (which formed the basis of our proposed order) or EDTX (which was WSOU's proposal).  If you prefer using the EDTX order as a base starting point, feel free to port over the provisions and protections set forth in our proposed draft to your draft.

We are open to having a substantive discussion with WSOU in an effort to come to an agreement if possible.  After our discussion, we can each take any unresolved issues back to our respective clients so that we can hopefully reach any necessary compromises.

Best,
**Jaysen S. Chung**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8271 • Fax +1 415.374.8405
JSChung@gibsondunn.com • www.gibsondunn.com

9

**From:** Hershkowitz, Benjamin
**Sent:** Wednesday, November 11, 2020 3:11 PM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>; Ryan Loveless <ryan@etheridgelaw.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Hsin, Y. Ernest <EHsin@gibsondunn.com>; Krevitt, Josh <JKrevitt@gibsondunn.com>; Kathir, Allen <AKathir@gibsondunn.com>; Barry K. Shelton <bshelton@sheltoncoburn.com>; Barnes, Brian <BBarnes@gibsondunn.com>; Chung, Jaysen S. <JSChung@gibsondunn.com>; Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>; Iwahashi, Ryan K. <RIwahashi@gibsondunn.com>; Venus Allahyarzadeh <venusallahyarzadeh@gibsondunn.com>; Brett Mangrum <brett@etheridgelaw.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Mark,

Thank you for following up.  We were in the process of reviewing WSOU's proposal.

It is Defendants' understanding that Judge Albright has in patent cases entered protective orders that have used the Western District of Texas default as their foundation.  Please see the attached examples, one of which was entered this fall.

Defendants took guidance from Judge Albright's approach to protective orders in the past, including these examples, to draft their proposed protective order.  Defendants' proposal contains revisions in comparison to the Western District of Texas default, which are intended to conform to the particular circumstances of this litigation, such as adequate protections for source code review.

In addition, we appreciate WSOU's reference to the protective order entered in the *Solas* litigation involving Dell.  As an initial matter, that litigation does not involve VMware, which therefore had no input on that protective order.  In any event, the protective order to which WSOU refers had actually been based off of protective orders that had already been entered in other *Solas* cases against other defendants.  For instance, a similar protective order had been entered in an E.D. Tex. case between Solas and Samsung over half a year earlier.  *See Solas OLED Ltd. v. Samsung Display Co.*, No. 2:19-cv-152-JRG, D.I. 49 (E.D. Tex. Aug. 23, 2019). We note that the Solas case against Dell from which your team pulled the protective order involves Samsung as an intervenor and at least one overlapping patent (U.S. Patent No. 6,072,450).  *Compare id.*, D.I. 15, *with Solas OLED Ltd. v. Dell Inc.*, D.I. 13 (W.D. Tex. Nov. 9, 2019).  In addition, it is our understanding that Dell currently is trying to amend that protective order.  Defendants therefore would prefer to not work from the default of another district if possible, including because WSOU's draft appears to contemplate Patent Local Rules from that other district.

Finally, we carefully reviewed WSOU's proposal, and agree with you that there is overlap in substance between the parties' proposals.  Defendants' focus here is on substance, rather than form.  To that end, and in an effort to work cooperatively with WSOU on this issue, we attempted to include certain portions from WSOU's proposal in Defendants' proposal where possible.  Defendants are also open to including other portions from WSOU's proposal in the protective order where possible.  But first, Defendants respectfully request that WSOU review Defendants' proposal and provide comments to facilitate a discussion on the issue.  We are not wedded to any particular wording but focused on ensuring adequate protections and avoiding (or at least minimizing) any disputes down the road.  We are available for a call once you have had a chance to review and comment.

We look forward to working with WSOU on this protective order, so that the parties can jointly submit a proposed order to the Court in a timely manner.

Best,

-Ben
**Benjamin Hershkowitz**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2410 • Fax +1 212.351.6210
BHershkowitz@gibsondunn.com • www.gibsondunn.com

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Monday, November 9, 2020 6:25 PM
**To:** Ryan Loveless <ryan@etheridgelaw.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Hsin, Y. Ernest <EHsin@gibsondunn.com>; Krevitt, Josh <JKrevitt@gibsondunn.com>; Kathir, Allen <AKathir@gibsondunn.com>; Barry K. Shelton <bshelton@sheltoncoburn.com>; Barnes, Brian <BBarnes@gibsondunn.com>; Chung, Jaysen S. <JSChung@gibsondunn.com>; Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>; Iwahashi, Ryan K. <RIwahashi@gibsondunn.com>; Venus Allahyarzadeh <venusallahyarzadeh@gibsondunn.com>; Brett Mangrum <brett@etheridgelaw.com>
**Cc:** IPTeam <IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

[External Email]
Benjamin,

I'm following up on the below email concerning the draft protective order we sent you a few weeks ago. Please provide us with any comments so we can begin the process of getting the protective order finalized.

