**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | CIVIL ACTION 6:20-CV-00473-ADA |
| | CIVIL ACTION 6:20-CV-00474-ADA |
| | CIVIL ACTION 6:20-CV-00475-ADA |
| | CIVIL ACTION 6:20-CV-00476-ADA |
| Plaintiff, | CIVIL ACTION 6:20-CV-00477-ADA |
| | CIVIL ACTION 6:20-CV-00478-ADA |
| v. | CIVIL ACTION 6:20-CV-00479-ADA |
| | CIVIL ACTION 6:20-CV-00482-ADA |
| DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, | PATENT CASE |
| Defendants. | JURY TRIAL DEMANDED |

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | CIVIL ACTION 6:20-CV-00480-ADA |
| | CIVIL ACTION 6:20-CV-00481-ADA |
| | CIVIL ACTION 6:20-CV-00485-ADA |
| Plaintiff, | CIVIL ACTION 6:20-CV-00486-ADA |
| | PATENT CASE |
| v. | |
| DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff and Defendants, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought.   For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material. For natively produced Protected Material, the appropriate designation shall be placed on the placeholder image bearing the Bates number for the native file and in the filename of each such natively produced document.

2.  Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings – Patent Case, with the designation "CONFIDENTIAL" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.   With respect to documents, information or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.   A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Party that inadvertently or unintentionally produces Protected Material

---

[1]  The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," both individually and collectively.

without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.   "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party or upon order of the Court, or as set forth in paragraph 21 herein:

(a)   Outside counsel of record in this Action for the Parties;

(b)   Outside counsel's paralegals, attorneys, and staff who are working at the direction of such outside counsel and are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)   No more than 5 in-house counsel for each of the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have completed the Undertaking attached as Exhibit A hereto;

(d)   If the Party is an entity, such officers or employees of the Party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Protected Material to such person, have completed the Undertaking attached as Exhibit A hereto;

(e)   Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae[2] of the consultant or expert at least seven (7) calendar days before access to

---

[2] For any such person, the curriculum vitae shall identify their (i) current employer(s), (ii) each person or entity from whom they have received compensation or funding for work in their areas of expertise or to whom the they have provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing data, and location of court) any litigation in connection with which they have offered expert

the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material, or Source Code Material in particular, to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) business days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     Mock jurors and independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, mediators and their staff, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)     The Court and its personnel;

(h)     a deponent or witness during, or in good faith preparation for, deposition or trial, if it appears that the witness authored or received a copy of the information, was involved in the subject matter described therein, is employed by the Party who produced the Protected Material, or if the producing Party consents to such disclosure;

(i)     any person who was an author, addressee, or intended or authorized recipient of the Protected Material and who agrees to keep the information confidential, provided that such persons may see and use the Protected Material but not retain a copy; and

(j)     insurers to whom disclosure is reasonably necessary for purposes of the litigation, provided any such insurer has signed the Undertaking attached hereto as Exhibit A (such signed document to be maintained by the attorney designating such person).

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only

upon a good faith belief that the documents, information, or material contains (i)

---

testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding 5 years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then they should provide whatever information can be disclosed without violating any confidentiality agreements, and the party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material; or (ii) any information that a Party or Third Party reasonably believes to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations.

7.   Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" also includes any information that a Party or Third-Party reasonably believes to be subject to federal, state, or foreign Data

Protection Laws or other privacy obligations. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); and Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR").

9.   For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-i).

10.  When a Party initially produces documents for inspection, no marking need be made by the producing Party in advance of the inspection.  For purposes of the inspection, all documents shall be treated as containing Protected Material.  After the receiving Party selects specified documents for copying, the producing Party shall appropriately mark the copies of the selected documents before they are provided to the receiving Party.

