# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>　　　Defendants. | CIVIL ACTION 6:20-CV-00473-ADA<br>CIVIL ACTION 6:20-CV-00474-ADA<br>CIVIL ACTION 6:20-CV-00475-ADA<br>CIVIL ACTION 6:20-CV-00476-ADA<br>CIVIL ACTION 6:20-CV-00477-ADA<br>CIVIL ACTION 6:20-CV-00478-ADA<br>CIVIL ACTION 6:20-CV-00479-ADA<br>CIVIL ACTION 6:20-CV-00482-ADA<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>　　　Defendants. | CIVIL ACTION 6:20-CV-00480-ADA<br>CIVIL ACTION 6:20-CV-00481-ADA<br>CIVIL ACTION 6:20-CV-00485-ADA<br>CIVIL ACTION 6:20-CV-00486-ADA<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR DENIAL OF PLAINTIFF'S REQUEST FOR RECONSIDERATION OF ENTRY OF ACQUISITION BAR**

Defendants have shown good cause to prevent individuals with access to Defendants' highly sensitive technical information from participating in the acquisition of patents in the same field of invention that are asserted or to be asserted *against Defendants*. Not once does WSOU contest that allowing such recipients to participate in a competitive decisionmaking activity such as acquisition creates a high risk of inadvertent disclosure. And, the Court's acquisition bar is tailored to prevent that risk: Plaintiff has sought discovery of Defendants' highly sensitive technical information related to the field of invention of the asserted patents, and recipients should not use that information, even if inadvertently, to inform decisions regarding the acquisition of patents to assert against Defendants in that very same field. That is sufficient under Federal Circuit standards to support entry of the Court's acquisition bar, as other courts have repeatedly held.

Plaintiff fails to address the Federal Circuit's framework articulated in *Deutsche Bank*, conflating Defendants' proposal—a bar that conditions access to confidential information on the proscription of future competitive decisionmaking conduct—with one that bars access to confidential information on the basis of an individuals' status as a "competitive decisionmaker." While Plaintiff's counsel has a long record of representing entities in the business of acquiring and asserting patents, including against Dell, the acquisition bar adopted here does not depend on any characterization of Plaintiff's counsel or of any other recipients. Just as with the prosecution bar that Plaintiff has accepted, the Court's acquisition bar is *conduct* specific rather than *person* specific. Plaintiff is free to seek exceptions on a concrete basis where it can demonstrate no competitive decisionmaking concerns will arise, as contemplated by *Deutsche Bank*.

Plaintiff's brief instead attacks a strawman acquisition bar—that Defendants have not proposed and the Court has not adopted—describing the bar as precluding activity well beyond its actual scope. Rather than seeking to modify, clarify, or otherwise request individual exceptions

as contemplated by the Federal Circuit, Plaintiff instead argues that the acquisition bar should be denied in its entirety. Plaintiff (and its counsel) protests too much. Tellingly, Plaintiff never once asserts that its outside litigation counsel with access to Defendants' confidential technical information will not participate in what is indisputably competitive decisionmaking activity. Plaintiff's smoke-screen approach attempts to distract from the concrete risk that Defendants' highly sensitive technical material will be inadvertently used against Defendants. The Court should accordingly deny Plaintiff's request for reconsideration and enter the Court's acquisition bar.

**Plaintiff applies the wrong legal framework**. In "[p]araphrasing" *Deutsch Bank* and *U.S. Steel* (*id.*), Plaintiff ignores the distinction between a provision barring specific *counsel* from receiving information and a provision barring recipients of that information from specific *conduct*. *Cf. U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1466 (Fed. Cir. 1984) (evaluating protective order with blanket denial of access to confidential information by "in-house counsel"). To sustain a bar against a group such as "in-house counsel," the proponent of that protective order must demonstrate that their role as in-house counsel is one of competitive decisionmaking. *Id.* The other citations in Plaintiff's opposition likewise address this inapposite structure. (*See* Opp. at 4, quoting *MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762 (D. Md. 2003) (protective order dispute concerned "whether counsel for MedImmune … should be allowed to view confidential and highly-confidential materials during the course of the litigation" because of status as "competitive decisionmaker"); *id.* at 5, quoting *In re Dell Inc.*, 498 F. App'x 40, 41 (Fed. Cir. 2012) (rejecting prohibition against access to confidential materials by entire law firm based on conflict presented by lead partner's status as competitive decisionmaker).)

