IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>Defendants. | Case No. 6:20-cv-00475-ADA<br><br>**JURY TRIAL DEMANDED** |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT**

Defendants Dell Technologies, Inc., Dell Inc., and EMC Corporation (collectively, "Defendants"), by and through their attorneys, respectfully submit this Answer to the First Amended Complaint for Patent Infringement ("First Amended Complaint") of WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff"). Defendants respond in numbered paragraphs corresponding to the numbered paragraphs of the First Amended Complaint, and in doing so deny the allegations of the First Amended Complaint except as specifically stated.

**NATURE OF THE ACTION**

1. Paragraph 1 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that WSOU has stated a legally sufficient claim for patent infringement, and further specifically deny any infringement or liability.

## THE PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore deny these allegations.

3. Admitted.

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. Paragraph 6 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit that patent infringement actions arise under the Patent Laws of the United States, including 35 U.S.C. §§ 271, 281, 284, and 285.

7. Paragraph 7 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over claims of patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Paragraph 8 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest that the Court has personal jurisdiction over them for the purposes of this action and deny any acts of infringement.

9. Paragraph 9 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest venue is proper in this District for purposes of this action, deny any acts of infringement, and admit Defendants have a place of business in the Western District of Texas. As detailed in the Motion for Intra-District Transfer of Venue to the Austin Division of the Western District of Texas (D.I. 42, 60), however, Defendants do contest that the Waco Division is the most convenient venue for this action.

**COUNT ONE – INFRINGEMENT OF**
**U.S. PATENT NO. 7,453,888**

10.     Defendants incorporate and re-allege their answers to Paragraphs 1 through 9.

11.     Defendants admit that Exhibit A to WSOU's First Amended Complaint purports to be a copy of the '888 patent. Defendants admit that on its face, the '888 patent is titled "Stackable Virtual Local Area Network Provisioning in Bridged Networks" and that on its face it bears an issuance date of November 18, 2008. Defendants deny that the '888 patent is valid. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore deny these allegations.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore deny these allegations.

13.     This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. Defendants offer Force 10 MXL switches for sale. Defendants expressly deny any allegation of wrongdoing or infringement in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, and therefore deny these allegations.

14.     This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. Defendants' Accused Products can support Virtual Local Area Network or "VLAN" functionality, depending upon the customer's network and configurations. Defendants, however, lack knowledge or information about how a customer configures the Accused Products. Defendants expressly deny any allegation

of wrongdoing or infringement in this paragraph. Defendants otherwise deny the allegations contained in Paragraph 14.

15. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself. Defendants' Accused Products allow users to configure links using the "spanning-tree pvst edge port," but Defendants advise that it should only be enabled on links connecting the switch to an end station and never on ports that connect to other switches. Defendants, however, lack knowledge or information about precisely how a customer configures the Accused Products. Defendants expressly deny any allegation of wrongdoing or infringement in this paragraph. Defendants otherwise deny the allegations contained in Paragraph 15.

16. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself. Defendants expressly deny any allegation of wrongdoing or infringement in this paragraph. Defendants otherwise deny the allegations contained in Paragraph 16.

17. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself. Defendants' Accused Products allow users to configure links using the "spanning-tree pvst edge port," but Defendants advise that it should only be enabled on links connecting the switch to an end station and never on ports that connect to other switches. Defendants, however, lack knowledge or information about precisely how a customer configures the Accused Products. Defendants expressly deny any allegation of

wrongdoing or infringement in this paragraph. Defendants otherwise deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.[1]

21. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. Defendants expressly deny any allegation of wrongdoing or infringement in this paragraph. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

## RESPONSE TO WSOU'S JURY DEMAND

Defendants also request a jury trial for all issues triable as such.

## RESPONSE TO WSOU'S REQUEST FOR RELIEF

No response is required to WSOU's request for relief. To the extent that a response is deemed required, Defendants have not infringed, directly or indirectly, any valid and enforceable claim of the '888 patent, and WSOU is not entitled to any remedy or recovery. WSOU's request therefore should be denied in its entirety and with prejudice, and WSOU should take nothing.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants assert the following defenses. Assertion of a defense is not a concession that Defendants have the burden of proving the matter

---

[1] To the extent a response is required to Paragraph 20, note 1, Defendants deny that the knowledge of a plaintiff's patent after the lawsuit was filed is sufficient to plead requisite knowledge for indirect infringement. *See* D.I. 74, 76:16–17 (dismissing indirect infringement claims).

asserted. In addition to the defenses described below, Defendants expressly reserve the right to allege additional defenses as they become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Defendants repeat and re-allege the allegations of the preceding Paragraphs as if set forth fully herein.

