**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>        Plaintiff,<br><br>  v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>        Defendants. | Case No. 6:20-cv-00475-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE BASIS OF INELIGIBILITY UNDER 35 U.S.C. 101 OF U.S. PATENT NO. 7,453,888

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ............................................................................................................1

II.     BACKGROUND ............................................................................................................1

        A.     Admitted Prior Art:  Core Networks and Spanning Tree Protocols ..................... 1

        B.     Admitted Prior Art:  The Riverstone Solution: Stackable VLANs........................ 2

        C.     The Asserted Patent ................................................................................. 3

        D.     Procedural Background......................................................................................... 6

        E.     Claim Construction ............................................................................... 6

III.    LEGAL STANDARD...........................................................................................7

IV.     ARGUMENT ..........................................................................................................9

V.      CONCLUSION.....................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
890 F.3d 1354 (Fed. Cir. 2018)..................................................................................16

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*,
838 F.3d 1253 (Fed. Cir. 2016)..............................................................9, 11, 13, 15

*Alice Corp. v. CLS Bank Int'l*,
573 U.S. 208 (2014).................................................................................9, 12, 13, 14

*Berkheimer v. HP Inc.*,
890 F.3d 1369 (Fed. Cir. 2018).........................................................................13, 14

*In re Bilski*,
545 F.3d 943 (2008), *aff'd sub nom. Bilski v. Kappos*, 561 U.S. 593 (2010)...........................8

*buySAFE, Inc. v. Google, Inc.*,
765 F.3d 1350 (Fed. Cir. 2014)..................................................................................14

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
927 F.3d 1306 (Fed. Cir. 2019)..................................................................................15

*ChargePoint, Inc. v. SemaConnect, Inc.*,
920 F.3d 759 (Fed. Cir. 2019)................................................................................8, 12

*Cisco Sys., Inc. v. Uniloc 2017 LLC*,
813 F. App'x 495 (Fed. Cir. 2020) ..............................................................................8

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
859 F.3d 1352 (Fed. Cir. 2017)....................................................................................8

*Credit Acceptance Corp. v. Westlake Servs.*,
859 F.3d 1044 (Fed. Cir. 2017)...........................................................................10, 12

*Doe v. MySpace, Inc.*,
528 F.3d 413 (5th Cir. 2008) .......................................................................................7

*Elec. Power Grp. LLC v. Alstom S.A.*,
830 F.3d 1350 (Fed. Cir. 2016)..................................................................................12

*Health Discovery Corp. v. Intel Corp.*,
No. 6:20-cv-666, 2021 WL 6116891 (W.D. Tex. Dec. 27, 2021)........................5, 8

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
850 F.3d 1332 (Fed. Cir. 2017)..................................................................................15

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Intellectual Ventures I LLC v. Symantec Corp.*,
 838 F.3d 1307 (Fed. Cir. 2016)......................................................................................10

*Kumar v. Ovonic Battery Co.*,
 351 F.3d 1364 (Fed. Cir. 2003)........................................................................................8

*Mortgage Grader Inc. v. First Choice Loan Servs. Inc.*,
 811 F.3d 1314 (Fed. Cir. 2016)......................................................................................10

*OIP Techs., Inc. v. Amazon.com, Inc.*,
 788 F.3d 1359 (Fed. Cir. 2015)......................................................................................10

*PersonalWeb Techs. LLC v. Google LLC*,
 8 F.4th 1310 (Fed. Cir. 2021) .......................................................................................10

*SAP Am., Inc. v. InvestPic, LLC*,
 898 F.3d 1161 (Fed. Cir. 2018)........................................................................................8

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
 873 F.3d 905 (Fed. Cir. 2017)...........................................................................8, 10, 11, 14

*Two-Way Media Ltd. v. Comcast Cable Comm'ns, LLC*,
 874 F.3d 1329 (Fed. Cir. 2017)................................................................................12, 13

*Ultramercial, Inc. v. Hulu, LLC*,
 772 F.3d 709 (Fed. Cir. 2014)........................................................................................12