Sincerely,

Mark

---

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Wednesday, October 28, 2020 10:54 AM
**To:** Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Hsin, Y. Ernest <EHsin@gibsondunn.com>; Krevitt, Josh <JKrevitt@gibsondunn.com>; Kathir, Allen <AKathir@gibsondunn.com>; Barry K. Shelton <bshelton@sheltoncoburn.com>; Barnes, Brian <BBarnes@gibsondunn.com>; Chung, Jaysen S. <JSChung@gibsondunn.com>; Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>; Iwahashi, Ryan K. <RIwahashi@gibsondunn.com>; Venus Allahyarzadeh <venusallahyarzadeh@gibsondunn.com>; Brett Mangrum <brett@etheridgelaw.com>
**Cc:** mark waltfairpllc.com <mark@waltfairpllc.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Counsel:

That particular protective order you used as a foundation is not typically used for patents cases.  We have searched and are unaware of any protective order before Albright using it as a foundation.

Also, the edits you make are quite substantial (approximately 60% has changed) and start to borrow from the standard EDTX protective order we sent you.  Further, Dell recently used the EDTX standard we circulated as the foundation for its WDTX case in *Solas v. Dell*, Case No. 6:19-cv-00514 (protective order entered May 14, 2020).  There are a host of other Albright cases that also use the EDTX standard framework.

Please provide any comments you may have to version we circulated last Thursday.

Thanks,

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

---

**From:** Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>
**Sent:** Monday, October 26, 2020 4:27 PM
**To:** Ryan Loveless <ryan@etheridgelaw.com>; Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Hsin, Y. Ernest <EHsin@gibsondunn.com>; Krevitt, Josh <JKrevitt@gibsondunn.com>; Kathir, Allen <AKathir@gibsondunn.com>; Barry K. Shelton <bshelton@sheltoncoburn.com>; Barnes, Brian <BBarnes@gibsondunn.com>; Chung, Jaysen S. <JSChung@gibsondunn.com>; Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>; Iwahashi, Ryan K. <RIwahashi@gibsondunn.com>; Venus Allahyarzadeh <venusallahyarzadeh@gibsondunn.com>; Brett Mangrum <brett@etheridgelaw.com>
**Cc:** Mark Siegmund <mark@waltfairpllc.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** RE: WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

Counsel,

Thank you for sending the draft protective order based off of Judge Gilstrap's standard in the Eastern District of Texas. Defendants were working on a draft protective order in parallel that is based off of the Western District of Texas default protective order. We propose that the parties work from the attached.

Please let us know if you have any comments.

Best,

-Ben
**Benjamin Hershkowitz**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2410 • Fax +1 212.351.6210
BHershkowitz@gibsondunn.com • www.gibsondunn.com

---

**From:** Ryan Loveless <ryan@etheridgelaw.com>
**Sent:** Thursday, October 22, 2020 5:43 PM
**To:** Rosenthal, Brian A. <BRosenthal@gibsondunn.com>; Hsin, Y. Ernest <EHsin@gibsondunn.com>; Hershkowitz, Benjamin <BHershkowitz@gibsondunn.com>; Krevitt, Josh <JKrevitt@gibsondunn.com>; Kathir, Allen <AKathir@gibsondunn.com>; Barry K. Shelton <bshelton@sheltoncoburn.com>; Barnes, Brian <BBarnes@gibsondunn.com>; Chung, Jaysen S. <JSChung@gibsondunn.com>; Sabanoglu, Kyanna <KSabanoglu@gibsondunn.com>; Iwahashi, Ryan K. <RIwahashi@gibsondunn.com>; Venus Allahyarzadeh <venusallahyarzadeh@gibsondunn.com>; Brett Mangrum <brett@etheridgelaw.com>
**Cc:** Mark Siegmund <mark@waltfairpllc.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** WSOU v. Dell (WDTX), Case Nos. 6:20-cv-473-482, -485, and -486

[External Email]
Counsel:

Attached is a draft protective order that closely tracks Judge Gilstrap's standard protective order in the EDTX.

Please provide any comments you might have.

Thanks,

**Ryan Loveless** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092

13

ryan@etheridgelaw.com | T 972 292 8303 | F 817 887 5950

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.