11.  The inadvertent failure by a producing Party to designate specific documents or materials as containing Protected Information or as containing a certain subset of Protected Information (*e.g.* HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information), shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials.  A producing Party seeking to designate or re-designate such documents or materials may do so by giving written notice to the receiving Party. Upon notice to the receiving Party of such failure to designate, the receiving Party shall

cooperate to restore the confidentiality of the inadvertently undesignated or mis-designated information.  No showing of error, inadvertence, or excusable neglect shall be required for re-designation.

12.   For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided on one source code machine with the identical production available for in-person review as follows: on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) and a display screen or monitor of a size of at least seventeen inches.  The stand-alone computer may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes otherwise permitted pursuant to this paragraph 12.  Additionally, except as provided in this paragraph 12, the stand-alone computer may only be located at the offices of the producing Party's outside counsel or as otherwise agreed.  Should the need arise due to a public health emergency, state, local or national restrictions or travel restriction, which hinder the source code review, the Parties shall meet and confer in good faith to discuss the feasibility of making the source code machine available in a location that would allow source code review to occur.  The producing Party will make the aforementioned source code machine available at a law firm office within a reasonable distance of the receiving Party's expert or law firm.  If a law firm office is not available within a reasonable distance of the receiving Party's expert or law firm, the producing Party will make its source code machine available at another mutually agreeable location that is within a reasonable distance to the receiving Party's expert or law firm, at the receiving Party's expense.

(b)   The receiving Party may, at its own expense, request that the designating Party install software on the stand-alone computer provided that such other software is necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein.  The receiving Party must explain in writing what software or software tool that it requests to install, and why the existing tools on the stand-alone computer are insufficient for the receiving Party's review.  The receiving Party must provide the designating Party with appropriate access to such software tools(s) at least 5 business days in advance of the date upon which the receiving Party wishes to have the additional software available for use on the stand-alone computer.  Timely requests for the installation of such software will not be unreasonably denied.  In no event shall tools be installed on the stand-alone computer that have the effect of altering, assembling, compiling, modifying, deleting, copying, or otherwise permitting the reproduction or removal of any Source Code Material.

(c)     The receiving Party may not bring any electronic devices into the room where the stand-alone computer is provided, including, but not limited to, cameras, cellular phones, laptops, recordable media, or recording devices.  The receiving Party will not copy, remove, or otherwise transfer or transmit Source Code Material from the stand-alone computer.  The receiving Party will not remove copies of all or any portion of the Source Code Material from the room in which the Source Code Material is inspected except as otherwise provided herein.  The receiving Party will not create any other written or electronic record of the Source Code Material except as provided herein.  Should the need arise, the Parties shall meet and confer regarding any exceptions to this rule in order to minimize the burden to the Parties.  If the Parties are unable to reach agreement, a Party seeking an exception may present the dispute to the Court according to the applicable discovery dispute procedure.  Upon any such application to the Court, the burden shall be on the Party seeking the exception to show good cause why the exception should be provided;

(d)     Outside counsel and their staff or an expert, consultant, or technical advisor for the receiving Party shall be entitled to take notes relating to the Source Code Material but may not copy the Source Code Material into the notes.  Any such notes shall be maintained at all times in a secure location under the direct control of an individual authorized to view Source Code Material, shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and shall be destroyed within 30 calendar days of the conclusion of this litigation by settlement or final judgment, including exhaustion of all appeals, as required under this Order (including paragraph 31).  Before reviewing the producing Party's Source Code Material, any expert, consultant, or technical advisor mentioned in this paragraph must agree in writing not to perform software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code Material reviewed by the expert, consultant, or technical advisor for a period of one year after the issuance of a final, non-appealable decision resolving all issues in the litigation.