Here, no such blanket prohibition is requested by Defendants. The Court's acquisition bar

does not apply to "any attorney" because of their status as a competitive decisionmaker (Opp. at 4)—it applies to *everyone* who accesses Defendants' highly sensitive technical information and who would otherwise subsequently *participate* in competitive decisionmaking *activities impacting Defendants*. Defendants lack the discovery necessary to determine whether any of Plaintiff's counsel [1] will participate in such competitive decisionmaking going forward. Whether any recipient of Defendants' sensitive technical information is "subject to" the bar is up to that individual. Just as attorneys regularly make choices in representation that result in conflicts, potential recipients may choose whether to receive and/or review Defendants' sensitive technical information or whether they would like to participate in competitive decisionmaking (adverse to Defendants) during the limited period of the acquisition bar. Defendants' proposal is agnostic to their choice, but as Plaintiff does not dispute, no individual should be permitted to do both.

Plaintiff misquotes *Deutsche Bank* to suggest (at 1) that Defendants must show that *the recipients* of Defendants' sensitive technical information pose a "heightened risk of inadvertent disclosure." But in *Deutsche Bank*, the "heightened risk" is that presented by the competitive decisionmaking *activities* and the confidential *information* that is received, not the propensity of counsel to trigger the bar. *In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1380-81 (Fed. Cir. 2010). Use of Defendants' "HIGHLY SENSITIVE TECHNICAL INFORMATION" in acquisition of patents in the same field *to be asserted against Defendants* poses such a heightened risk, as other courts have held. *See, e.g.*, *Google LLC v. Sonos, Inc.*, C.A. No. 20-03845-EMC-

---

[1] Plaintiff misunderstands the import of having nine additional law firms as trial counsel—ten including the counsel from a new firm who appeared after Defendants' brief was filed. (Opp. at 2-3.) Defendants' point is that Plaintiff has numerous litigation counsel available without any need for those same counsel to participate in competitive decisionmaking *against Defendants*. Despite Plaintiff's counsel's protestations, Plaintiff suffers no prejudice, which does not appear to be disputed. *Deutsche Bank*, 605 F.3d at 1380 (instructing consideration of "harm *to the opposing party* from restrictions imposed on that party's right to have the benefit of counsel of its choice").

3

TSH, 2021 WL 1621875, at *2 (N.D. Cal. Apr. 27, 2021); *Intell. Ventures I, LLC v. Lenovo Grp. Ltd.*, C.A. No. 16-10860-PBS, 2019 WL 343242, at *4 (D. Mass. Jan. 25, 2019), *reconsideration denied*, 392 F. Supp. 3d 138 (D. Mass. 2019); *EPL Holdings, LLC v. Apple Inc.*, No. C-12-04306 JST JSC, 2013 WL 2181584, at *4 (N.D. Cal. May 20, 2013).

**WSOU mischaracterizes the scope of the Court's acquisition bar.** The acquisition bar adopted here was copied (and now further narrowed) from this Court's prior order in *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, C.A. No. 6:18-00207-ADA, D.I. 93 (W.D. Tex. Sept. 25, 2019) and is tailored to preclude only "acquisition" activities. The language is self-explanatory and does not prohibit advising clients about the assertion of patents against "unrelated parties." (Br. at 4-5 (Court's acquisition bar limited to patents "to be asserted against Defendants").) Nor do Defendants intend that the acquisition bar prohibit Plaintiff's counsel from advising clients with respect to patents already at issue in these cases. If helpful to clarify the scope of the acquisition bar, Defendants propose the following underlined addition:

> … (c) directly or indirectly advise a patent holder, patent owner, company, or investor, or any of its subsidiaries or affiliates, on the selection or valuation <u>(for potential acquisition)</u> of any patent or claim pertaining to the field of the invention of the patents-in-suit asserted or to be asserted against Defendants ….