2. WSOU's First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

3. Defendants repeat and re-allege the allegations of the preceding Paragraphs as if set forth fully herein.

4. Defendants do not infringe, and have not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '888 patent, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

## THIRD AFFIRMATIVE DEFENSE

### (Patent Ineligibility and Invalidity)

5. Defendants repeat and re-allege the allegations of the preceding Paragraphs as if set forth fully herein.

6. The asserted claims of the '888 patent, as properly construed, are ineligible, invalid, void, and/or unenforceable for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not

limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 132 and for improper inventorship and derivation.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

7.  Defendants repeat and re-allege the allegations of the preceding Paragraphs as if set forth fully herein.

8.  WSOU is precluded from construing any valid claim of the '888 patent to be infringed, literally or under the doctrine of equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the '888 patent, (b) in the specification and claims of the '888 patent, and/or (c) during the prosecution of patents and applications related to the '888 patent.

## FIFTH AFFIRMATIVE DEFENSE
### (Statutory Limitation on Damages)

9.  Defendants repeat and re-allege the allegations of the preceding Paragraphs as if set forth fully herein.

10. WSOU's right to seek damages or costs is limited, including without limitation by 35 U.S.C. §§ 286, 287, and 288.

11. To the extent that WSOU, its alleged predecessor(s)-in-interest to the '888 patent, or any licensee of the '888 patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendants' actions allegedly infringed any claim of the '888 patent, Defendants are not liable to WSOU for the acts alleged to have been performed by Defendants before they received actual notice of alleged infringement.

## SIXTH AFFIRMATIVE DEFENSE

**(No Enhanced Damages; No Attorneys' Fees)**

12. Defendants repeat and re-allege the allegations of the preceding Paragraphs as if set forth fully herein.

13. WSOU is not entitled to enhanced damages under 35 U.S.C. § 284, at least because WSOU has failed to show, and cannot show, that any infringement has been willful and/or knowing.

14. WSOU is not entitled to an award of attorneys' fees under 35 U.S.C. § 285, at least because WSOU has failed to show, and cannot show, that this case is "exceptional" in WSOU's favor as would be required by the statute.

## SEVENTH AFFIRMATIVE DEFENSE

**(No Costs)**

15. Defendants repeat and re-allege the allegations of the preceding Paragraphs as if set forth fully herein.

16. Under 35 U.S.C. § 288, WSOU is precluded from recovering costs associated with this action.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray that

(a) WSOU take nothing by way of this action;

(b) The First Amended Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

(c) The Court finds this case exceptional and awards Defendants their reasonable attorneys' fees and costs of defending suit pursuant to 35 U.S.C. § 285; and

  (d) Defendants be awarded costs of suit, attorneys' fees, and any other relief that the Court deems proper.

| | | |
|---|---|---|
| Dated: March 23, 2022 | By: | */s/ Barry K. Shelton* |

            Barry K. Shelton
            Texas State Bar No. 24055029
            bshelton@winston.com
            **WINSTON & STRAWN LLP**
            2121 North Pearl Street, Suite 900
            Dallas, TX  75201
            Telephone: 214-453-6407
            Facsimile: 214-453-6400

            Benjamin Hershkowitz
            bhershkowitz@gibsondunn.com
            Brian A. Rosenthal
            brosenthal@gibsondunn.com
            Allen Kathir
            akathir@gibsondunn.com
            **GIBSON, DUNN & CRUTCHER LLP**
            200 Park Avenue
            New York, NY  10166-0193
            Telephone: 212.351.4000
            Facsimile: 212.351.4035

            Y. Ernest Hsin
            ehsin@gibsondunn.com
            Jaysen S. Chung
            jschung@gibsondunn.com
            **GIBSON, DUNN & CRUTCHER LLP**
            555 Mission Street, Suite 3000
            San Francisco, CA  94105-0921
            Telephone: 415.393.8200
            Facsimile: 415.393.8306

            Ryan K. Iwahashi
            riwahashi@gibsondunn.com
            **GIBSON, DUNN & CRUTCHER LLP**
            1881 Page Mill Road
            Palo Alto, CA  94304-1211
            Telephone: 650.849.5300
            Facsimile: 650.849.5333

            *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 23, 2022, I caused the preceding document to be served on all counsel through the Court's ECF system.

*/s/ Barry K. Shelton*
Barry K. Shelton