*USC IP Partnership, L.P. v. Facebook, Inc.*, 6:20-cv-555 (Dec. 20, 2021) .................................16

*V-Formation, Inc. v. Benetton Grp. SpA*,
 401 F.3d 1307 (Fed. Cir. 2005)........................................................................................8

*Versata Dev. Grp., Inc. v. SAP Am., Inc.*,
 793 F.3d 1306 (Fed. Cir. 2015), *abrogated on other grounds by Thryv, Inc. v.*
 *Click-to-Call Techs, LP*, 140 S. Ct. 1367 (2020).....................................................14

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
| --- | --- |
| '888 patent | U.S. Patent No. 7,453,888 |
| Asserted Claims | Claims 1, 2, 11, 12, 13, 15, 19, 20 of the '888 Patent |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| IEEE | Institute of Electrical and Electronics Engineers |
| VLAN | Virtual Local Area Network |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing  and Development |

WSOU filed its Amended Complaint alleging that Defendants infringe the '888 patent. D.I. 34.  Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants respectfully move this Court to enter judgment against WSOU on its Amended Complaint because the Asserted Claims are directed to ineligible subject matter.

## I.      INTRODUCTION

The Asserted Claims in this case are directed to an abstract idea:  associating traffic with a resource.  Specifically, the claims recite assigning traffic for different virtual networks (VLANs) to network links (trunk ports).  But the association of traffic with resources is an abstract idea that humans have done throughout history in non-technological contexts, such as when specific flight numbers are assigned to gates in an airport terminal.

The claims contain nothing inventive beyond merely reciting making such an assignment in the context of a well-known, conventional technological environment.  The Asserted Claims do not purport to claim a new type of network system or any novel components.  They instead recite generic, well-known network components—VLANs, trunks, and ports—to associate VLAN traffic with the network links.  WSOU has not alleged otherwise.  Nor could it; the patent explicitly and repeatedly states that the environment that is recited in the claims is conventional and prior art. Indeed, during claim construction, WSOU fervently argued that each disputed limitation was subject to its "plain and ordinary meaning."

Consistent with Supreme Court precedent, patent protection does not extend to claims like this, which take an abstract idea and simply "apply it" on a well-known computer network. Judgment on the pleadings should thus be granted.

## II.      BACKGROUND

### A.      Admitted Prior Art:  Core Networks and Spanning Tree Protocols

The '888 patent generally relates to the routing of VLAN traffic within the core network

1

of an internet service provider. *See* '888 patent, 6:10–12. The patent itself acknowledges that routing VLAN traffic through core networks was already well-known in the art. *See* Fig. 3, reproduced in Section C, *infra*. According to the Background in the patent, network traffic for a VLAN is routed through the core network over links called backbone VLAN "trunks," which connect routers in the core network. *See id.*, 3:46-56. Because there is redundancy in the core network in case of failures, core networks use "spanning-tree protocols" or "STPs" to avoid loops within the network. The STP could place some of the trunks into an "in-use" state and others into a "stand-by" state to avoid these loops. *See id.*, 3:57-67. Administrators would provision, or set up, VLANs to use only the in-use trunks. *See id.*, 4:41-49. According to the patent, the STP needs to be recalculated whenever there is a failure in the network, resulting in different "in-use" and "stand-by" assignments to the trunks. The patent explains that, whenever an STP is recalculated, administrators would need to manually reassign VLANs to new "in-use" links, which can be very time consuming. *See id.*, 4:41-49. All of this background is explicitly recited as prior art to the patent, and labeled as such in the figures. *See id*., 3:9-6:6, Figs. 1, 2.