(e)     The receiving Party shall make reasonable efforts to restrict its requests for such access to a source code review computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time on business days (i.e., weekdays that are not federal holidays).  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to a source code review computer outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the office of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this litigation.  The receiving Party shall provide 14 calendar days written notice of its intent to inspect for its initial inspection of the Source Code Material produced by a designating Party and identify in writing the individuals who are qualified to review Source Code Material under this Order and plan to

review the Source Code Material during the initial inspection, as well as the employer and curriculum vitae of each of those individuals (unless the receiving Party already has provided that particular information to the producing Party in the litigation).  The producing Party must approve in writing each of those individuals before they are permitted to review the Source Code Material.  The receiving Party shall thereafter provide written notice at least 5 business days prior to any subsequent inspection and identify in writing the individuals who plan to review the Source Code Material during each inspection.  The producing Party shall in good faith attempt to accommodate reasonable requests for inspection on shorter notice.  In addition, the receiving Party may, in a single written notice for initial or subsequent inspection, may request multiple consecutive days for inspection.  Those individuals who enter the source code review room shall sign in with the producing Party's retained counsel on each day they view Source Code Material on the stand-alone computer, in a log that will include the names of such persons, their time of arrival and departure, and cumulative time spent reviewing the Source Code Material that day.  That same log shall also maintain a complete record of any individuals who review the Source Code Material, whether on the stand-alone computer or on print-outs.  The same procedures discussed above apply regardless of whether the inspection is the initial inspection or a subsequent inspection.

(f)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer.

(g)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer as described above.

(h)     Access to Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  Only if it is necessary, and then only to the extent necessary, a receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, discovery response, contention, or other court document (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, include the minimal amount of such Source Code Material information that is reasonably necessary, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.  Wherever possible, the receiving

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's staff and other support personnel, working at the direction of such outside consultant or expert, and as such, the disclosure to a consultant's or expert's staff and other support persons shall count as a disclosure to a single consultant or expert.

Party will make a reasonable and good-faith effort to limit this information to references to production numbers, file names, and line numbers.

(i)     To the extent portions of Source Code Material are quoted in a Source Code Exhibit, the entire Source Code Exhibit will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(j)     No electronic copies of Source Code Material (including by way of example only, scans of Source Code Material to PDF or photographs of code) shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures and order, must be filed or served electronically.  The receiving Party shall not include excerpts of Source Code Material (either graphical copies or copied text) in correspondence between the Parties (references to production numbers shall be used instead).

(k)     Outside counsel and their staff or an expert or consultant for the receiving Party may request two paper copies of print-outs of limited portions of Source Code Material up to a maximum of 100 pages total and up to a maximum of 15 pages of a continuous block of Source Code Material.  To the extent reasonably necessary, the Parties agree in good faith to meet and confer regarding an increase to either of these print-out page limits.  Otherwise, printed portions of Source Code Material outside these page limits shall be presumed to be excessive.  Each page printed from Source Code Material will be printed on blue-colored paper and shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." The producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed for the receiving Party. The receiving Party shall maintain a log of all such files that are printed or photocopied; if the producing Party restricts the printing of the Source Code Material such that the persons reviewing the code are unable to take the print-outs with them at the end of a code review day, the producing Party shall be responsible to deliver such printouts within 10 business days to an address designated by the receiving Party.

(l)     Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such.

(m)     Any printouts of Source Code Material made under this paragraph 12 shall be stored or viewed only at (1) a locked location at the offices of outside counsel for the receiving Party; (2) a locked location at the offices of a person designated to receive the printouts under this paragraph 12; (3) the site where any deposition is taken; (4) the Court; or (5) any intermediate location necessary to transport the information to one of the foregoing locations.  Access to the key(s) used to unlock any such location will be restricted and, upon reasonable request, the receiving Party will provide the producing Party with a list of the persons who have had

access to such key(s).  The location must be marked with an "Access Restricted" or similar notice.  The receiving Party will maintain a log of all persons who have accessed the location to view Source Code Material and will provide a copy of the log to the designating Party upon request.  Any printouts shall be maintained at all times in a secure location under the direct control of an individual authorized to view Source Code Material, and shall be destroyed within 60 calendar days of the conclusion of this litigation by settlement or final judgment, including exhaustion of all appeals, as required under this Order.  Upon reasonable request of the designating Party, the receiving Party will provide written confirmation of the number of printouts made of Source Code Material.