To the extent "technical experts" and "document vendors" who have access to Defendants' highly sensitive technical information would otherwise intend to participate in the acquisition or valuation of patents to be asserted against Defendants—an unlikely and unsupported conjecture (Opp. at 3.)—they too should be precluded from doing so. The touchstone is whether they will be engaged in "competitive decisionmaking" (against Defendants), not who they are. *See Deutsche Bank*, 605 F.3d at 1378. Regarding WSOU's conjecture about document vendors being prohibited from "participating" in acquisition by hosting data rooms related to an acquisition deal, similar creative hypotheticals can be contrived with respect to a prosecution bar. That is why the Federal

4

Circuit's legal framework has a mechanism for Plaintiff to seek exceptions on an individual basis where non-competitive-decisionmaking conduct is swept in scope. *Id.* at 1381 (allowing exemptions on individual basis upon showing that individual's conduct "does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation"); *Intell. Ventures I*, 392 F. Supp. 3d at 141 ("IV is always free to seek exemptions from the bar on a counsel-by-counsel basis."). That is no reason for the acquisition bar to be denied in its entirety. (*See* Opp. at 7 (quoting *Google LLC v. Sonos, Inc.*, C.A. No. 20-03845-EMC-TSH, 2021 WL 1621875, at *2 (N.D. Cal. Apr. 27, 2021) (emphatically confirming importance of acquisition bar but directing the parties to confer on narrowing to exclude certain administrative activities from the scope).)[2]

The scope of the bar is already narrower than the scope of the highly sensitive technical information that WSOU has requested. WSOU admits that "pertaining to the field of the invention"[3] is appropriate for prosecution bars "where the scope of pending claims is in flux" (Opp. at 3), but offers no explanation for distinguishing patents and claims yet to be obtained by acquisition, including of pending applications, which is at least as "in flux" and as vast in scope. Plaintiff's objection to an acquisition bar, but not a prosecution bar, confirms that recipients of Defendants' sensitive technical information will participate in acquisition activities and thus underscores the importance of maintaining the acquisition bar.

For these reasons and those already set forth in Defendants' prior briefing and oral argument, the Court should deny Plaintiff's request for reconsideration.

---

[2]   To the extent the Court considers the list of cases Plaintiff incorporates by reference to its December 9, 2021 email to the Court, the Court should give them little, if any, weight. Plaintiff offers no comparison to the particular facts of this case, and many of the citations are simply protective order entries with no opinion, much less any analysis.

[3]   Defendants see no meaningful distinction between "field of the invention" and "subject matter of the litigation," and Plaintiff provides none. (Opp. at 4.)

Dated:  December 21, 2021        By:   */s/ Barry K. Shelton*
                                       Barry K. Shelton
                                       Texas State Bar No. 24055029
                                       bshelton@sheltoncoburn.com
                                       **SHELTON COBURN LLP**
                                       311 RR 620, Ste. 205
                                       Austin, TX  78734-4775
                                       Telephone:  512.263.2165
                                       Facsimile:  512.263.2166

                                       Benjamin Hershkowitz
                                       bhershkowitz@gibsondunn.com
                                       Brian A. Rosenthal
                                       brosenthal@gibsondunn.com
                                       Allen Kathir
                                       akathir@gibsondunn.com
                                       Kyanna Sabanoglu
                                       ksabanoglu@gibsondunn.com
                                       **GIBSON, DUNN & CRUTCHER LLP**
                                       200 Park Ave.
                                       NY, NY  10166-0193
                                       Telephone:  212.351.4000
                                       Facsimile:  212.351.4035

                                       Y. Ernest Hsin
                                       ehsin@gibsondunn.com
                                       Jaysen S. Chung
                                       jschung@gibsondunn.com
                                       **GIBSON, DUNN & CRUTCHER LLP**
                                       555 Mission St., Ste. 3000
                                       San Francisco, CA  94105-0921
                                       Telephone:  415.393.8200
                                       Facsimile:  415.393.8306

                                       Ryan K. Iwahashi
                                       riwahashi@gibsondunn.com
                                       **GIBSON, DUNN & CRUTCHER LLP**
                                       1881 Page Mill Rd.
                                       Palo Alto, CA  94304-1211
                                       Telephone:  650.849.5300
                                       Facsimile:  650.849.5333

                                       Emily M. Whitcher
                                       ewhitcher@gibsondunn.com
                                       Andrew P. Blythe
                                       ablythe@gibsondunn.com

6

Nathaniel R. Scharn
nscharn@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:  949.451.4220

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of December, 2021, I caused the following parties and counsel to be served by electronic means by filing this document with the Court's ECF system.

*/s/ Barry K. Shelton*
Barry K. Shelton