### B.    Admitted Prior Art:  The Riverstone Solution: Stackable VLANs

As further explained in the Background of the patent, VLAN traffic is assigned to in-use VLAN trunks by assigning the VLAN ID with each VLAN to a specific VLAN trunk. A VLAN trunk is a physical link between two components in the network. *See id*., 3:53-56. The network traffic for a VLAN with a specific VLAN ID is then routed over the VLAN trunk associated with the corresponding VLAN ID. *See id.*, 4:15-37. These VLAN IDs are defined by the IEEE 802.1Q VLAN standard. *Id*., 5:11-17. According to the patent, however, due to the popularity in VLANs, the same VLAN ID may be used by different networks, resulting in the use of the same VLAN trunk for different private networks, which could cause inadvertent sharing between those private networks. *See id.*, 5:40-48.

2

The Background describes one well-known prior art technique to prevent the inadvertent sharing of VLAN IDs; using "stackable VLANs," which is an extension to the IEEE VLAN standard proposed by Riverstone Networks.  *Id.*, 5:49-62.  As depicted in Figure 2 which the patent labels as "PRIOR ART," the Riverstone solution called "stackable VLANs" extends the standard VLAN header (in yellow below) by adding additional bits (Extended VLAN Header (in pink below)) to further identify the VLAN.  These added bits prevent sharing of the same VLAN ID as there are more unique VLAN IDs due to the presence of the added bits.



These "extended VLAN identifiers are known as backbone VLAN identifiers defining corresponding backbone VLANs."  *Id.*, 8:22-24. And, the "trunk ports supporting the Riverstone solution are known as stackable trunk ports and the data transport trunk links associated therewith are known as backbone trunks."  *Id.*, 8:24-27.  Again, all of this is prior art, and not part of the alleged invention.

## C.    The Asserted Patent

The '888 patent describes and claims simply assigning these well-known backbone VLAN identifiers to corresponding backbone VLANs in a network that uses the prior art Riverstone solution.   The claimed backbone VLAN depicted in Figure 3 contains these conventional components described in the Background of the patent (annotations added):



FIG. 3

The claimed provisioning methods involve the association of backbone VLAN ID with stackable trunk ports (302) corresponding to backbone VLAN trunks (308) on core routers (306). *See id.*, 8:61–9:3, 10:18–24.

The only allegedly novel feature of the claims is the "wherein" clause at the end, which requires require that the association of backbone VLAN IDs with stackable trunk ports is done "irrespective of one of an in-use and a stand-by designation" of the backbone VLAN trunks and stackable trunk ports. *Id.*, cl. 1; *see also id.* cl. 15. That is it. Every other feature of the claims is **admitted** to be prior art. According to the patent, the provisioning method assigns backbone VLAN IDs to "all backbone trunk links 308 in the service provider's data transport network 100— including stand-by designated backbone trunk links 308-dashed." *Id.*, 8:62-65. This effectively pre-assigns VLANs to specific backup links in case there is a failure. The supposed advantage of this is "the backbone trunk links 308 dashed [are] ready to carry VLAN traffic should the spanning-

tree reconfigure" in the event of a failure.  *Id.*, 9:17-19.

Claim 1 is representative of the asserted claims.  As discussed above, the highlighted portions of the claims are ***admitted*** to be prior art, leaving only the "wherein" clause as the allegedly novel feature.

| Limitation | Disclosure in Background |
|---|---|
| A method of provisioning a backbone Virtual Local Area Network (VLAN) comprising: | '888 Patent, 4:41-49 |
| a. obtaining at least one backbone VLAN Identifier (ID); | '888 Patent, 4:15-37, 5:11-17 |
| b. selecting a plurality of backbone VLAN trunks; and | '888 Patent, 3:46-56 |
| c. associating each of the backbone VLAN ID with each one of the plurality of backbone VLAN trunks by: | '888 Patent, 4:41-49 |
| c1. determining a plurality of stackable trunk ports corresponding to the plurality of backbone VLAN trunks; and | '888 Patent, 5:49-62, Fig. 2 |
| c2. associating the backbone VLAN ID with each one of the plurality of stackable trunk ports; | '888 Patent, 4:41-49, 5:49-62, Fig. 2 |
| wherein the selection and association of the at least one backbone VLAN ID with each one of the corresponding plurality of backbone VLAN trunks is undertaken irrespective of one of an in-use and a stand-by designation of each one of the plurality of backbone VLAN trunks and each one of the plurality of stackable trunk ports. | '888 Patent, 3:46-56, 3:57-67 |