(n)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under this paragraph 12 to another person authorized under this paragraph 12, on paper or, if permissibly transferred to electronic form pursuant paragraph 12(j), on removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick"), via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except when filing or serving electronically pursuant to the Court's rules, procedures, and order.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in this paragraph 12 and is at all times subject to the transport restrictions set forth herein.  For those purposes only, the Source Code Material may be stored on a stand-alone computer.

(o)    Except on a temporary basis in connection with a particular deposition or hearing, the receiving Party's outside counsel may make no more than 5 copies of any printed page of the Source Code Material received from a producing Party pursuant to this Order.  All such copies will also be printed on blue-colored paper, as discussed in this paragraph 12.  The receiving Party's outside counsel shall maintain a log of all such paper copies of the Source Code Material, including the names of the recipients and storage locations of the same.  All such copies shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." Upon 5 calendar days advance notice from the producing Party, the receiving Party shall provide a copy of this log to the producing Party, and in any event the receiving Party shall provide this log to the producing Party upon the conclusion of the litigation.

(p)    The Parties shall cooperate to take such steps as are reasonably necessary to protect information which contains or discloses the substance of any portion of the Source Code Material from disclosure to the public, including (subject to this Court's rules) in the course of the trial of this litigation, during any hearing in this litigation, and in any briefing or other filing in this litigation.

(q)    Copies of printed Source Code Material that are marked as deposition exhibits may be provided to the Court reporter during the deposition, but shall not be retained

by the Court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(r)     A receiving Party may request that the producing Party make a source code review computer with the Source Code Material available for depositions to the extent reasonably necessary for the furtherance of its claims and defenses in this case. The receiving Party shall make such requests at least 14 calendar days before the date of the deposition, or in the case of a deposition scheduled less than 7 calendar days in advance, no later than 24 hours after scheduling such deposition.

## PROSECUTION AND ACQUISITION BAR

13.     Any attorney representing the plaintiff in this Action, whether in-house or outside counsel, and any person associated with the plaintiff and permitted to receive the other Party's Protected Material that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application, or be involved in acquisition activity, pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals or two years after such person last reviewed the HIGHLY SENSITIVE MATERIAL, whichever is earlier. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  Nothing in this Order shall prevent a person with access to HIGHLY

SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR or PGR, except for that person shall not participate directly or indirectly in the amendment of any claim(s).

### NO WAIVER OF PRIVILEGE BY VIRTUE OF INADVERTENT DISCLOSURE

14.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Pursuant to Federal Rule of Evidence 502(d), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may  obtain  the return  o r  d e s t r u c t i o n  of  such documents, information or other material by promptly notifying the recipient(s).  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by  the  recipient(s),  which  pages shall  instead  be  destroyed  and  certified  as  such  to  the  producing  Party.

(a) After notice is provided, the receiving Party shall not utilize the information contained in the returned/destroyed documents or materials for any purpose, or disseminate or transmit such information, or show such material to anyone except as  necessary  to  facilitate  the  return  or  destruction  of  such  documents  or

information.  If any such inadvertently produced material has been used in any other document generated in connection with the Action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed.

(b) The producing Party shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents.

(c) The receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

(d) The disclosing Party retains the burden—upon motion pursuant to paragraph (c)— of establishing the privileged or protected nature of the information in question.

(e) Nothing in this order limits the right of any Party to petition the Court for an in camera review.

(f) This order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule of Evidence 502(a) apply when the disclosing Party uses or indicates that it may use information produced under this order to support a claim or defense.

(g) Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure

of privileged information. To the extent that a receiving Party receives information or items from a producing Party that the receiving Party believes may have been inadvertently disclosed, the receiving Party shall inform the producing Party and suspend review of such information or items for five (5) business days subject to the producing Party's response.

(h) Under this order, the provisions of Federal Rule of Evidence 502(b)(2) are inapplicable.