Claim 15, the only other asserted independent claim, recites the same basic steps.  *See* Appendix A*; Health Discovery Corp. v. Intel Corp.*, No. 6:20-cv-666, 2021 WL 6116891, at *4 (W.D. Tex. Dec. 27, 2021) (holding a claim to be representative because "it, like the other asserted claims, encapsulates [the abstract idea] and recites little, if anything, more than that").

In other words, the claims require merely making an association between traffic (*i.e.* the well-known VLAN identifier) and a resource (*i.e.,* a trunk port), wherein the assignment is made both for in-use and standby trunks.  By way of analogy, this is like assigning an incoming flight to a gate of a terminal, as well as one or more backup gates, in the event the desired gate is unavailable.  There is nothing more to the claims.  For instance, there is no requirement of *how* the

associations are made or *whether or how* the associations are even used for any purpose.  Instead, the claims merely describe making an association between two things.

### D.     Procedural Background

WSOU filed its Original Complaint on June 2, 2020 and its First Amended Complaint on October 19, 2020, each asserting infringement of at least claim 1 of the '888 patent.  D.I. 1; D.I. 34 ¶ 18.  In both complaints, WSOU made no allegations concerning the patent eligibility of the '888 patent claims or any alleged non-conventionality of the claim limitations.

Defendants moved to dismiss WSOU's First Amended Complaint on the basis that WSOU failed to state a claim for direct and indirect infringement.  D.I. 37.  At the December 21, 2020 hearing on the motion to dismiss, the Court granted without prejudice Defendants' motion to dismiss WSOU's indirect infringement and willful infringement claims.  D.I. 74 at 76:16-17.  The motion with respect to WSOU's direct infringement claims remains pending.

### E.     Claim Construction

The Court subsequently held a claim construction hearing and, on May 27, 2021, the Court issued its claim construction order.  D.I. 108.  During claim construction, the Court addressed three terms in the asserted claims.

*"stackable trunk port"* – The Court found that "stackable trunk port" referred to a "trunk port supporting the Riverstone solution (i.e., the additional extension 802.1Q packet header)." This additional extension in an 802.1Q packet header is detailed in Figure 2, which the patent labels prior art.

*"backbone VLAN trunk"* – Defendants argued that "backbone VLAN trunk" should be construed to mean "data transport trunk links defined between stackable trunk ports on core routers."  D.I. 88 at 15-17.  WSOU argued that this term is not limited to a link between stackable

6

trunk ports or core routers.  D.I. 90 at 7-8.  The Court rejected Defendants' proposed construction, adopting the plain and ordinary meaning.  D.I. 108 at 6.

*"wherein the selection and association of at least one backbone VLAN ID with each one of the corresponding plurality of backbone VLAN trunks is undertaken irrespective of one of an in-use and a stand-by designation of each one of the plurality of backbone VLAN trunks and each one of the plurality of stackable trunk ports" (claim 1) / "wherein the association of the plurality of backbone VLAN IDs with the backbone VLAN trunk is undertaken irrespective of one of an in-use and a stand-by designation of the backbone VLAN trunk and the at least one stackable trunk port" (claim 15)* – Defendants argued that this limitation requires that the system ignores the designation of a VLAN trunk as in-use or stand-by when provisioning backbone VLAN IDs to backbone VLAN trunks, based on statements made during prosecution history.  Defendants argued that, during prosecution, the applicant distinguished a system that explicitly designates one port as active and others as backup and the claims therefore cannot read on that type of system.  WSOU argued that this limitation simply requires associating stackable trunk ports (whether in-use or stand-by) with a VLAN ID, and that the prosecution history does not further limit the claims.  D.I. 85 at 12.  The Court rejected Defendants' proposed construction, adopting the plain and ordinary meaning.  D.I. 108 at 7.