## DUTY TO ENSURE COMPLIANCE

15.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.  Any Party designating any person as someone permitted to receive DESIGNATED MATERIAL under this Order shall have the duty to reasonably ensure that such person observes the terms of this Order and shall be responsible upon breach of said duty for any failure of such person to observe the terms of this Order.

16.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

17.	Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

18.	"Data Breach" means but is not limited to: any accidental, unlawful, or unauthorized destruction, alteration, disclosure, misuse, loss, theft, access, copying, use, modification, disposal, compromise, or access to Protected Material or any act or omission that compromises or undermines the physical, technical, or organizational safeguards put in place by the receiving Party in processing or possessing the producing Party's Protected Material. The receiving Party shall have and maintain appropriate physical, organizational, and technical processes, security standards, guidelines, controls, and procedures to protect against a Data Breach ("Appropriate Safeguards"), and shall ensure that its professional vendors, experts, and any other person or entity that receives Protected Material pursuant to the Protective Order implements and maintains Appropriate Safeguards.

19.	In the event of a Data Breach impacting any Protected Material under this Protective Order, the Party suffering said Data Breach, and each Party with knowledge thereof, shall immediately notify counsel for the producing Party whose Protected Material has been compromised or otherwise potentially accessed, all known relevant information concerning the nature and circumstances of the Data Breach, shall promptly take all reasonable measures to correct the Data Breach, and shall work in good faith with the producing Party to ensure that no further unauthorized disclosure and/or use thereof is

made, or to mitigate the impacts of any such unauthorized disclosure and/or use thereof.

## USE OF DESIGNATED MATERIAL

20.     All Protected Material provided by any Party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof. The provisions of this order will govern any post-grant review proceeding until an appropriate protective order is in place for that proceeding.

21.     Except as otherwise restricted under the provisions set forth in paragraph 12 of this Order, nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of their employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 12 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from

counsel representing the producing Party or from the Court.

22.     Parties may, at the deposition or hearing or within t h i r t y ( 30) calendar days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, or until otherwise agreed by the Parties, the entire deposition or hearing transcript shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

23.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

24.     Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

25.     If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must: (a) promptly notify in writing the designating Party.  Such notification shall include a copy of the subpoena or court order if allowed under applicable protective orders in the other litigation; (b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Order.  If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any DESIGNATED MATERIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission.  The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

## CHALLENGING DESIGNATIONS

26.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such

application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

## THIRD PARTIES

27.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

28.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) calendar days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in accordance with this Order.

## RETURN/DESTRUCTION OF MATERIALS

29.   Within 30 calendar days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the

return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Nothing in this order requires a Party to destroy any information it is required by law to retain. The Parties shall not be required to delete information that may reside on electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. However, the Parties and their counsel shall not retrieve, access, nor use any DESIGNATED MATERIAL from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

* * *

30.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

31.     Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

32.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

33.     This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any Party or client the attorney's

evaluation in a general way of Protected Material produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Material produced by another Party if such disclosure would be contrary to the terms of this Protective Order.

34.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | CIVIL ACTION 6:20-CV-00473-ADA<br>CIVIL ACTION 6:20-CV-00474-ADA<br>CIVIL ACTION 6:20-CV-00475-ADA<br>CIVIL ACTION 6:20-CV-00476-ADA |
|     Plaintiff, | CIVIL ACTION 6:20-CV-00477-ADA<br>CIVIL ACTION 6:20-CV-00478-ADA |
| v. | CIVIL ACTION 6:20-CV-00479-ADA<br>CIVIL ACTION 6:20-CV-00482-ADA |
| DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, | PATENT CASE |
|     Defendants. | JURY TRIAL DEMANDED |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | CIVIL ACTION 6:20-CV-00480-ADA<br>CIVIL ACTION 6:20-CV-00481-ADA<br>CIVIL ACTION 6:20-CV-00485-ADA<br>CIVIL ACTION 6:20-CV-00486-ADA |
|     Plaintiff, | PATENT CASE |
| v. | |
| DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC., | JURY TRIAL DEMANDED |
|     Defendants. | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature  _____

Date  _____