### III.    LEGAL STANDARD

**Judgment on the Pleadings.**  As with dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, judgment on the pleadings should be granted under Rule 12(c) if a complaint fails to "plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted).  Judgment on the pleadings should be granted where "'there are no factual allegations that, taken as true, prevent resolving the [patent]

eligibility question as a matter of law.'" *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 765 (Fed. Cir. 2019) (citation omitted).

The Federal Circuit has recognized that patent eligibility "may be, and frequently has been, resolved on a Rule 12(b)(6) or (c) motion," even "before claim construction or significant discovery has commenced" and "based on intrinsic evidence from the specification without need for 'extraneous fact finding outside the record.'" *See SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018); *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017); *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 912 (Fed. Cir. 2017). This Court has recognized that although "claim construction disputes may bar a patent-eligibility determination at the Rule 12(b)(6) stage," there is no such "impediment" where claim construction has already occurred. *Health Discovery Corp.*, 2021 WL 6116891, at *4.

In addition, the Federal Circuit has "established that 'prior art cited in a patent or cited in the prosecution history of the patent constitutes intrinsic evidence.'" *V-Formation, Inc. v. Benetton Grp. SpA*, 401 F.3d 1307, 1311 (Fed. Cir. 2005) (quoting *Kumar v. Ovonic Battery Co.*, 351 F.3d 1364, 1368 (Fed. Cir. 2003)). The court likewise has made clear that "conclusory statements regarding eligibility" need not be accepted as true and "d[o] not preclude dismissal." *See, e.g.*, *Cisco Sys., Inc. v. Uniloc 2017 LLC*, 813 F. App'x 495, 498–99 (Fed. Cir. 2020). Finally, the Federal Circuit has held that "a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols.*, 873 F.3d at 913 (citation omitted).

**Patent Eligibility.** The legal question of patent eligibility involves a two-step "threshold inquiry." *In re Bilski*, 545 F.3d 943, 950 (2008), *aff'd sub nom. Bilski v. Kappos*, 561 U.S. 593 (2010). Step One asks whether the claims are directed to an ineligible "concept[]," such as an

8

"abstract idea." *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014).  If so, Step Two asks whether the claims involve a specific "inventive concept" that "amounts to significantly more than a patent upon the [abstract idea] itself."  *Id.* at 218.

## IV.   ARGUMENT

The asserted claims are directed to the abstract idea of associating traffic with a resource. There is no inventive concept that would save them from ineligibility under *Alice* Step Two. Accordingly, the asserted claims are ineligible under Section 101 of the Patent Act, and the Complaint should be dismissed on the pleadings.

### A.   *Alice* Step One:  The Asserted Claims are Directed to an Abstract Idea

The Asserted Claims are directed to the abstract idea of associating traffic with a resource, specifically VLAN traffic with physical backbone VLAN trunks.  Associating traffic with resources is not a technological improvement; it is something humans have done throughout history, and continue to do to this day.  As discussed above, flights with specific flight numbers are assigned to gates at an airport.  Many other analogies abound.

To determine whether a claim is directed to an abstract idea, courts "look at the '***focus of the claimed advance over the prior art***' to determine if the claim's 'character as a whole' is directed to excluded subject matter."  *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016) (emphasis added).  Here, the patent explains that all of the different terms and components—VLANs, backbone VLAN IDs, backbone VLAN trunks, stackable trunk ports, and in-use/stand-by designations—were well known in the prior art.  Even the Riverstone solution for "stackable trunk ports" as construed by the Court was acknowledged to be part of the prior art by the patent in Figure 2, which is labeled "Prior Art."  The claims simply recite

associating VLAN traffic with different backbone VLAN trunks (resources) in a system using stackable trunk ports.  This is precisely the abstract idea to which the claims are directed.

Nothing in the claims changes the focus.  The claims simply recite, in functional language, that the association is made.  There is nothing in the claims that limits ***how*** the associations are made.  As acknowledged by the patent, administrators already knew how to associate VLAN traffic with different backbone VLAN trunks.  '888 patent, 4:41-49.  Automating a manual process is an abstract idea and does not change the focus of the claims.  *See Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017) ("Our prior cases have made clear that ***mere automation of manual processes using generic computers does not constitute a patentable improvement*** in computer technology." (emphasis added)).  As the Federal Circuit has consistently held, "relying on a computer to perform routine tasks more quickly or more accurately is insufficient to render a claim patent eligible."  *OIP Techs., Inc. v. Amazon.com, Inc*., 788 F.3d 1359, 1363 (Fed. Cir. 2015) (collecting cases).

The Federal Circuit has held other method claims with functional limitations that do not recite how to perform the function to be ineligible.  For example, the Federal Circuit has held claims that associate different things, like the claims here, to be ineligible.  *See, e.g.*, *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310 (Fed. Cir. 2021) (associating content-dependent names with authorization); *Intellectual Ventures I LLC v. Symantec Corp*., 838 F.3d 1307 (Fed. Cir. 2016) (claims reciting associating files with characteristics); *Mortgage Grader Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314 (Fed. Cir. 2016) (claims reciting associating borrowers with loan packages).  As another example, in *Secured Mail Solutions LLC v. Universal Wilde, Inc.*, the claims were directed to a method of encoding data into a mail object, but did not set forth how the encoding was to be performed.  873 F.3d 905, 910 (Fed. Cir. 2017).  "No special rules or details

10

of the computers, databases, printers, or scanners are recited." *Id*.  The same is true here.  The asserted claims are directed to a method of provisioning identifiers (backbone VLAN IDs) to different paths (backbone VLAN trunks), but the claims do not set forth how the provisioning is performed.  *See id*.  To the contrary, the claims simply recite doing the provisioning on "stackable trunk ports," or networks using the Riverstone solution.  But limiting the field of use to networks using the Riverstone solution, which the patent itself acknowledges as part of the prior art, does not change the direction of the claims.  *See Affinity Labs*, 838 F.3d at 1259 ("[M]erely limiting the field of use of the abstract idea to a particular . . . environment does not render the claims any less abstract.").  As in *Secured Mail*, here, there are no special rules or details about the underlying network, consisting of all well-known, conventional components—e.g., VLANs, VLAN IDs, VLAN trunks, stackable trunk ports.  873 F.3d at 910.

The allegedly-novel "wherein" clause does not change the abstractness of the claim.  Indeed, that clause merely requires (at WSOU's urging) assigning VLAN IDs to both in-use and stand-by trunks.  Assigning ID numbers to paths that are not used right away is no less abstract than assigning ID numbers to paths that are used immediately.  As discussed above, this is like assigning a flight to a gate of an airport terminal, and also assigning it to a backup gate in case the desired gate is unavailable when the flight lands. There is nothing technological or non-abstract about this idea.

The abstractness of this limitation was confirmed by WSOU in its arguments during claim construction.  D.I. 85 at 12 (arguing that this limitation simply required associating all stackable trunk ports (whether in-use or stand-by) with a VLAN ID).  For example, WSOU argued that Defendants' proposed construction was wrong because it "appears to have an affirmative act

component of 'designating,' which does not appear in the claim language." *See id*. WSOU reiterated that there was no disavowal in the prosecution history.  D.I. 90 at 9; D.I. 101 at 41-42.

**B.**    ***Alice* Step Two:  The Asserted Claims Do Not Include an Inventive Concept**

At Step Two, the Court "must examine the limitations of the claims to determine whether the claims contain an 'inventive concept' to 'transform' the claimed abstract idea into patent-eligible subject matter." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 221).  Because the Federal Circuit has "repeatedly held" that "invocations of computers and networks that are not even arguably inventive are 'insufficient to pass the test of an inventive concept,'" *Elec. Power Grp. LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016) (citation omitted), part of the inquiry at Step Two is to determine whether the claims "require[] anything other than conventional computer and network components operating according to their ordinary functions." *Two-Way Media Ltd. v. Comcast Cable Comm'ns, LLC*, 874 F.3d 1329, 1341 (Fed. Cir. 2017).  But, as the Federal Circuit has made clear, even "adding novel or non-routine components is not necessarily enough to survive a § 101 challenge." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 773 (Fed. Cir. 2019) (citation omitted). "Instead, the inventive concept must be 'sufficient to ensure that the patent in practice amounts to significantly more' than a patent on the abstract idea." *Id*. (citation omitted).

Here, there is no inventive concept in the claims that renders them "significantly more" than a patent on the abstract idea of associating traffic with resources.  The limitations simply recite admittedly well-known components used for their customary purpose.

***"method of provisioning a backbone Virtual Local Area Network (VLAN)"*** – According to the Background section of the patent, administrators were capable of provisioning backbone VLANs prior to the '888 patent, and automating a manual task to make it more efficient does not add inventive concept.  '888 patent, 4:41-49; *see Credit Acceptance*, 859 F.3d at 1055.

12

*"obtaining at least one backbone VLAN Identifier (ID)"* – Obtaining an existing number—the backbone VLAN ID defined by the IEEE 802.1Q standard in combination with the Riverstone extension, both of which the patent explicitly states to be part of the prior art in the Background and Figure 2—does not constitute inventive concept.  '888 patent, 4:15-30, 5:49-62, Fig. 2.

*"selecting a plurality of backbone VLAN trunks"* – Selecting existing network links (or existing resources)—backbone VLAN trunks, which are described in the Background—likewise does not constitute inventive concept.  '888 patent, 3:46-56, 5:49-62.

*"associating each of the backbone VLAN ID with each one of the plurality of backbone VLAN trunks by: determining a plurality of stackable trunk ports corresponding to the plurality of backbone VLAN trunks and associating the backbone VLAN ID with each one of the plurality of stackable trunk ports"* – This limitation is the abstract idea itself:  associating traffic with resources (i.e., the network trunks).  Abstract ideas cannot add inventive concept.  *See Berkheimer v. HP Inc.*, 890 F.3d 1369, 1374 (Fed. Cir. 2018) (denial of rehearing *en banc*) ("It is clear from *Mayo* that the 'inventive concept' cannot be the abstract idea itself, and *Berkheimer* and *Aatrix* leave untouched the numerous cases from this court which have held claims ineligible because the only alleged 'inventive concept' is the abstract idea.").  Limiting the concept of associating traffic with resources specifically to stackable trunk ports is just a field of use limitation that does not add inventive concept.  *See Alice*, 573 U.S. at 223; *Two-Way Media Ltd.*, 874 F.3d at 1341 (holding that claims reciting generic networking components do not add inventive concept); *Affinity Labs*, 838 F.3d at 1259 ("[M]erely limiting the field of use of the abstract idea to a particular . . . environment does not render the claims any less abstract.").

13

***"wherein the selection and association of the at least one backbone VLAN ID with each one of the corresponding plurality of backbone VLAN trunks is undertaken irrespective of one of an in-use and a stand-by designation of each one of the plurality of backbone VLAN trunks and each one of the plurality of stackable trunk ports"*** – During claim construction, WSOU argued that the plain and ordinary meaning of this limitation simply required associating stackable trunk ports (whether in-use or stand-by) with a VLAN ID.  D.I. 85 at 12.  The Court rejected Defendants' construction in favor of the plain and ordinary meaning.  Under WSOU's construction, this limitation just recites that the traffic is associated with resources whether or not they are in-use or stand-by.  This is part of the abstract idea itself and does not add inventive concept.  *Berkheimer*, 890 F.3d at 1374.  There is nothing less abstract about assigning ID numbers to links to be used later instead of being used right away.

Just as each individual limitation fails to provide an inventive concept, the steps considered collectively—as an ordered combination—still convey nothing inventive.  The claimed collection of steps (which, at most, involves receiving and associating known information with standard network resources) is undisputedly well-known and, as discussed above, has been consistently held to be abstract.  *See, e.g.*, *Secured Mail*, 873 F.3d at 910; *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014).  The combination of steps therefore recites nothing more than the abstract idea itself and "add[s] nothing that is not already present when the steps are considered separately."  *Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1334 (Fed. Cir. 2015), *abrogated on other grounds by Thryv, Inc. v. Click-to-Call Techs, LP*, 140 S. Ct. 1367 (2020).

Claim 15, the only other independent claim, recites the same basic steps and does not contain an inventive concept for the same reasons.  *See* Appendix A; *Alice*, 573 U.S. at 227

("Because petitioner's system and media claims add nothing of substance to the underlying abstract idea, we hold that they too are patent ineligible under § 101.").

The dependent claims likewise fail to recite inventive concept.

*Claim 2* recites keeping track of previous backbone VLAN IDs.  *See* Appendix A.  Storing previous information is itself an abstract idea and does not add inventive concept.  *See Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1341 (Fed. Cir. 2017) ("[The claims] merely restate their individual functions—i.e., organizing, mapping, identifying, defining, detecting, and modifying.  That is to say, they merely describe the functions of the abstract idea itself, without particularity.  This is simply not enough under step two.").

*Claims 11 and 19* recite commanding the stackable trunk ports to enable support for backbone VLAN ID communications.  *See* Appendix A.  This functional limitation does not add inventive concept because it just confirms that the ports are configured to perform the recited task: supporting backbone VLAN ID communications.  *See Affinity Labs*, 838 F.3d at 1265 (explaining the only limitations not directed to the abstract idea itself "describe purely conventional features of cellular telephones and the applications that enable them to perform particular functions.  They therefore do not meaningfully limit the scope of the claims.").

*Claims 12 and 20* recite checking the status of a backbone VLAN trunk or port.  *See* Appendix A.  Checking the status of a method is itself an abstract idea and does not add inventive concept.  *See Capital One*, 850 F.3d at 1341.

*Claim 13* recites defining a switching rule by, for example, binding a VLAN access port to a stackable trunk port.  *See* Appendix A.  This does not add an inventive concept because creating an association between two well-known components is itself an abstract idea and cannot add inventive concept.  *See Capital One*, 850 F.3d at 1341.  *Cf. Cellspin Soft, Inc. v. Fitbit, Inc.*, 927

F.3d 1306, 1317-18 (Fed. Cir. 2019) (reinforcing that "what makes the claims inventive [must be] recited by the claims").

### C.     There are No Possible Factual Disputes

A claim may be held ineligible on a motion to dismiss where, as here and in *Mayo*, the specification admits that the additional claim elements (beyond the abstract idea) are "well-understood, routine and conventional." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354, 1356 (Fed. Cir. 2018) ("Relying on the specification alone may be appropriate where, as in *Mayo*, the specification *admits* as much."). Here, the claims are directed to the abstract idea of assigning VLAN ID numbers to network links. As detailed above, the patent and WSOU both admit that any claim limitations other than the abstract idea itself simply recite well-known, generic components used for their intended purpose. There are no factual disputes. *See USC IP Partnership, L.P. v. Facebook, Inc.*, 6:20-cv-555 (Dec. 20, 2021), D.I. 145 at 13-14 (finding conclusory allegations not backed by any concrete facts from the specification or the prior art did not save the claims from patent eligibility).

### V.     CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to hold that the Asserted Claims of the '888 patent are not patent-eligible under 35 U.S.C. § 101, and therefore grant judgment on the pleadings in Defendants' favor and dismiss the First Amended Complaint with prejudice.

Dated:  March 23, 2022

By:  */s/ Barry K. Shelton*

Barry K. Shelton
Texas State Bar No. 24055029
bshelton@winston.com
**WINSTON & STRAWN LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone:  214.453.6407
Facsimile:  214.453.6400

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 23, 2022, I caused the preceding document to be served on all counsel through the Court's ECF system.

*/s/ Barry K. Shelton*
Barry K. Shelton